IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 20-755-RGA |
| LIQUIDIA TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**

Defendant Liquidia Technologies, Inc. ("Liquidia" or "Defendant") hereby files its answer, defenses, and counterclaims ("Answer") to the Complaint filed by Plaintiff United Therapeutics Corporation ("UTC" or "Plaintiff"). Each of the paragraphs below corresponds to the same numbered paragraphs in the Complaint. In responding to the Complaint, Liquidia has kept Plaintiff's headings for ease of reference, but in so doing, Liquidia is not admitting to the accuracy of any statements made or agreeing with any characterizations made in such headings. Liquidia denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Liquidia further denies that Plaintiff is entitled to the relief requested in the Complaint, or to any other relief.

**NATURE OF THE ACTION**

1. Liquidia admits that the Complaint purports to assert a patent infringement action. Liquidia admits that U.S. Patent No. 9,593,066 (the "'066 patent") and U.S. Patent No. 9,604,901 (the "'901 patent") (collectively the "patents-in-suit") each bear the title "Process to Prepare Treprostinil, the Active Ingredient in Remodulin®". Liquidia admits that Exhibits A and B attached to the Complaint appear to be copies of the '066 and '901 patents. Liquidia is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1, and therefore denies them.

2.      Liquidia admits that it submitted New Drug Application No. 213005 under § 505(b)(2) of the Federal Food, Drug and Cosmetic Act ("Liquidia's NDA") to the United States Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use and/or sale of LIQ861 (treprostinil) inhalation powder (the "Liquidia Product" or "LIQ861 Product").  Liquidia denies the remaining allegations in paragraph 2.

## THE PARTIES

3.      Liquidia is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore denies them.

4.      Liquidia admits the allegations in paragraph 4.

5.      Liquidia admits that it purchases treprostinil from Yonsung Fine Chemicals Co., LTD.  Liquidia denies the remaining allegations in paragraph 5.

6.      Liquidia admits that the Liquidia Product delivers treprostinil through a dry powder inhaler ("DPI") that is manufactured by Plastiape SpA ("Plastiape").  Liquidia denies the remaining allegations in paragraph 6.

## JURISDICTION AND VENUE

7.      Liquidia admits that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a), provided that standing and other requirements are met. Liquidia denies that the Plaintiff's claims in its complaint have any merit or that Plaintiff is entitled to any relief.  Liquidia denies the remaining allegations in paragraph 7.

8.      Liquidia admits that venue is proper for purposes of this case.

9.      Liquidia admits that this Court has personal jurisdiction over Liquidia for purposes of this case.  Liquidia denies the remaining allegations in paragraph 9.

## BACKGROUND

10.     Liquidia admits that UTC is identified as the holder of New Drug Application No. 022387, which has been approved for TYVASO® (treprostinil) Inhalation Solution, 0.6 mg/ml. Liquidia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10, and therefore denies them.

11.     Liquidia admits that TYVASO® was approved by the FDA in the United States on July 20, 2009, and, according to the TYVASO® prescribing information, is indicated "for the treatment of pulmonary arterial hypertension (WHO Group I) in patients with NYHA Class III symptoms, to increase walk distance." Liquidia denies the remaining allegations in paragraph 11.

12.     Liquidia admits that TYVASO®, according to its prescribing information, is a sterile solution for oral inhalation: 2.9 mL ampule containing 1.74 mg treprostinil (0.6 mg per mL).

13.     Liquidia admits that the '066 patent is entitled "Process to prepare treprostinil, the active ingredient in Remodulin®," was issued by the United States Patent and Trademark Office on March 14, 2017, and names as inventors Hitesh Batra, Sudersan M. Tuladhar, Raju Penmasta, and David A. Walsh. Liquidia denies the remaining allegations in paragraph 13.

