IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>LIQUIDIA TECHNOLOGIES, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 20-755 (RGA)<br>)<br>)<br>)<br>)<br>) |

**SCHEDULING ORDER**

This __ day of _____, 2020, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.  Rule 26(a)(l) Initial Disclosures. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) on or before **August 14, 2020**.

2.  Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **June 4, 2021**.

3.  Discovery.

    a.  Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before **September 17, 2021**.

    b.  Document production. Document production shall be substantially complete by **[Plaintiff's Position: July 9, 2021]**; **[Defendants' Position: June 4, 2021**. Plaintiff previously litigated Hatch-Waxman cases concerning TYVASO®, and thus Defendant believes

1

Plaintiff has already collected, reviewed, and produced a significant amount of the relevant documents.**]**

      c.    <u>Requests for Admission</u>. A maximum of 40 requests for admission are permitted for each side. These limitations do not apply to requests for admission directed to the authentication of documents under Federal Rule of Evidence 901 or the business record exception under Federal Rule of Evidence 803(6), subject to objections to undue burden.

      d.    <u>Interrogatories</u>.  A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

      e.    <u>Depositions</u>.

          i.    <u>Limitation on Hours for Deposition Discovery of Fact Witnesses</u>. Each side is limited to a total of 100 hours of taking testimony by deposition upon oral examination. Individual depositions, including Rule 30(b)(6) depositions, are limited to seven (7) hours.  **[Defendant's Position:** With respect to inventor depositions: Defendant's request up to nine (9) hours of deposition time for named inventors, as such individuals likely possession relevant information beyond their participation in the inventorship of the asserted claims.**]** For clarity, the hours limitations described in this paragraph do not apply to expert witnesses.

          ii.    <u>Location of Depositions</u>. Any party or representative (officer, director, managing agent, or 30(b)(6) designee) of a party filing a civil action in this district must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court or by agreement of the parties.  A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purposes of this provision.

      iii.  <u>Remote Depositions</u>. Should it become infeasible to conduct in-person depositions of a fact or expert witness due to safety, personal health, and/or public health concerns, (e.g., as resulting from a pandemic or other such emergency), the party offering the witness for deposition shall make the witness available for remote deposition via videoconference. The parties shall meet and confer 30 days in advance of, or as soon as possible following notice of, any remote deposition to determine the procedures by which the deposition shall be conducted.

    f.  <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

      g.    <u>Miscellaneous Discovery Matters</u>.

          i.    Unless otherwise agreed to by the parties or as set forth herein, the parties agree to follow the Court's Default Standard. The parties agree to the timetable for initial patent disclosures as set forth in the chart attached as **Exhibit A**

          ii.    The parties agree to modify the Default Standard such that: Paragraph 3 disclosures will be due on **August 31, 2020**; Paragraph 4(a) obligations will be due on **August 31, 2020**; Paragraph 4(b) obligations concerning the production of Defendant's core technical documents will be due on **September 11, 2020**; Paragraph 4(c) obligations will be due on **October 16, 2020**; and Paragraph 4(d) obligations will be due on **November 13, 2020**.

          iii.    The parties agree to reasonably cooperate to arrive at an agreed upon list of metadata fields, not to exceed the list of fields identified in Paragraph 5(e).

          iv.    On March 30, 2020, Liquidia filed petitions to institute *Inter Partes* Review proceedings with respect to both U.S. Patent No. 9,593,066, and U.S. Patent No. 9,604,901. Plaintiff does not yet have a comprehensive understanding of Defendant's accused NDA product, and therefore cannot advise whether it expects to institute any further litigation within the next year. As Plaintiff's U.S. Patent No. 10,716,793 issued on July 21, 2020, Defendant does not yet have a comprehensive understanding of Plaintiff's claims regarding the '793 patent, and therefore cannot advise whether it expects to file any further *Inter Partes* Review proceedings concerning the '793 patent within the next year.

