IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED THERAPEUTICS                )
CORPORATION,                       )
                                   )
                Plaintiff,          )
                                   )
        v.                          )    C.A. No. 20-755 (RGA)
                                   )
LIQUIDIA TECHNOLOGIES, INC.,        )
                                   )
                Defendant.          )


**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

Morris, Nichols, Arsht & Tunnell LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

*Attorneys for Plaintiff United Therapeutics
Corporation*

OF COUNSEL:

Douglas H. Carsten
Joshua Mack
Wilson Sonsini Goodrich & Rosati
12235 El Camino Real
San Diego, CA  92130
(858) 305-2300

Adam W. Burrowbridge
Wilson Sonsini Goodrich & Rosati
1700 K Street NW, Fifth Floor
Washington, DC  20006
(202) 973-8800

William C. Jackson
Boies Schiller Flexner LLP
1401 New York Avenue NW
Washington, DC  20005
(202) 237-2727

September 16, 2020

## TABLE OF CONTENTS

**Page**

I.  Introduction ............................................................................................................. 1

II.  The Motion Is Procedurally Proper ........................................................................ 2

    A.  Rule 12(b) Permits The Requested Relief .................................................... 2

    B.  The Motion Clearly Identifies The Requested Relief .................................... 3

    C.  The Result Is The Same Whether Under Rule 12(b)(6) Or 12(f) ................... 3

III.  Liquidia Was In Privity With Dr. Roscigno At The Relevant Time ...................... 4

    A.  Assignor Estoppel Requires Balancing Equities, Not A Rigid Analysis ............... 4

    B.  Dr. Roscigno Was In Privity With Liquidia When LIQ861 Was Developed ......... 6

    C.  The Balance Of The Equities Favors Application Of Assignor Estoppel ............. 8

IV.  Conclusion ............................................................................................................ 10

# TABLE OF AUTHORITIES

**Pages**

## CASES

*Acushnet Co. v. Dunlop Maxfli Sports Corp.*, No. 98-717-SLR,
2000 WL 987979 (D. Del. June 29, 2000)....................................................................5, 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)...............................................................................................................3

*Diamond Sci. Co. v. Ambico, Inc.*,
666 F. Supp. 163 (S.D. Iowa 1987) ...................................................................................2, 3

*Diamond Sci. Co. v. Ambico, Inc.*,
848 F.2d 1220 (Fed. Cir. 1988)..........................................................................................4, 8

*Hexcel Corp. v. Advanced Textiles, Inc.*,
716 F. Supp. 974 (W.D. Tex. 1989).....................................................................................2, 8

*Hologic, Inc. v. Minerva Surgical, Inc.*,
957 F.3d 1256 (Fed. Cir. 2020)..............................................................................................10

*In re Gabapentin Patent Litig.*,
648 F. Supp. 2d 641 (D.N.J. 2009) .........................................................................................4

*Intel Corp. v. U.S. Int'l Trade Comm'n*,
946 F.2d 821 (Fed. Cir. 1991)...........................................................................................5, 6, 7

*Intellectual Ventures I LLC v. Symantec Corp.*, No. 13-440-LPS,
2014 WL 4773954 (D. Del. Sept. 24, 2014)...........................................................................4

*Juniper Networks, Inc. v. Palo Alto Networks, Inc.*,
15 F. Supp. 3d 499 (D. Del. 2014)...........................................................................................5

*Mag Aerospace Indus., Inc. v. B/E Aerospace, Inc.*,
816 F.3d 1374 (Fed. Cir. 2016).............................................................................................5, 8

*Mars Inc. v. JCM Am. Corp.*, No. 05-3165 (RBK),
2006 WL 1704469 (D.N.J. June 14, 2006) .............................................................................4

*Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*,
150 F.3d 1374 (Fed. Cir. 1998).............................................................................................8, 9

*Saint-Gobain Performance Plastics Corp. v. Truseal USA, Inc.*,
351 F. Supp. 2d 290 (D.N.J. 2005) ..........................................................................................2

*Shamrock Techs., Inc. v. Med. Sterilization, Inc.*,
903 F.2d 789 (Fed. Cir. 1990).............................................................................................5, 7

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998)...................................................................................................................2

## RULES

Fed. R. Civ. P. 12(b)(1)............................................................................................2

Fed. R. Civ. P. 12(b)(6)............................................................................................2

Fed. R. Civ. P. 12(f)..............................................................................................3, 4

Fed. R. Evid. 201(b)(2)...........................................................................................7, 8

Fed. R. Evid. 201(c)(2).............................................................................................8

Fed. R. Evid. 201(e)................................................................................................8

Plaintiff United Therapeutics Corporation ("UT") hereby replies in support of its Motion To Dismiss Liquidia's counterclaim and affirmative defenses asserting that U.S. Patent No. 10,716,793 ("the '793 patent") is invalid (D.I. 29).

