IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION,<br>         Plaintiff,<br><br>       v.<br><br>LIQUIDIA TECHNOLOGIES, INC.,<br><br>         Defendant. | Civil Action No. 20-cv-755-RGA |

MEMORANDUM ORDER

Before me is Plaintiff's motion to dismiss Defendant's counterclaims pursuant to Rule 12(b)(6) or alternatively Rule 12(b)(1) of the Federal Rules of Civil Procedure. (D.I. 28). The motion is briefed. (D.I. 29, 37, 38). For the following reasons, Plaintiff's motion is denied.

Plaintiff United Therapeutics filed a complaint for patent infringement against Defendant Liquidia on June 4, 2020. (D.I. 1). The complaint was amended on July 22, 2020 to add infringement claims for a third patent, the newly issued U.S. Patent No. 10,716,793 (the "'793 patent"). (D.I. 16). Defendant filed an answer to Plaintiff's amended complaint with counterclaims, including counterclaim count V, which alleges invalidity of the '793 patent. (D.I. 23). Plaintiff filed a motion to dismiss Defendant's counterclaim and related defenses based on assignor estoppel as one of seven named inventors of the '793 patent – Dr. Robert Roscigno – is (or was) "Senior Vice President, Product Development" of Defendant and therefore in privity with Defendant. (D.I. 28). He had previously assigned his interest in the patent to Plaintiff. (*Id.*).

1

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Rule 12(b)(1) allows a defendant to attack the allegations in the complaint and submit contrary evidence in its effort to show that the court lacks jurisdiction." *Davis v. Wells Fargo*, 824 F.3d 333, 349 (Fed. Cir. 2016). However, "[t]he Supreme Court has authorized courts to dismiss under Rule 12(b)(1) for lack of jurisdiction due to merits-related defects in only narrow categories of cases . . . 'where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial . . . or where such a claim is wholly insubstantial and frivolous.'" *Id.* at 349-50 (quoting Bell v. Hood, 327 U.S. 678, 682–83 (1946)). The doctrine of "[a]ssignor estoppel also prevents parties in privity with an estopped assignor from challenging the validity of the patent. Whether two parties are in privity depends on the nature of their relationship in light of the alleged infringement. 'The closer that relationship, the more the equities will favor applying the doctrine' of assignor estoppel. Assessing a relationship for privity involves evaluation of all direct and indirect contacts." *Mentor Graphics Corp. v. Quickturn Design Sys.*, 150 F.3d 1374, 1379 (Fed. Cir. 1998) (quoting *Shamrock Techs., Inc. v. Med. Sterilization, Inc.*, 903 F.2d 789, 793 (Fed. Cir. 1990)) (internal citations omitted).

Plaintiff asserts that Defendant's counterclaim for a declaration of invalidity of the '793 patent and the related defenses should be dismissed based on assignor estoppel. (D.I. 29 at 1). Plaintiff is correct that assignor estoppel will apply to persons or entities in privity with the inventor. *See Diamond Sci. Co. v. Ambico, Inc.*, 848 F.2d 1220 (Fed. Cir. 1988). And it does not

appear that there is any contested issue about whether Dr. Roscigno made an assignment of his rights in the patent.

Determining whether privity exists, however, is more difficult.  In order to apply assignor estoppel based on privity requires assessing the relationship between the inventor and the associated entity.  *See Shamrock*, 903 F.2d at 793.  Even accepting Plaintiff's assertions as true, it is unclear at this stage whether sufficient privity exists to apply assignor estoppel.  A determination that Defendant is in privity with a named inventor of the '793 patent will require a fact intensive evaluation of their relationship and a balancing of the equities.  *See Mentor Graphics*, 150 F.3d at 1379.  As a result, the finding of privity required for the Court to apply assignor estoppel and dismiss Defendant's counterclaim cannot appropriately be made in the present posture, when the Court must consider the allegations in the light most favorable to the nonmoving party.  *See Twombly*, 550 U.S. at 558.  Further, there is no indication that the counterclaims at issue are "wholly insubstantial and frivolous" in order to warrant dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction.  *Bell*, 327 U.S. at 682–83.

For the reasons set forth above, I deny Plaintiff's motion to dismiss Defendant's counterclaim.

IT IS SO ORDERED this 3rd day of November 2020.

    _/s/ Richard G. Andrews_____
    United States District Judge