14.     Liquidia is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies them.

15.     Liquidia admits that the '901patent is entitled "Process to prepare treprostinil, the active ingredient in Remodulin®," was issued by the United States Patent and Trademark Office on March 28, 2017, and names as inventors Hitesh Batra, Sudersan M. Tuladhar, Raju Penmasta, and David A. Walsh. Liquidia denies the remaining allegations in paragraph 15.

16.     Liquidia is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies them.

17.     Liquidia admits that the '066 and '901 patents are listed in the Orange Book (FDA's

*Approved Drug Products with Therapeutic Equivalence Evaluations* publication) in connection with TYVASO®.  Liquidia denies the remaining allegations in paragraph 17.

## [ALLEGED] ACTS GIVING RISE TO THIS ACTION

18.     Liquidia admits that it notified UTC by letter dated April 24, 2020 ("Liquidia's Notice Letter") that it had submitted Liquidia's NDA to the FDA seeking approval to engage in the commercial manufacture, use and/or sale of the Liquidia Product.  Liquidia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18, and therefore denies them.

19.     Liquidia admits that its Notice Letter included a detailed statement of the present factual and legal basis that the claims of the '066 and/or '901 patents are invalid, unenforceable and/or are not, and will not, be infringed by the Liquidia Product.  Liquidia denies the remaining allegations in paragraph 19.

20.     Liquidia admits that it submitted its NDA to the FDA seeking approval to engage in the commercial manufacture, use and/or sale of the Liquidia Product.  Liquidia denies the remaining allegations of paragraph 20.

21.     Liquidia admits that UTC filed its Complaint on June 4, 2020.

22.     Liquidia admits that the Liquidia Product contains treprostinil.  Liquidia denies the remaining allegations in paragraph 22.

23.     Liquidia admits that its NDA seeks approval from the FDA to market Liquidia's Product for the treatment of pulmonary arterial hypertension (PAH) (WHO Group 1) to improve exercise ability in patients with NYHA Functional Class II-III symptoms.  Liquidia denies the remaining allegations in paragraph 23.

24.     Liquidia admits that it filed its NDA, which is in compliance with all relevant statutory sections.  Liquidia denies the remaining allegations in paragraph 24.

25.     Liquidia admits that it submitted its NDA to the FDA seeking approval to engage in the commercial manufacture, use and/or sale of the Liquidia Product.  Liquidia denies the remaining allegations in paragraph 25.

26.     Liquidia admits that its NDA contains Paragraph IV Certifications that the '066 patent and '901 patent are not infringed by Liquidia's Proposed Product and/or are invalid and/or unenforceable.

27.     Liquidia admits that its Notice Letter refers to 21 U.S.C. § 355(b)(3)(D)(ii) and 21 C.F.R. § 314.52(c)(6).

28.     Liquidia admits that its Notice Letter contained an Offer of Confidential Access Pursuant to 21 U.S.C. § 355(c)(3)(D)(i)(III) ("OCA").  Liquidia further admits that Liquidia negotiated the terms of confidential access in good faith in order to permit UTC access to information contained within Liquidia's NDA.  Liquidia denies the remaining allegations in paragraph 28.

29.     Liquidia admits that 21 U.S.C. § 355(c)(3)(D)(i)(III) states an "offer of confidential access shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information."

30.     Liquidia admits that it attempted to negotiate the terms of its OCA with UTC.  Liquidia's OCA contained provisions that would apply to protective orders.  For example, Liquidia's OCA contained reasonable access restrictions on attorneys representing UTC and in-house counsel and the staff of such counsel that were present in the protective order entered into by UTC in *United Therapeutics Corp. v. Watson Labs., Inc.*, No. 3:15-cv-05723-PGS-LHG, Dkt. No. 36 at 6-7 (D.N.J. Jan. 13, 2016), which is a prior litigation concerning TYVASO®.  Liquidia

admits that UTC unilaterally rejected Liquidia's OCA.  Liquidia denies the remaining allegations in paragraph 30.