      v.      <u>Narrowing of the Asserted Claims and Prior Art References</u>.  The parties shall meet and confer regarding asserted claims and prior art narrowing, including limits on the number of Plaintiff's asserted claims and Defendant's asserted prior art references or combinations and any other relevant issue. The parties shall raise any unresolved issues with the Court pursuant to the provisions of Paragraph 3(f), above, so as to be resolved sufficiently ahead of each deadline set forth below.

      vi.      Within twenty-one days of the Court's Order on claim construction, or if no claim construction is requested, on **July 1, 2021**, Plaintiff shall serve an election of asserted claims, not to exceed a limit agreed upon by the parties or ordered by the Court.

      vii.      Prior Settlement Agreements

**[Plaintiff's Position:** There is no good reason to include this provision in this Hatch-Waxman case where there is no damages claim.**]**

**[Defendant's Position:** Defendant's request the following provision be included in the Schedule as Plaintiff has previously litigated Hatch-Waxman cases concerning TYVASO® and such agreements are relevant to entering good faith negotiations whether settlement or ADR as outlined in Paragraph 16, below.

If one or more of the patents-in-suit have already been licensed or the subject of a settlement agreement, either (1) Plaintiff shall provide the licenses and/or settlement agreements to Defendant no later than the time of the initial Rule 16(b) scheduling conference, or (2) if Plaintiff requires a Court Order to make such disclosures, Plaintiff shall file any necessary

5

proposed orders no later than twenty-four hours before the initial Rule 16(b) scheduling conference. **[Plaintiff shall represent in the scheduling order that it is complying or has complied with this requirement.]]**

4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in paragraph 6. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. <u>Claim Construction Issue Identification</u>. On or before **December 4, 2020**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction; on or before **December 18, 2020**, the parties shall exchange their proposed claim construction of those term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to exchanging those lists, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **January 8, 2021**. The Joint Claim Construction Chart, in Word format shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. <u>Claim Construction Briefing</u>.[1] Plaintiff shall serve, but not file, its opening brief, not to exceed 5,000 words, on **February 5, 2021**. Defendant shall serve, but not file, its answering brief, not to exceed 7,500 words, on **March 5, 2021**. Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words, on **April 2, 2021**. Defendant shall serve, but not file its sur-reply brief, not to exceed 2,500 words, on **April 23, 2021**. No later than **April 30, 2021**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their

---

[1] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendant want to add additional representative claims, Defendant may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

7

unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

    I. Representative Claims

    II. Agreed-upon Constructions

    III. Disputed Constructions

    A. [TERM 1]

        1. Plaintiff's Opening Position

        2. Defendant's Answering Position

        3. Plaintiff's Reply Position

        4. Defendant's Sur-Reply Position

    B. [TERM 2]

        1. Plaintiff's Opening Position

        2. Defendant's Answering Position

        3. Plaintiff's Reply Position

        4. Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

    9.    <u>Hearing on Claim Construction</u>. Beginning at <u>    **a.m. on June**   **, 2021**</u>, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the

argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

      10. <u>Disclosure of Expert Testimony</u>.

          a. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **October 15, 2021**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **November 12, 2021**. Reply expert reports from the party with the initial burden of proof are due on or before **December 10, 2021**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

    Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **January 14, 2021**.

          b. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made in the

parties' pre-trial submissions. The parties will meet and confer within 5 days of the close of expert discovery to address *Daubert* issues, if any, and proposed letter briefing schedule. The *Daubert* request and any response shall contain the authorities relied upon; each *Daubert* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *Daubert* request may add a maximum of one additional page in reply in support of its request.

11.  Case Dispositive Motions. No case dispositive motions shall be filed without leave of Court. The parties may file a request for leave of the Court to file any case dispositive motion(s) under Rule 56 no later than **November 2**, **2021**.