## I.    Introduction

Assignor estoppel precludes Liquidia, a party in privity with an assignor of the '793 patent, from contending that the '793 patent is invalid.  Liquidia cannot contest the key facts: (i) Dr. Roscigno worked for UT; (ii) Dr. Roscigno is an inventor on the '793 patent and assigned his rights in the patent to UT; and (iii) subsequently, Dr. Roscigno was an executive at Liquidia for five years where he had a key role developing the product that is the subject of UT's claim of infringement of the '793 patent.

Liquidia seeks to sidestep this classic application of assignor estoppel by distancing itself from Dr. Roscigno and drawing irrelevant distinctions (*e.g.*, liquid versus dry powder formulation, Dr. Roscigno's intervening employment, and lack of Dr. Roscigno's control of the corporate entity ((D.I. 37 at 2)).  But Liquidia had no problem promoting Dr. Roscigno's experience at UT when it was developing its product and trying to raise money to support that effort.  Only now, after Liquidia made Dr. Roscigno the Senior Vice President, Product Development for Liquidia's competing product and leveraged his expertise, does Liquidia try to distance itself from him and the products he developed first at UT and then at Liquidia.

Liquidia calls the Motion "premature" and claims that the Court must take notice of "nearly 1,000 pages of documents beyond the pleadings."  Yet UT's request for judicial notice asks the Court to take notice of only a handful of facts, *e.g.*, Dr. Roscigno's job title and partial description of responsibilities as described by Liquidia.  Liquidia cannot reasonably contest those facts and representations in its own submissions to government agencies, nor can it contest that Liquidia

availed itself of Dr. Roscigno's specialized knowledge from UT when Liquidia filed its own patent application on the infringing product less than a year after hiring Dr. Roscigno. The balance of the equities favors the application of assignor estoppel because it would plainly be unfair to allow Liquidia to invalidate Dr. Roscigno's work on the '793 patent while also capitalizing on his knowledge to develop its infringing product. The Court should dismiss Liquidia's counterclaims directed to the '793 patent (D.I. 23, Count V) and related affirmative defenses (*i.e.*, D.I. 23 at 10-11, third affirmative defense, items (6)-(8)).

## II.     The Motion Is Procedurally Proper

Despite Liquidia's protests, the Motion is not "premature" nor is it an "end run around this Court's" rules on dispositive motions. Liquidia's counterclaims and defenses alleging invalidity can be properly dismissed based on the current record.

### A.     Rule 12(b) Permits The Requested Relief

Counterclaims may be dismissed pursuant to Rule 12(b)(6) when they fail to state a claim upon which relief can be granted or pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction when the claim is so insubstantial and devoid of merit that it does not involve a federal controversy. Fed. R. Civ. P. 12(b)(6), 12(b)(1); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Consistent with these rules, courts have applied assignor estoppel at the pleadings stage.

For example, in *Hexcel Corp. v. Advanced Textiles, Inc.*, the court granted a motion to dismiss invalidity counterclaims based upon assignor estoppel where the inventor was a defendant and had "participated in formation" of the named corporate defendant without even addressing the issue of privity. 716 F. Supp. 974, 975 (W.D. Tex. 1989). In *Saint-Gobain Performance Plastics Corp. v. Truseal USA, Inc.*, the court similarly granted a motion to strike and dismiss related invalidity defenses on the basis of assignor estoppel. 351 F. Supp. 2d 290, 291 (D.N.J. 2005); *see also, e.g.*, *Diamond Sci. Co. v. Ambico, Inc.*, 666 F. Supp. 163, 165 (S.D. Iowa 1987) (granting

motion to strike affirmative defense of assignor estoppel where privity was not contested).  There simply is no general prohibition on a court granting a motion to dismiss on the basis of assignor estoppel, as Liquidia contends.  Instead, when there are no meaningful disputes on the key facts supporting estoppel—as here, and as described more fully below—courts have granted motions to dismiss on counterclaims and have stricken related affirmative defenses.