31.     Liquidia is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, and therefore denies them.

### COUNT 1: [ALLEGED] INFRINGEMENT OF THE '066 PATENT
### UNDER 35 U.S.C. § 271(e)

32.     Liquidia incorporates by reference its responses to Paragraphs 1 through 31 of the Complaint.

33.     Liquidia denies the allegations of paragraph 33.

34.     Liquidia admits that Liquidia's NDA included a Paragraph IV certification with respect to the '066 patent.

35.     Liquidia denies the allegations of paragraph 35.

36.     Liquidia denies the allegations of paragraph 36.

37.     Liquidia denies the allegations of paragraph 37.

38.     Liquidia denies the allegations of paragraph 38.

### COUNT 2: [ALLEGED] INFRINGEMENT OF THE '066 PATENT
### UNDER 35 U.S.C. §§ 271(a)-(c) and (g)

39.     Liquidia incorporates by reference its responses to Paragraphs 1 through 38 of the Complaint.

40.     Liquidia denies the allegations of paragraph 40.

41.     Liquidia denies the allegations of paragraph 41.

42.     Liquidia denies the allegations of paragraph 42.

43.     Liquidia denies the allegations of paragraph 43.

44.     Liquidia denies the allegations of paragraph 44.

45.     Liquidia denies the allegations of paragraph 45.

46.     Liquidia denies the allegations of paragraph 46.

47.     Liquidia denies the allegations of paragraph 47.

48.     Liquidia denies the allegations of paragraph 48.

### COUNT 3: [ALLEGED] INFRINGEMENT OF THE '901 PATENT
### UNDER 35 U.S.C. § 271(e)

49.     Liquidia incorporates by reference its responses to Paragraphs 1 through 48 of the Complaint.

50.     Liquidia denies the allegations of paragraph 50.

51.     Liquidia admits that Liquidia's NDA included a Paragraph IV certification with respect to the '901 patent.

52.     Liquidia denies the allegations of paragraph 52.

53.     Liquidia denies the allegations of paragraph 53.

54.     Liquidia denies the allegations of paragraph 54.

55.     Liquidia denies the allegations of paragraph 55.

### COUNT 4: [ALLEGED] INFRINGEMENT OF THE '901 PATENT
### UNDER 35 U.S.C. §§ 271(a)-(c) and (g)

56.     Liquidia incorporates by reference its responses to Paragraphs 1 through 55 of the Complaint.

57.     Liquidia denies the allegations of paragraph 57.

58.     Liquidia denies the allegations of paragraph 58.

59.     Liquidia denies the allegations of paragraph 59.

60.     Liquidia denies the allegations of paragraph 60.

61.     Liquidia denies the allegations of paragraph 61.

62.     Liquidia denies any allegations of infringement of an unidentified and unasserted "'507 patent" recited in paragraph 62.  Liquidia also denies the remaining allegations of paragraph

62.

63.     Liquidia denies the allegations of paragraph 63.

64.     Liquidia denies the allegations of paragraph 64.

65.     Liquidia denies the allegations of paragraph 65.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Liquidia incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein.  Liquidia denies any and all allegations of patent infringement alleged in the Complaint.  Liquidia denies all allegations that Plaintiff is entitled to any relief requested in paragraphs 1 – 7 of the Complaint's Prayer for Relief, or any other relief.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens of proof, Liquidia asserts the following defenses to the Complaint and reserves its rights to assert additional defenses.

## FIRST DEFENSE – FAILURE TO STATE A CLAIM

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE – NON-INFRINGEMENT

Liquidia does not infringe, has not infringed and will not infringe, directly or indirectly, any valid claim of the '066 and '901 patents.