12.  Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13.  Pretrial Conference. On **March      , 2022**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at **     a.m**. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14.  Motions *in Limine*. Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. The parties will meet and confer within 5 days of the close of expert discovery to address *in limine* issues, if any, and proposed letter briefing schedule. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited

to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. Trial. This matter is scheduled for a three-day bench trial with trial days from 8:30 to 5:00, commencing on **[Plaintiff's Position: April __, 2022]; [Defendant's Position: March __, 2022]**, subject to the Court's availability. The trial will be timed, as counsel will be allocated a total of ten and one half (10½) hours in which to present their respective cases.

16. ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution. This matter is referred to a magistrate judge to handle all discovery disputes including any that arise in connection with expert reports.

17. Electronic Service. Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), the parties agree to accept service by electronic means.

_____
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

| EVENT | PROPOSED SCHEDULE (DISPUTES IDENTIFIED) |
|---|---|
| Rule 26(a)(l) Initial Disclosures | August 14, 2020 |
| Deadline for Plaintiff's'' identification of the accused product(s), patents-in-suit, and production of file history of each patent-in-suit pursuant to Delaware Default Standard for Discovery Paragraph 4(a) | August 31, 2020 |
| Deadline to submit Protective Order | Within 10 days of the date the Court enters this Order |
| Deadline for initial disclosures pursuant to Delaware Default Standard for Discovery Paragraph 3 | August 31, 2020 |
| Deadline for production of Defendant's core technical documents pursuant to Delaware Default Standard for Discovery Paragraph 4(b) | September 11, 2020 |
| Deadline for Plaintiff's disclosure of asserted claims and initial infringement contentions pursuant to Delaware Default Standard for Discovery Paragraph 4(c) | October 16, 2020 |
| Deadline for Defendant's initial invalidity contentions and production of invalidity references pursuant to Delaware Default Standard for Discovery Paragraph 4(d) | November 13, 2020 |
| Deadline to simultaneously exchange a list of claim term(s)/phrase(s) for construction | December 4, 2020 |
| Deadline to simultaneously exchange proposed constructions of identified term(s)/phrase(s) | December 18, 2020 |
| Deadline to submit Joint Claim Construction Chart | January 8, 2021 |
| Deadline to serve Plaintiff's Opening Claim Construction Brief | February 5, 2021 |
| Deadline to serve Defendant's Answering Claim Construction Brief | March 5, 2021 |
| Deadline to serve Plaintiff's Reply | April 2, 2021 |

| | |
|---|---|
| Claim Construction Brief | |
| Deadline to serve Defendant's Sur-Reply Claim Construction Brief | April 23, 2021 |
| Deadline to file Joint Claim Construction Brief | April 30, 2021 |
| Substantial Completion of Document Production | Plaintiff's Position: July 9, 2021<br>Defendant's Position: June 4, 2021 |
| Claim Construction Hearing | June __, 2021 |
| Plaintiff to serve Election of Asserted Claims, not to exceed a limit agreed upon by the parties or ordered by the Court | Within twenty-one (21) days of the Court's order on claim construction, or if no claim construction is requested, on July 1, 2021 |
| Deadline for joinder of other parties and amendment of pleadings | June 4, 2021 |
| Deadline for completion of fact discovery | September 17, 2021 |
| Deadline for disclosure of expert testimony for the party who has the initial burden of proof on the subject matter | October 15, 2021 |
| Deadline for supplemental disclosure to contradict or rebut evidence on the same matter identified by another party (Responsive expert reports) | November 12, 2021 |
| Deadline for reply expert reports from the party with the initial burden of proof | December 10, 2021 |
| Deadline for parties to request leave of Court to file summary judgment motion(s) under Rule 56 | Defendant's Position: November 2, 2021 |
| Deadline for completion of expert discovery | January 14, 2022 |
| Joint Proposed Final Pre-Trial Order | No later than 5 p.m. on the fourth business day before the date of the final pretrial conference |
| Pretrial Conference | March/April 2022 |
| Trial | Plaintiff's Position: April 2022 subject to the Court's availability<br>Defendant's Position: March 2022 subject to the Court's availability |
| Expiration of 30-Month Stay | October 24, 2022 |