Recognizing that the Federal Rules permit dismissal of Liquidia's counterclaim, Liquidia argues first that UT's Motion should be denied on the basis of the Scheduling Order provision about case dispositive motions.  But there is nothing that prohibits a Rule 12 motion to dismiss an improper invalidity counterclaim – not any more than a Rule 12 motion to dismiss an implausible claim under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)*,* or a claim for infringement of a patent-ineligible patent under Section 101.  The Scheduling Order provision cannot mean that a counterclaim barred as a matter of law must be permitted to proceed.

### B.     The Motion Clearly Identifies The Requested Relief

There is no merit to Liquidia's procedural argument regarding its affirmative defenses either.  Even though UT's Motion cites the specific page numbers of Liquidia's alleged affirmative defenses that are barred by assignor estoppel, Liquidia claims that UT's identification of those defenses was too "vague[]."  D.I. 37 at 9.  But UT's Motion plainly seeks relief regarding Liquidia's counterclaim of invalidity regarding the '793 patent, and "related defenses (*see* D.I. 23 at pp. 10-11 … )."  D.I. 29 at 1.  There can be no real confusion that the affirmative defenses barred by assignor estoppel are those on the expressly cited pages of the Answer that relate to the validity of the '793 patent—items (6), (7), and (8).

### C.     The Result Is The Same Whether Under Rule 12(b)(6) Or 12(f)

Even assuming the Motion should have been styled as a motion to strike pursuant to Rule 12(f), that is an argument based on form over substance, as the standards are the same under Rule

12(b)(6) and Rule 12(f). *In re Gabapentin Patent Litig.*, 648 F. Supp. 2d 641, 647 (D.N.J. 2009) ("Because a motion of this sort challenges the legal sufficiency of the pleading, it is governed by the same standards as a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6)."); *see also Mars Inc. v. JCM Am. Corp.*, No. 05-3165 (RBK), 2006 WL 1704469, at *3-4 (D.N.J. June 14, 2006) (same). As a result, the Court can treat the Motion to Dismiss as a Rule 12(f) motion with respect to the affirmative defenses. Judge Stark has done just that under similar circumstances. *See, e.g.*, *Intellectual Ventures I LLC v. Symantec Corp.*, No. 13-440-LPS, 2014 WL 4773954, *1-2 (D. Del. Sept. 24, 2014) (considering patentee's Rule 12(c) challenge to the accused infringer's patent misuse affirmative defense as a Rule 12(f) motion to strike).

## III.    Liquidia Was In Privity With Dr. Roscigno At The Relevant Time

Assignor estoppel applies when the assignor of a patent, or a party in privity with the assignor, later tries to allege invalidity of the assigned patent. D.I. 29 at 1 (citing *Diamond Sci. Co. v. Ambico, Inc.,* 848 F.2d 1220, 1224 (Fed. Cir. 1988)). UT's Opening Brief and supporting materials – unchallenged by Liquidia – establish that former UT employee and inventor Dr. Roscigno assigned his rights to the '793 patent to UT. *See id.* at 2-3. As Liquidia acknowledges in is answering brief, it employed Dr. Roscigno from September 2015 through July 2020, shortly before UT filed this motion. D.I. 37 at 4-5. Nevertheless, Liquidia contests the application of assignor estoppel on grounds that Dr. Roscigno supposedly was not in privity with Liquidia. Liquidia's position suffers, however, from several flaws.

### A.    Assignor Estoppel Requires Balancing Equities, Not A Rigid Analysis

Liquidia first tries to contest privity by elevating the facts in other cases to rigid tests that, according to Liquidia, Dr. Roscigno and his role and title at Liquidia do not meet. For example, Liquidia tries to refute being in privity with Dr. Roscigno by assuming that privity requires the assignor to "control" the defendant, that defendant must be nothing more than a "corporate guise"

for the assignor, and that the assignor must be in charge of the defendant's finances or strategic decisions. *See* D.I. 37 at 14-15 (citing *Acushnet Co. v. Dunlop Maxfli Sports Corp.,* No. 98-717-SLR, 2000 WL 987979, at *3 (D. Del. June 29, 2000)). But that is not the test for privity. Instead, privity exists between an assigning inventor and a party infringing a patent when "the ultimate infringer availed itself of the inventor's 'knowledge and assistance' to conduct infringement." *See* D.I. 29 at 7 (citing *Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 839 (Fed. Cir. 1991) (quoting *Shamrock Techs., Inc. v. Med. Sterilization, Inc.,* 903 F.2d 789, 794 (Fed. Cir. 1990))). That test is met here.