## THIRD DEFENSE – INVALIDITY

One or more claims of the '066 and '901 patents are invalid for failure to satisfy the conditions of patentability in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to §§ 101, 102, 103, and/or 112.  For example: (1) all of the '066 patent claims are invalid under §§ 102 and/or 103 at least over prior art PCT Application No. WO2005/007081 ("Phares"), alone or in combination with the 2004 Journal of Organic Chemistry article entitled "The Intramolecular

Asymmetric Pauson-Khand Cyclization as a Novel and General Stereoselective Route to Benzindene Prostacyclins: Synthesis of UT-15 (Treprostinil)" by R.M. Moriarty, et al. ("Moriarty"); (2) all of the '901 patent claims are invalid under § 103 at least over prior art Phares, alone or in combination with Moriarty; (3) claims 1-7 of the '066 patent are invalid under § 112 as indefinite and lacking written description and enablement support at least with respect to "impurities resulting from prior alkylation and hydrolysis steps," and at least with respect to "whereby the level of one or more impurities found in the starting batch of trepostinil is lower in the pharmaceutical composition;" (4) at least claim 3 of the '066 patent is invalid under § 112 as indefinite and lacking written description and enablement support for reciting only *sodium*, *potassium*, and *calcium*, when sodium, potassium, and calcium on their own are not bases and are instead counterions that result from treatment of the treprostinil acid with the corresponding bases; and (5) all clams of the '901 patent are invalid under § 112 as indefinite and lacking written description and enablement support at least with respect to the pharmaceutical batch consisting of "impurities."

### FOURTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

Plaintiff's claims are barred or limited from recovery, in whole or in part, by the doctrine of prosecution history estoppel.

### RESERVATION OF RIGHTS

Liquidia hereby reserves the right to amend its Answer and reserves all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and other defenses, at law or in equity, which become applicable after the substantial completion of discovery or otherwise in the course of litigation.

### LIQUIDIA'S COUNTERCLAIMS

For its counterclaims against Plaintiff United Therapeutics Corporation ("UTC"),

Counterclaim Plaintiff Liquidia Technologies, Inc. ("Liquidia") alleges as follows:

## PARTIES

1.      Liquidia is a biopharmaceutical company focused on the development and commercialization of innovative therapeutics using its proprietary PRINT® technology to transform the lives of patients.

2.      Liquidia's proposed LIQ861 product, a dry powder formulation of treprostinil was designed using Liquidia's proprietary PRINT® technology to enhance deep-lung delivery using a convenient, palm-sized, disposable dry powder inhaler (DPI) for the treatment of pulmonary arterial hypertension (PAH). Liquidia's proprietary PRINT® technology allows for LIQ861 particles of a precise size and highly uniform shape.

3.      LIQ861 has the potential to maximize the therapeutic benefits of treprostinil in treating PAH by safely delivering higher doses into the lungs compared to currently approved conventional inhaled therapies, including TYVASO®.  LIQ861 is also more convenient to use than currently approved inhaled therapies, including TYVASO® as LIQ861 is more conveniently administered and contained in a small carrying pouch as opposed to a nebulizer.

4.      Liquidia's clinical trials of the LIQ861 product showed safe dosing of treprostinil to more than twice the maximum recommended dosage of TYVASO®, thereby providing physicians a broader dosing range to treat toward symptom relief with fewer tolerance issues than with TYVASO®, while also providing patients a more convenient treatment option, if approved. As a result of Liquidia's investment into the development of novel treatments for PAH, resulting in LIQ861, Liquidia filed New Drug Application No. 213005 under § 505(b)(2) of the Federal Food, Drug, and Cosmetic Act ("Liquidia's NDA").

5.      Liquidia is a corporation organized and existing under the laws of the State of

Delaware, with a principal place of business at 419 Davis Drive, Suite 100, Morrisville, NC 27560.

6.      Upon information and belief based solely on paragraph 3 of the Complaint, UTC is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 1040 Spring Street, Silver Spring, Maryland 20910.

## JURISDICTION

7.      Liquidia incorporates by reference paragraphs 1-6 of its Counterclaims above.

8.      These counterclaims arise under the patent laws of the United States, Title 35, United States Code.  The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

9.      UTC has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

10.     Based solely on the filing of this action, venue is proper in this District pursuant to at least 28 U.S.C. § 1400(b).