In an attempt to avoid the consequences of its actions, Liquidia argues that certain *Shamrock* factors were not expressly addressed.[1] But the *Shamrock* factors are a guide to the types of inquiries to be undertaken, not the exclusive test for privity. In *Shamrock*, the Federal Circuit, in describing the district court's decision under review, recited eight undisputed facts. 903 F.2d at 794 ("The undisputed ***facts*** are: (1) … (2) … ," etc.) (emphasis added). Later, in *Mag Aerospace*, the Federal Circuit abstracted those facts into eight factors, but again did so in the context of describing the district court's analysis, not as a rigid dictate for all future assignor estoppel privity analyses. 816 F.3d at 1380; *see also Juniper Networks, Inc. v. Palo Alto Networks, Inc.*, 15 F. Supp. 3d 499, 509 (D. Del. 2014) (applying estoppel and noting that "the query is whether [the inventor] was closely involved in the development of products and with the [accused infringer]"). Thus, neither *Shamrock* nor *Mag Aerospace* announced a rigid test. In fact, both courts recognized that "[p]rivity, like the doctrine of assignor estoppel itself, is determined upon a balance of the equities." *Id.* at 507.

---

[1] Liquidia also miscites *Shamrock*. The *"Shamrock* factors" quoted on page 10 of Liquidia's brief are actually taken from *Mag Aerospace Indus., Inc. v. B/E Aerospace, Inc.,* 816 F.3d 1374, 1380 (Fed. Cir. 2016).

Consistent with a focus on the balance of equities, the Federal Circuit in *Intel* recited a different set of facts, involving (1) whether there was a "direct transfer of technology," (2) whether the assignor was involved in development, (3) whether the assignor indemnified the party asserting invalidity, and (4) whether one defendant was involved financially in a joint development program with another defendant.  *Intel*, 946 F.2d at 839.  The Federal Circuit's own analysis shows that privity is based on a broad-based inquiry, not any particular factor.

Liquidia's argument that "Dr. Roscigno's title … is not sufficient to establish assignor estoppel" is a red herring.  D.I. 37 at 14.  UT never argued that Dr. Roscigno's title itself is sufficient to establish assignor estoppel. Rather, Dr. Roscigno's title—"Senior Vice President, Product Development"—buttressed the incontrovertible facts that Dr. Roscigno had a leadership position at Liquidia and that he was responsible, in part, for developing the accused product.

### B.      Dr. Roscigno Was In Privity With Liquidia When LIQ861 Was Developed

Liquidia acknowledges that it employed Dr. Roscigno from September 2015 through July 2020.  D.I. 37 at 4-5.  The facts that Dr. Roscigno had other employment between leaving UT and joining Liquidia, and that he has recently resigned from Liquidia, are irrelevant.  Regardless of any other intervening employment, Dr. Roscigno provided "knowledge and assistance" regarding patented subject matter (dry powder treprostinil) after being hired by Liquidia, as shown in Liquidia's statements to the SEC and its patent application.[2]  In *Intel*, the ALJ stated "[t]he critical time to determine whether [the assignor] was in privity with the other respondents was when [he] and the other respondents entered into the development agreement.  It was at that time that GI acquired rights from Atmel and assumed obligations to Atmel, and became subject to any

---

[2] Notably, none of the *Shamrock* factors recite the number of intervening years between an assignor leaving one company and joining the defendant.  D.I. 37 at 10.

impediments on Atmel's ability to challenge the patents in issue." *Intel*, 946 F.2d at 839.  The Federal Circuit's privity analysis focuses on the point in time when Dr. Roscigno's obligations flowed to Liquidia, *not* later when the patent owner invokes the doctrine in the litigation.  Indeed, it would make no sense to allow Liquidia to escape the application of assignor estoppel by shedding itself of Dr. Roscigno after it leveraged his knowledge.  Here, Dr. Roscigno was employed by Liquidia for five years during development of its accused LIQ861.  Liquidia hired Dr. Roscigno and availed itself of his knowledge, year after year.  In so doing, Liquidia took on Dr. Roscigno's obligation not to assert that his patents were invalid.