## COUNT I – DECLARATION OF INVALIDITY OF THE '066 PATENT

11.     Liquidia incorporates by reference paragraphs 1-10 of its Counterclaims above.

12.     UTC alleges ownership of U.S. Patent No. 9,593,066 (the '066 patent") and has brought claims against Liquidia alleging infringement of the '066 patent including under 35 U.S.C. § 271(e) based upon the submission of Liquidia's NDA to the United States Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use and/or sale of LIQ861 (treprostinil) inhalation powder (the "Liquidia Product" or "LIQ861 Product").

13.     Based on the filing of UTC's Complaint for patent infringement, an actual controversy has arisen and now exists between the parties as to the validity the '066 patent.

14.     All asserted claims of the '066 patent are invalid for failure to satisfy the conditions of patentability in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to §§ 101, 102, 103, and/or

112.

15.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Liquidia requests a declaration by the Court that the claims of the '066 patent are invalid for failure to comply with one or more of the conditions of patentability in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to §§ 101, 102, 103, and/or 112.

### COUNT II – DECLARATION OF NON-INFRINGEMENT OF THE '066 PATENT

16.     Liquidia incorporates by reference paragraphs 1-15 of its Counterclaims above.

17.     UTC alleges ownership of the '066 patent and has brought claims against Liquidia alleging infringement of the '066 patent including under 35 U.S.C. § 271(e) based upon the submission of Liquidia's NDA to the FDA seeking approval to engage in the commercial manufacture, use and/or sale of the Liquidia Product.

18.     Based on the filing of UTC's Complaint for patent infringement, an actual controversy has arisen and now exists between the parties as to whether the manufacture, use, or sale of the Liquidia Product would infringe any valid and enforceable claim of the '066 patent.

19.     The manufacture, use, or sale of the Liquidia Product would not infringe any valid and enforceable claim of the '066 patent, either directly or indirectly.

20.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Liquidia requests a declaration by the Court that the manufacture, use, or sale of the Liquidia Product would not infringe any valid and enforceable claim of the '066 patent.

### COUNT III – DECLARATION OF INVALIDITY OF THE '901 PATENT

21.     Liquidia incorporates by reference paragraphs 1-20 of its Counterclaims above.

22.     UTC alleges ownership of U.S. Patent No. 9,604,901 ("the '901 patent") and has brought claims against Liquidia alleging infringement of the '901 patent including under 35 U.S.C. § 271(e) based upon the submission of Liquidia's NDA to the FDA seeking approval to engage in

the commercial manufacture, use and/or sale of the Liquidia Product.

23.     Based on the filing of UTC's Complaint for patent infringement, an actual controversy has arisen and now exists between the parties as to the validity of the '901 patent.

24.     All asserted claims of the '901 patent are invalid for failure to satisfy the conditions of patentability in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to §§ 101, 102, 103, and/or 112.

25.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Liquidia requests a declaration by the Court that the claims of the '901 patent are invalid for failure to comply with one or more of the conditions of patentability in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to §§ 101, 102, 103, and/or 112.

### COUNT IV – DECLARATION OF NON-INFRINGEMENT OF THE '901 PATENT

26.     Liquidia incorporates by reference paragraphs 1-25 of its Counterclaims above.

27.     UTC alleges ownership of the '901 patent and has brought claims against Liquidia alleging infringement of the '901 patent including under 35 U.S.C. § 271(e) based upon the submission of Liquidia's NDA to the FDA seeking approval to engage in the commercial manufacture, use and/or sale of the Liquidia Product..

28.     Based on the filing of UTC's Complaint for patent infringement, an actual controversy has arisen and now exists between the parties as to whether the manufacture, use, or sale of the Liquidia Product would infringe any valid and enforceable claim of the '901 patent.

29.     The manufacture, use, or sale of the Liquidia Product would not infringe any valid and enforceable claim of the '901 patent, either directly or indirectly.