Liquidia's assertion that Dr. Roscigno's stake in the company is "insufficient" to establish privity also fails.  Liquidia does not dispute that Dr. Roscigno owns 174,531 shares or options of Liquidia stock.  This alone gives Dr. Roscigno a significant equity stake in Liquidia potentially worth millions of dollars.  *Cf. Shamrock*, 903 F.2d at 794 (finding privity and reciting 50,000 shares without calculating a percentage of total company ownership).  The assignor estoppel doctrine does not require that Dr. Roscigno control the corporate entity. Dr. Roscigno's ownership interest shows that Dr. Roscigno has a financial interest in the success of Liquidia's product.

Liquidia argues that "the Court should not take judicial notice of the nearly 1,000 pages appended to UT's motion. To the extent the Court does consider these documents, they further support the lack of privity between Dr. Roscigno and Liquidia."  D.I. 37 at 3, n.1.  But Liquidia's opposition to taking judicial notice has no merit.  UT has not asked the Court to accept as true every word on every page of the submitted materials.  Rather, UT's request for judicial notice asks only that the Court take notice of a handful of incontrovertible facts as reflected in the submitted materials, *e.g.*, Dr. Roscigno's employment and title at Liquidia.  D.I. 30 at 7-8.  Federal Rule of Evidence 201 states that "[t]he court may judicially notice a fact that is not subject to reasonable

dispute because it: … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also* Fed. R. Evid. 201(c)(2) ("The court … must take judicial notice if a party requests it and the court is supplied with the necessary information."); Fed. R. Evid. 201(e) (allowing parties in opposition to be heard). Here, Liquidia had the opportunity to dispute the facts in the Request for Judicial Notice, but did not do so.[3] Nor could it, as the eleven documents submitted to the Court include two documents from the USPTO and nine that Liquidia submitted to the SEC. Liquidia should not be able to distance itself from those undisputed facts.

### C.    The Balance Of The Equities Favors Application Of Assignor Estoppel

Assignor estoppel and its privity requirement involve balancing the equities. *Mag Aerospace*, 816 F.3d at 1380 ("Privity, like the doctrine of assignor estoppel itself, is determined upon a balance of the equities.") (citation omitted); *Diamond Sci.*, 848 F.2d at 1225 ("Our analysis must be concerned mainly with the balance of equities between the parties."); *Hexcel*, 716 F. Supp. at 976 ("[T]his Court interprets the Federal Circuit's opinion [in *Diamond Scientific*] to mean that the existence of an assignment and an oath or declaration by the assignor was sufficient as a matter of law, as a form of legal estoppel, to tilt the balance of equities in favor of the assignee, thereby precluding the assignor from asserting patent invalidity."). Indeed, "[d]ue to the intrinsic unfairness in allowing an assignor to challenge the validity of the patent it assigned, the implicit representation of validity contained in an assignment of a patent for value raises the presumption that an estoppel will apply." *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 150 F.3d

---

[3] Liquidia repeatedly cites the total number of pages in the Request for Judicial Notice ("nearly 1,000"). D.I. 37 at 3, n.1, 8, 10, 13. Two lengthy SEC submissions constitute the bulk of the page count, and UT submitted the documents in their entirety out of an interest in completeness for the Court. UT can promptly submit excerpted copies if the Court prefers, which would reduce the page count to approximately 40.

1374, 1378 (Fed. Cir. 1998).

In its Opening Brief, UT explained how Dr. Roscigno worked for UT and one of its subsidiaries on an inhaled treprostinil drug, Tyvaso®; how he is a named inventor on the '793 patent; and how Liquidia hired Dr. Roscigno specifically to work on its competing inhaled treprostinil product, LIQ861.  Assignor estoppel is based upon the unfairness of allowing an assignor to gain by selling his invention to the assignee only to turn around and later assert (individually or through a corporate entity he is in privity with) that his invention is invalid.  That is exactly the unfairness at issue here, where Liquidia hired Dr. Roscigno for his experience with inhaled treprostinil, used that experience to develop a competing drug, and now seeks to contest the validity of the '793 patent that Dr. Roscigno assigned to UT.

Liquidia argues that there is no unfairness because Dr. Roscigno "does not stand to gain any advantage by Liquidia's decision to challenge the validity of the '793 patent" and because "his prior work with Tyvaso® is not directly applicable to LIQ861."  D.I. 37 at 18. That can hardly be taken seriously in light of the statements that Liquidia made to the SEC and investors regarding: (a) Dr. Roscigno's experience with treprostinil; (b) Liquidia's decision to hire him as the "Senior Vice President [of] Product Development" for Liquidia's inhaled treprostinil product; and (c) the patent he assigned to UT relating to inhaled to treprostinil.  Further, Dr. Roscigno's equity stake shows that Dr. Roscigno has a financial interest in Liquidia's success.