30.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Liquidia requests a declaration by the Court that the manufacture, use, or sale of the Liquidia Product would not infringe any valid and enforceable claim of the '901 patent.

## COUNT V – IMPROPER PATENT LISTING OF THE '066 PATENT

31.     Liquidia incorporates by reference paragraphs 1-30 of its Counterclaims above.

32.     Upon information and belief, UTC, as the holder of New Drug Application No. 022387, caused the '066 patent to be listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations publication ("Orange Book") for TYVASO® Treprostinil Inhalation Solution 0.6mg/ml.

33.     The Orange Book is a publication disseminated by the FDA containing, inter alia, a listing of patents that purportedly claim drug products that have been approved for use by the FDA.

34.     At the time it submitted its NDA seeking approval to market the Liquidia Product, Liquidia was required by statute to submit a certification as to the '066 patent because it is listed in the Orange Book for drug substance TYVASO® Treprostinil Inhalation Solution 0.6mg/ml.

35.     Liquidia submitted a Paragraph IV certification with respect to the '066 patent under 21 U.S.C. § 355(b)(2) as part of its NDA, because Liquidia believes that the Liquidia Product would not infringe the '066 patent and/or that the '066 patent is invalid and/or unenforceable.

36.     Liquidia was required to provide UTC with notice that it had filed its NDA with a Paragraph IV certification as to the '066 patent.

37.     After receiving that notice, UTC instituted this action, suing Liquidia for alleged infringement of the '066 patent.

38.     Because UTC has instituted this action for alleged infringement of patents listed in the Orange Book, FDA approval of Liquidia's NDA is stayed for the shorter of 30 months from the date UTC received notice of Liquidia's Paragraph IV certification or the dismissal of this case.

39.     Pursuant to 21 C.F.R. § 314.53(b)(1), a patent containing only process claims may not be listed in the Orange Book.

40.     Pursuant to 21 C.F.R. § 314.53(c)(2)(i)(L) and 21 C.F.R. § 314.53(c)(2)(ii)(M), a patent containing only product-by-process claims or a combination of process and product-by-process claims may only be listed in the Orange Book if one or more of the products claimed in the product-by-process claims is novel.

41.     Upon information and belief, UTC certified to the FDA that the '066 patent is a product-by-process patent, and that the product claimed in the '066 patent is novel, resulting in the listing of the '066 patent in the Orange Book.

42.     The claims of the '066 patent are all process or product-by-process claims.  Claims 1 and 8 of the '066 patent are independent claims.  Claims 8 and 10 of the '066 patent are process claims.  The remaining eight claims of the '066 patent are product-by-process claims.

43.     Claim 1 of the '066 patent recites "[a] pharmaceutical composition comprising treprostinil or a pharmaceutically acceptable salt thereof, said composition prepared by a process comprising" several steps.

44.     Claim 8 of the '066 patent recites "[a] process of preparing a pharmaceutical product comprising treprostinil or a pharmaceutically acceptable salt thereof."

45.     PCT Application No. WO2005/007081 ("Phares") is titled "Compounds and Methods for Delivery of Prostacyclin Analogs."  The named inventors are Ken Phares and David Mottola.  Phares was published January 27, 2005, more than two years before the earliest U.S. application to which the '066 patent can claim priority.  Phares describes "compounds and methods for inducing prostacyclin-like effects in a subject or patient," including treprostinil and derivatives thereof.

46.     The article titled "The Intramolecular Asymmetric Pauson-Khand Cyclization as a Novel and General Stereoselective Route to Benzindene Prostacyclins: Synthesis of UT-15

(Treprostinil)" was authored by R.M. Moriarty, et al. ("Moriarty"). It was published in 2004 in the Journal of Organic Chemistry, Volume 69, No. 6, pp. 1890-1902, more than two years before the earliest U.S. application to which the '066 patent can claim priority.

47.     The product of the '066 patent is not novel because a pharmaceutical batch comprising treprostinil as claimed in the '066 patent was disclosed in the prior art, including Phares and Moriarty.