Moreover, the relevant comparison is not to Tyvaso®, but rather comparing the '793 patent to LIQ861.  Dr. Roscigno is a named inventor of the '793 patent, which discloses an inhaled dry powder treprostinil formulation—the exact product that Dr. Roscigno helped develop at Liquidia and that is accused of infringement here.  Plainly, Dr. Roscigno's experience with UT's patented inhaled dry powder treprostinil formulation is relevant to Liquidia's infringing inhaled dry powder

treprostinil formulation, and Liquidia thus had much to gain by availing itself of Dr. Roscigno's knowledge and assistance.

Lastly, Liquidia argues that the timing of the patent application that led to the '793 patent weighs against application of assignor estoppel.  D.I. 37 at 19.  The timing of UT's patent applications is simply irrelevant to assignor estoppel.  Indeed, the Federal Circuit recently rejected this very argument.  *Hologic, Inc. v. Minerva Surgical, Inc.*, 957 F.3d 1256, 1268 (Fed. Cir. 2020) (holding that it was "irrelevant" that the claims were broadened after the inventor's departure, a common occurrence in patent prosecution).  The most important consideration is the fundamental unfairness of allowing Dr. Roscigno to gain from assigning the '793 patent to UT and then gain again by helping Liquidia develop an infringing product in exchange for compensation and significant equity in Liquidia.  *Acushnet*, 2000 WL 987979 at *3 ("Assignor estoppel . . . was intended to prevent the assignor . . . from 'making [a] representation [of the patent's validity]' at the time of assignment (to his advantage) and later . . . repudiating it (again to his advantage).'") (citation omitted).

## IV.    Conclusion

Assignor estoppel applies here.  Liquidia cannot dispute that Dr. Roscigno is an inventor of the '793 patent or that he assigned his interest in the patent to UT.  Liquidia seeks to manufacture a dispute about privity by creating an elevated standard for the doctrine and arguing that the Court must employ a rigid analysis.  But the Court should balance the equities.  There is no question that Liquidia availed itself of Dr. Roscigno's knowledge and assistance with respect to the accused product, as disclosed in Liquidia's SEC filings.  As a result, Liquidia's counterclaim of invalidity and related affirmative defenses are barred by the application of assignor estoppel, and the Court should dismiss Liquidia's counterclaim and related affirmative defenses on the '793 patent.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

*Attorneys for Plaintiff United Therapeutics
Corporation*

OF COUNSEL:

Douglas H. Carsten
Joshua Mack
WILSON SONSINI GOODRICH & ROSATI
12235 El Camino Real
San Diego, CA  92130
(858) 305-2300

Adam W. Burrowbridge
WILSON SONSINI GOODRICH & ROSATI
1700 K Street NW, Fifth Floor
Washington, DC  20006
(202) 973-8800

William C. Jackson
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue NW
Washington, DC  20005
(202) 237-2727

September 16, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 16, 2020, upon the following in the manner indicated:

Karen E. Keller, Esquire                                    *VIA ELECTRONIC MAIL*
Jeff Castellano, Esquire
David M. Fry, Esquire
Nathan R. Hoeschen, Esquire
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Defendant Liquidia*
*Technologies, Inc.*

Sanya Sukduang, Esquire                                     *VIA ELECTRONIC MAIL*
Jonathan Davies, Esquire
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004-2400
*Attorneys for Defendant Liquidia*
*Technologies, Inc.*

Erik Milch, Esquire                                         *VIA ELECTRONIC MAIL*
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA  20190-5640
*Attorneys for Defendant Liquidia*
*Technologies, Inc.*

Ivor Elrifi, Esquire                                        *VIA ELECTRONIC MAIL*
COOLEY LLP
55 Hudson Yards
New York, NY  10001-2157
*Attorneys for Defendant Liquidia*
*Technologies, Inc.*

Lauren Krickl, Esquire                    *VIA ELECTRONIC MAIL*
Deepa Kannappan, Esquire
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
*Attorneys for Defendant Liquidia*
*Technologies, Inc.*


                              */s/ Michael J. Flynn*
                              _____
                              Michael J. Flynn (#5333)