48.     UTC listed the '066 patent in the Orange Book on March 14, 2017. On March 31, 2017, UTC was made aware that the product claimed in the '066 patent was not novel, as the Patent Trial and Appeal Board issued its Final Written Decision in IPR2016-00006 involving UTC's U.S. Patent No. 8,497,393, finding that the product claimed in the '393 patent was not novel over the prior art. That decision was affirmed by the Federal Circuit. The '393 and '066 patents share the same specifications and disclose and claim the same product.

49.     UTC improperly listed the '066 patent in the Orange Book for TYVASO® because the '066 patent only consists of process claims and product-by-process claims directed to a non-novel product.

50.     UTC has knowingly maintained the improper listing of the '066 patent in the Orange Book.

51.     FDA approval of the Liquidia Product should not be delayed as a result of the improper listing of the '066 patent.

52.     Pursuant to 21 U.S.C. § 355(j)(5)(C)(ii), UTC should be ordered to delete or delist the '066 patent from the Orange Book's listing for TYVASO®.

## COUNT VI – IMPROPER PATENT LISTING OF THE '901 PATENT

53.     Liquidia incorporates by reference paragraphs 1-52 of its Counterclaims above.

54.     Upon information and belief, UTC, as the holder of New Drug Application No.

022387, caused the '901 patent to be listed in the Orange Book for TYVASO® Treprostinil Inhalation Solution 0.6mg/ml.

55.     The Orange Book is a publication disseminated by the FDA containing, inter alia, a listing of patents that purportedly claim drug products that have been approved for use by the FDA.

56.     At the time it submitted its NDA seeking approval to market the Liquidia Product, Liquidia was required by statute to submit a certification as to the '901 patent because it is listed in the Orange Book for drug substance TYVASO® Treprostinil Inhalation Solution 0.6mg/ml.

57.     Liquidia submitted a Paragraph IV certification with respect to the '901 patent under 21 U.S.C. § 355(b)(2) as part of its NDA, because Liquidia believes the Liquidia Product would not infringe the '901 patent and/or that the '901 patent is invalid and/or unenforceable.

58.     Liquidia was required to provide UTC with notice that it had filed its NDA with a Paragraph IV certification as to the '901 patent.

59.     Upon receiving that notice, UTC instituted this action, suing Liquidia for alleged infringement of the '901 patent.

60.     Pursuant to 21 C.F.R. § 314.53(b)(1), a patent containing only process claims may not be listed in the Orange Book.

61.     Pursuant to 21 C.F.R. § 314.53(c)(2)(i)(L) and 21 C.F.R. § 314.53(c)(2)(ii)(M), a patent containing only product-by-process claims or a combination of process and product-by-process claims may only be listed in the Orange Book if one or more of the products claimed in the product-by-process claims is novel.

62.     Upon information and belief, UTC certified to the FDA that the '901 patent is a product-by-process patent, and that the product claimed in the '901 patent is novel, resulting in the

'901 patent being listed in the Orange Book.

63.     The claims of the '901 patent are all process or product-by-process claims.  Claim 1 is the sole independent claim.  Claims 1, 2, 3, 4, and 5 of the '901 patent are product-by-process claims.  Claims 6, 7, 8 and 9 of the '901 patent are process claims.

64.     Claim 1 of the '901 patent recites "[a] A pharmaceutical batch consisting of treprostinil or a salt thereof and impurities resulting from" several process steps of "(a) alkylating a benzindene triol, (b) hydrolyzing the product of step (a) to form a solution comprising treprostinil, (c) containing the solution comprising treprostinil from step (b) with a base to form a salt of treprostinil, (d) isolating the salt of treprostinil, and (e) optionally reacting the salt of treprostinil with an acid to form treprostinil."  Claims 2, 3, 4, and 5 recite products that depend from claim 1.

65.     Claims 6 and 8 of the '901 patent recite "[a] method of preparing a pharmaceutical product from a pharmaceutical batch as claimed in claim 1" and "[a] method of preparing a pharmaceutical batch as claimed in claim 1." Claims 7 and 9 depend from claims 6 and 8, respectively.

66.     PCT Application No. WO2005/007081 ("Phares") is titled "Compounds and Methods for Delivery of Prostacyclin Analogs."  The named inventors are Ken Phares and David Mottola.  Phares was published January 27, 2005, more than two years before the earliest U.S. application to which the '901 patent can claim priority.  Phares describes "compounds and methods for inducing prostacyclin-like effects in a subject or patient," including treprostinil and derivatives thereof.

67.     The article titled "The Intramolecular Asymmetric Pauson-Khand Cyclization as a Novel and General Stereoselective Route to Benzindene Prostacyclins: Synthesis of UT-15

(Treprostinil)" was authored by R.M. Moriarty, et al. ("Moriarty"). It was published in 2004 in the Journal of Organic Chemistry, Volume 69, No. 6, pp. 1890-1902, more than two years before the earliest U.S. application to which the '901 patent can claim priority.

68.     The product of the '901 patent is not novel because a pharmaceutical batch consisting of treprostinil as claimed in the '901 patent was disclosed in the prior art, including Phares and Moriarty.

69.     UTC listed the '901 patent in the Orange Book on March 28, 2017. On March 31, 2017, UTC was made aware that the product claimed in the '901 patent was not novel, as the Patent Trial and Appeal Board issued its Final Written Decision in IPR2016-00006 involving UTC's U.S. Patent No. 8,497,393, finding that the product claimed in the '393 patent was not novel over the prior art. That decision was affirmed by the Federal Circuit. The '393 and '901 patents share the same specifications and disclose and claim the same product.

70.     UTC improperly listed the '901 patent in the Orange Book for TYVASO® because the '901 patent only consists of process claims and product-by-process claims directed to a non-novel product.

71.     UTC has knowingly maintained the improper listing of the '901 patent in the Orange Book.

72.     FDA approval of the Liquidia Product should not be delayed as a result of the improper listing of the '901 patent.

73.     Pursuant to 21 U.S.C. § 355(j)(5)(C)(ii), UTC should be ordered to delete or delist the '901 patent from the Orange Book's listing for TYVASO®.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Liquidia prays that this Court grant the following relief:

- 19 -

A.    A judgment dismissing UTC's Complaint, in its entirety, with prejudice;

B.    A judgment declaring that all asserted claims of the '066 and '901 patents are invalid;

C.    A judgment declaring that the Liquidia Product has not directly or indirectly infringed, and is not now directly or indirectly infringing, any valid and enforceable claim of the '066 and '901 patents under any subsection of 35 U.S.C. § 271;

D.    An order directing UTC to delete or delist the '066 and '901 patents from the Orange Book;

E.    An order enjoining UTC, their officers, agents, servant, employees, attorneys, and representatives and any successors and assigns thereof, from charging or asserting infringement of any claim of the '066 and '901 patents against Liquidia, or anyone in privy with Liquidia;

F.    A judgment declaring that this case stands out from others and as such is an exceptional case pursuant to 35 U.S.C. § 285 and ordering UTC to pay Liquidia's costs and reasonable attorneys' fees incurred in this action;

G.    An award of costs and expense in this action to Liquidia; and

H.    Such further and other relief as the Court deems just and proper.

/s/ Karen E. Keller
Karen E. Keller (No. 4489)
Jeff Castellano (No. 4837)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
jcastellano@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant Liquidia*
*Technologies, Inc*

OF COUNSEL:
Sanya Sukduang
Jonathan Davies
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
(202) 842-7800

Erik Milch
COOLEY LLP
11951 Freedom Drive
14th Floor
Reston, VA 20190-5640
(703) 546-8000

Ivor Elrifi
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
(212) 479-6000

Lauren Krickl
Deepa Kannappan
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5000

Dated: July 16, 2020