IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 20-755 (RGA) (JLH) ) ) **REDACTED - PUBLIC VERSION** |
| LIQUIDIA TECHNOLOGIES, INC., | ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S BRIEF IN SUPPORT OF
MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

OF COUNSEL:

William C. Jackson
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue NW
Washington, DC  20005
(202) 237-2727

Bill Ward
BOIES SCHILLER FLEXNER LLP
725 South Figueroa Street, 31st Floor
Los Angeles, CA  90017
(213) 995-5745

Douglas Carsten
Art Dykhuis
Jiaxiao Zhang
Katherine Pappas
MCDERMOTT WILL & EMERY LLP
18565 Jamboree Road, Suite 250
Irvine, CA  92615
(949) 851-0633

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiff United Therapeutics Corporation*

Adam W. Burrowbridge
Joshua Revilla
Timothy M. Dunker
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street
Washington, DC  20001-1531
(202) 756-8797

Original filing date: June 4, 2021
Redacted filing date: June 15, 2021

## TABLE OF CONTENTS

**Page**

I. NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

II. SUMMARY OF ARGUMENT ..................................................................................... 2

III. STATEMENT OF FACTS ............................................................................................ 3

IV. PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE GRANTED............ 4

    A. This Motion causes No Undue Delay to Defendants. ............................................. 4

    B. There Is No Undue Prejudice to Defendants. .......................................................... 5

    C. Plaintiff's Motion Is Brought in Good Faith............................................................ 6

    D. Plaintiff's Second Amended Complaint Has Merit And Is Not Futile. .................. 6

        1. Plaintiff Adequately Pleads Misappropriation of Trade Secrets Under N.C. Gen. Stat. §§66-152. ................................................................ 6

        2. Plaintiff Adequately Pleads Misappropriation of Trade Secrets Under 18 U.S.C. §1836 *et seq*........................................................................ 8

        3. Plaintiff Adequately Pleads Unfair and Deceptive Business Practices. ................................................................................................... 9

    E. Subject Matter Jurisdiction ................................................................................... 10

V. CONCLUSION............................................................................................................ 12

# TABLE OF AUTHORITIES

Page

**Cases**

*Alvin v. Suzuki*,
 227 F.3d 107 (3d Cir. 2000)..................................................................................................4

*Area Landscaping, L.L.C. v. Glaxo-Wellcome, Inc.*,
 160 N.C. App. 520, 586 S.E.2d 507 (2003)............................................................................6

*Arthur v. Maersk, Inc.*,
 434 F.3d 196 (3d Cir. 2006)....................................................................................................3

*Butamax Advance Biofuels LLC v. Gevo, Inc.*,
 C.A. No. 11-54-SLR, 2012 WL 2365905 (D. Del. June 21, 2012) ........................................5

*Dalton v. Camp*,
 353 N.C. 647 (2001) ..............................................................................................................10

*Flexible Techs., Inc. v. SharkNinja Operating LLC*,
 C.A. No. 18-348-CFC, 2019 WL 1417465 (D. Del. Mar. 29, 2019)......................................9

*Intellectual Ventures I LLC v. Toshiba Corp.*,
 C.A. No. 12-453-SLR-SRF, 2015 WL 4916789 (D. Del. Aug. 17, 2015) ..........................4, 5

*Invensas Corp. v. Renesas Elec. Corp.*,
 C.A. No. 11-448-GMS-CJB, 2013 WL 1776112 (D. Del. Apr. 24, 2013)..............................4

*J.E. Mamiye & Sons, Inc. v. Fidelity Bank*,
 813 F.2d 610 (3d Cir. 1987)....................................................................................................6

*JP Morgan Chase & Co. v. Affiliated Computer Servs., Inc.*,
 C.A. No. 08-189-SLR, 2009 WL 540673 (D. Del. Mar. 4, 2009)...........................................5

*Kalman v. Berlyn Corp.*,
 914 F.2d 1473 (Fed. Cir. 1990)...............................................................................................2

*Lifeport Scis. LLC v. Endologix Inc.*,
 C.A. No. 12-1791-GMS, D.I. 105 (D. Del. July 29, 2015) .................................................4, 5

*Par Pharm., Inc. v. QuVa Pharma, Inc.*,
 764 F. App'x 273 (3d Cir. 2019)..............................................................................................8

*Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd.*,
 599 F.3d 1308 (Fed. Cir. 2010)...........................................................................................2, 4

*Pryzbowski v. U.S. Healthcare, Inc.*,
    245 F.3d 266 (3d Cir. 2001)..................................................................................................11

*Takeda Pharms. U.S.A., Inc. v. Par Pharm. Co.*,
    C.A. Nos. 13–1524–SLR & 13–1729–SLR, 2014 WL 4402965 (D. Del. Sept.
    4, 2014) .............................................................................................................................2, 4

*U.S. ex rel. B & R, Inc. v. Donald Lake Constr.*,
    19 F. Supp. 2d 217 (D. Del. 1998) ..........................................................................................6

**Rules and Statutes**

18 U.S.C. § 1836................................................................................................................ *passim*

28 U.S.C. § 1367(a) ..................................................................................................................10, 11

35 U.S.C. § 271...........................................................................................................................1

Fed. R. Civ. P. 12(b)(6)..............................................................................................................10

Fed. R. Civ. P. 15(a) .........................................................................................................1, 2, 3, 4

N.C. Gen. Stat. §§ 66-152..................................................................................................1, 3, 6, 7

N.C. Gen. Stat. § 75-1.1......................................................................................................1, 3, 9

Pursuant to Fed. R. Civ. P. 15(a)(2) and the Scheduling Order (D.I. 20 ¶ 2), Plaintiff United Therapeutics Corporation ("UTC") respectfully requests leave to file a Second Amended Complaint, attached as Exhibit 1 to Plaintiff's Motion for Leave to File Amended Complaint. The Second Amended Complaint asserts additional counts of misappropriation of trade secrets under both the North Carolina Trade Secret Protection Act, N.C. Gen. Stat. §§66-152 *et seq*. and the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*, and for unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1, and joins additional Defendant Robert Roscigno ("Dr. Roscigno"). Specifically, Plaintiff asserts that Defendants Liquidia Technologies, Inc. ("Liquidia") and Dr. Roscigno misappropriated, and continue to misappropriate, UTC's trade secret information and as such, Defendant Liquidia has engaged in unfair and deceptive trade practices.  Plaintiff's request is timely under the Scheduling Order. D.I. 20 ¶ 2 (setting June 4, 2021 as the deadline to amend pleadings).  The parties, represented by lead and Delaware counsel, discussed the subject matter of this motion via email on June 3, 2021 and in person on June 4, 2021.  Counsel for Liquidia did not consent to this motion.

I.      NATURE AND STAGE OF THE PROCEEDINGS

This began as a Hatch-Waxman action stemming from Defendant Liquidia's submissions to the FDA of New Drug Application No. 213005 under § 505(b)(2) of the Federal Food, Drug and Cosmetic Act, seeking approval to manufacture, market, and sell a generic copy of UTC's TYVASO® (treprostinil) Inhalation Solution prior to the expiration of Orange Book-listed patents covering TYVASO®.  D.I. 1.  Plaintiff's original complaint, filed June 4, 2020, includes counts of direct infringement under 35 U.S.C. § 271 (a), (b), (c), (e), and (g) of two Orange Book-listed patents covering TYVASO®, United States Patent Nos. 9,593,066 ("the '066 patent") (attached as Exhibit A hereto) and 9,604,901 ("the '901 patent") (attached as Exhibit B hereto).  D.I. 1 ¶¶ 32– 65.  Plaintiff's First Amended Complaint, filed July 22, 2020, includes additional counts of direct

infringement under 35 U.S.C. § 271 (a), (b), (c), and (e) of a third Orange Book-listed patent covering TYVASO®, United States Patent No. 10,716,793 ("the '793 patent") (attached as Exhibit C hereto).  D.I. 16 ¶¶ 69–83.  The parties are currently engaged in written fact discovery, and fact depositions have not yet begun.  Plaintiff seeks leave to file an amended complaint that adds counts of misappropriation of trade secrets and deceptive and unfair business practices, and joins additional Defendant Dr. Roscigno.

## II.     SUMMARY OF ARGUMENT

Rule 15(a)'s liberal policy counsels in favor of granting leave for Plaintiff to file a Second Amended Complaint. *See Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1319 (Fed. Cir. 2010).  The factors that may justify denying a motion to amend do not apply in this case.  *See Takeda Pharms. U.S.A., Inc. v. Par Pharm. Co.*, Nos. 13–1524–SLR & 13–1729–SLR, 2014 WL 4402965, at *3 (D. Del. Sept. 4, 2014).  Additionally, "after a responsive filing has been served, the standards for adding parties are the same whether the motion is made under Rule 15 or Rule 21." *Kalman v. Berlyn Corp.*, 914 F.2d 1473, 1479 (Fed. Cir. 1990).

Plaintiff's Motion for Leave to File a Second Amended Complaint is timely as it is filed within the limits of the Scheduling Order's deadline for motions to join other parties and amend or supplement pleadings.  Because of this, the motion causes no prejudice to Defendants because the parties already specifically considered the possibility of joining parties and amending pleadings at this time.

Plaintiff's Motion for Leave to File a Second Amended Complaint is a good-faith effort to timely add misappropriation of trade secrets and deceptive and unfair business practice claims, and to join additional Defendant Dr. Roscigno based on confidential and trade secret information that Defendant Liquidia produced during discovery in this action, which occurred after the filing of the original and First Amended complaints.

2

Plaintiff's Second Amended Complaint properly states claims upon which relief may be granted and is not futile.

## III. STATEMENT OF FACTS

Under the Court's Scheduling Order, the deadline for motions to join other parties, and amend or supplement pleadings is June 4, 2021. D.I. 20 ¶ 2. Substantial completion of document production is scheduled to be completed by June 18, 2021. D.I. 20 ¶ 3(b). Fact discovery is scheduled to be completed on or before September 17, 2021. *Id.* ¶ 3(a). Expert discovery is scheduled to close on January 14, 2022. *Id.* ¶ 10(a). Trial is scheduled to begin on March 28, 2022. *Id.* ¶ 15. The 30-month stay expires on October 27, 2022.

Plaintiff seeks leave of the Court to file a Second Amended Complaint in accordance with the Scheduling Order. Plaintiff's Second Amended Complaint adds counts of misappropriation of trade secrets under both the North Carolina Trade Secret Protection Act, N.C. Gen. Stat. §§66-152 *et seq*. and the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 *et seq.*, and for unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1.

When Plaintiff filed the original and First Amended complaints, discovery in this case had not yet begun. Discovery has since been ongoing, with voluminous documents produced by Defendant Liquidia. Among other productions, on May 10, 2021 Liquidia produced over 14,000 documents with Dr. Roscigno as the listed custodian. Plaintiff promptly began reviewing Defendant's discovery materials and found UTC's own confidential documents produced by Liquidia with Dr. Roscigno as the listed custodian, before seeking leave to file this Second Amended Complaint.

Rule 15(a)(2) provides that a party may amend its pleading with leave of the Court, and that "[t]he court should freely give leave when justice so requires." "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk,*

*Inc.*, 434 F.3d 196, 204 (3d Cir. 2006); *see also Pressure Prods. Med. Supplies*, 599 F.3d at 1319–20 ("Rule 15(a) evinces a bias in favor of granting leave to amend.") (quotation and citation omitted).

IV. **PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE GRANTED**

Four factors can justify denying a motion for leave to amend: undue delay, prejudice, improper purpose, or futility. *See Takeda Pharms.*, 2014 WL 4402965, at *3. None of these factors apply here when considering the reasoning behind this motion. "[I]t is an abuse of discretion to deny leave to amend" absent such a reason. *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) (citations omitted).

    A.    **This Motion causes No Undue Delay to Defendants.**

Plaintiff's motion is timely as it comes on or before the June 4, 2021 cutoff date set by the Court for the amendment of pleadings in the Scheduling Order. D.I. 20 ¶ 2. Meeting such a deadline, as UTC has done here, "strongly supports a conclusion that [an] amendment [is] not untimely filed." *Invensas Corp. v. Renesas Elec. Corp.*, No. 11-448-GMS-CJB, 2013 WL 1776112, at *3 (D. Del. Apr. 24, 2013). Because filing the motion for leave to amend before the Scheduling Order's deadline "generally precludes a finding of undue delay," Defendants have no argument to show that this amended pleaded causes any undue delay. *See, Intellectual Ventures I LLC v. Toshiba Corp.*, No. 12-453-SLR-SRF, 2015 WL 4916789, at *2 (D. Del. Aug. 17, 2015) (citation omitted). Furthermore, even an unexplained passage of time prior to the Scheduling Order's deadline—which is not the case here—is an insufficient reason to deny a motion to amend. *Id.*; *Lifeport Scis. LLC v. Endologix Inc.*, No. 12-1791-GMS, D.I. 105 at 2 (D. Del. July 29, 2015) (Ex. D) ("[A]ssuming the plaintiff is correct that the defendant *could* have filed its motion sooner, the court cannot say the delay was undue . . . when this was explicitly contemplated as a possibility.") (emphasis in original).

4

Furthermore, the additional claims were only discoverable to UTC after Liquidia's May 10, 2021 production of documents. These claims arose directly from the discovery of UTC documents which should not have been in Liquidia's possession. As these documents were only discovered after searching through the over 14,000 documents included in Dr. Robert Roscigno's custodial document production, Plaintiff notified Defendant of this amended complaint within a reasonable timeframe.

### B.    There Is No Undue Prejudice to Defendants.

For the same reasons why there was no undue delay, there is no unfair prejudice to Defendants. Simply put, a motion to amend filed before the Scheduling Order's deadline for amending pleadings is "filed timely and, therefore, there can be no unfair prejudice to defendant." *Butamax Advance Biofuels LLC v. Gevo, Inc.*, No. 11-54-SLR, 2012 WL 2365905, at *2 (D. Del. June 21, 2012); *see also Intellectual Ventures*, 2015 WL 4916789, at *2 (no prejudice from the plaintiff filing a motion to amend before the deadline); *Lifeport Scis.*, No. 12-1791-GMS, D.I. 105 at 2 (Ex. D) (finding no prejudice from the defendant amending its pleadings on the deadline because "this was explicitly contemplated as a possibility"); *JP Morgan Chase & Co. v. Affiliated Computer Servs., Inc.*, No. 08-189-SLR, 2009 WL 540673, at *1 n.1 (D. Del. Mar. 4, 2009) ("reject[ing] out of hand" undue delay and prejudice arguments because the motion complied with the scheduling order's deadline).

There remains sufficient time to try the new claims. Fact discovery is ongoing for the next several more months, with the discovery cut off is set for September 17, 2021. D.I. 20 ¶ 3(a). Additionally, there are still two weeks left before the substantial completion date set by this Court of June 18, 2021. D.I. 20 ¶ 3(b). The parties still need to complete fact depositions, and are still in the midst of requesting, collecting, and producing documents for discovery. With trial not scheduled to begin until March 28, 2022, there is ample time to litigate the additional claims being

5

asserted.  *Id.* ¶ 15.

      **C.**      **Plaintiff's Motion Is Brought in Good Faith.**

Similar to undue delay, the issue of bad faith "focus[es] on the plaintiff's motives for not amending their complaint . . . earlier." *J.E. Mamiye & Sons, Inc. v. Fidelity Bank*, 813 F.2d 610, 614 (3d Cir. 1987).  A "nefarious purpose" or "sinister motive" is required. *U.S. ex rel. B & R, Inc. v. Donald Lake Constr.*, 19 F. Supp. 2d 217, 221 n.6 (D. Del. 1998).  Plaintiff's motion to amend comes from discovery that Plaintiff was unaware of and did not have access to when filing the original complaint nor First Amended Complaint.  The course of discovery has led UTC to search for documents showing additional wrongdoing by Liquidia and Dr. Roscigno that has led to the additional claims present in the second amended complaint.  Further, moving to file the proposed Second Amended Complaint within the Court-ordered deadline goes to demonstrate that the filing of this motion was not done in bad faith.  *Trueposition*, 2002 WL 1558531, at *2 (no evidence of bad faith where motion to amend filed within court-imposed deadline).

      **D.**      **Plaintiff's Second Amended Complaint Has Merit And Is Not Futile.**

           **1.**      **Plaintiff Adequately Pleads Misappropriation of Trade Secrets Under N.C. Gen. Stat. §§66-152.**

Plaintiff's Second Amended Complaint adequately pleads a claim for misappropriation of trade secrets under N.C. Gen. Stat. §§66-152.  North Carolina law provides that "[t]he owner of a trade secret may pursue a civil action if that secret is misappropriated." *Area Landscaping, L.L.C. v. Glaxo-Wellcome, Inc.*, 160 N.C. App. 520, 524, 586 S.E.2d 507, 511 (2003).  North Carolina law defines a trade secret as:

> business or technical information, including but not limited to a formula, pattern, program, device, compilation of information, method, technique, or process that:
>     a. Derives independent actual or potential commercial value from not being generally known or readily ascertainable through independent development or reverse engineering by persons who can obtain economic value from its disclosure or use; and

6

    b. Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

N.C. Gen. Stat. §§66-152(1). The statute also defines misappropriation as
the acquisition, disclosure, or use of a trade secret of another without express or implied authority or consent, unless such trade secret was arrived at by independent development, reverse engineering, or was obtained from another person with a right to disclose the trade secret.

N.C. Gen. Stat. §§66-152(3). Furthermore, the relevant statutory definition for "person" includes both individuals and corporations. N.C. Gen. Stat. §§66-152(2).

    The Second Amended Complaint sufficiently alleges all of the requirements to show that the additional claims have merit. UTC has identified several documents that reflect UTC's trade secrets with "sufficient particularity so as to enable a defendant to delineate that which he is accused of misappropriating and a court to determine whether misappropriation has or is threatened to occur." UTC has identified by Bates numbers in the complaint, and attached to this motion as exhibits filed under seal, some of these discovered documents. These documents include UTC's confidential and competitively sensitive detailed financial records and forecasts (*see, e.g.,* Ex. E, LIQ00625109), UTC's confidential regulatory submissions and correspondences (*see, e.g.,* Ex. F, LIQ00657099-LIQ00657122; Ex. G, LIQ00615690-801), and UTC's confidential and trade secret information regarding drug development and approval efforts, strategies, and confidential protocol development efforts (*see, e.g.,* Ex. H LIQ00622158; Ex. I, LIQ00600322). These documents contain UTC's confidential and competitively sensitive information, and further reflect some of UTC's trade secrets due to the highly valuable nature of this information to a competitor seeking to develop and market a directly competing drug product, which for example requires approval through the same highly intricate process before the same regulatory body (the FDA). Seeking FDA approval further requires the management of clinical trials supporting the safety and efficacy of the drug product, which is a time intensive process requiring significant planning and

7

expense with the management of many interworking pieces. On information and belief, Defendants used UTC's confidential and trade secret information to shortcut their own drug development and approval processes (*see, e.g.,* Ex. J, LIQ00601768), thereby misappropriating UTC's trade secrets to gain a competitive advantage.

These trade secrets were misappropriated because they were acquired, disclosed, and/or used without UTC's authority or consent, and they were not arrived at by independent invention. These documents were taken from UTC without the right or permission to do so. The Second Amended Complaint also alleges sufficiently the attempts by UTC to protect UTC's trade secrets, including the use of confidentiality markings and employment agreements restricting the use of confidential information, intellectual property, and trade secrets. *See* Ex. K at 2 (Dr. Roscigno's 1997 employment agreement with UTC's subsidiary, Lung Rx, Inc., under an "Employee" status, including clear provisions regarding confidentiality obligations agreed to by Dr. Roscigno) and Ex L at 5-7 (Dr. Roscigno's 2007 employment agreement with Lung Rx, Inc., as an "Executive" including clear description of intellectual property rights, including trade secrets, that are solely and exclusively owned by and retained by UTC, and clear delineation of what constitutes UTC's confidential information and Dr. Roscigno's continuing obligation to keep such information confidential).

        **2.**    **Plaintiff Adequately Pleads Misappropriation of Trade Secrets Under 18 U.S.C. §1836 *et seq*.**

The Defend Trade Secrets Act provides a federal civil cause of action to redress trade secret misappropriation. *See Par Pharm., Inc. v. QuVa Pharma, Inc.*, 764 F. App'x 273, 278 (3d Cir. 2019). The DTSA broadly defines trade secrets as "all forms and types of financial, business, scientific, technical, economic, or engineering information" as long as the owner of the trade secret "has taken reasonable measures to keep such information secret" and if the owner "derives

8

independent economic value" from the information. 18 U.S.C. §1836. As previously explained in part 1 (*supra*), the complaint alleges sufficient facts to fulfill these pleading requirements. Additionally, UTC has pleaded with sufficient particularity the identified trade secrets "so as to provide notice to a defendant of what he is accused of misappropriating and for a court to determine whether misappropriation has or is threatened to occur. *Flexible Techs., Inc. v. SharkNinja Operating LLC*, Civil Action No. 18-348-CFC, 2019 WL 1417465, at *2 (D. Del. Mar. 29, 2019). Lastly, the interstate requirement of 18 U.S.C. §1836(b) is easily satisfied by the fact that UTC sells its products all across the United States, submits confidential business information from its offices in various states to FDA authorities in Washington D.C., that Liquidia would have done similarly in relying on UTC information in its FDA submission(s), and (if approved) Liquidia's proposed generic product similarly will be sold nationwide.

3. **Plaintiff Adequately Pleads Unfair and Deceptive Business Practices.**

Plaintiff's Second Amended Complaint also adequately pleads a claim of unfair and deceptive business practices against Defendant Liquidia. N.C. Gen. Stat. § 75-1.1 provides, in relevant part, that:

> Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful.

Plaintiff's Second Amended Complaint alleges that Liquidia acquired knowledge of UTC's trade secret information by improper means, as it was taken by Dr. Roscigno in violation of Dr. Roscigno's clear obligations to maintain the confidentiality of UTC's confidential, competitively sensitive, intellectual property, and trade secret information. Plaintiff's Second Amended Complaint alleges that Liquidia knew or had reason to know that the trade secret was acquired by improper means. For example, Dr. Roscigno retained such confidential documents despite terminating his employment with UTC or Lung Rx, in violation of his employment agreements'

9

provisions.

To plead a valid claim for unfair or deceptive business practices, Plaintiff must show: (1) defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff. *Dalton v. Camp*, 353 N.C. 647, 656 (2001). Liquidia's use, disclosure, and exploitation of UTC's confidential, proprietary, competitively sensitive, intellectual property, and trade secret information for use in developing and securing approval of Liquidia's Proposed Generic Product from the FDA constitutes an unfair or deceptive act or practice. Liquidia's intentional misappropriation of UTC's confidential, proprietary, competitively sensitive, and trade secret information to gain a competitive advantage and push their Proposed Generic Product to the market substantially affects the commerce of any state in which both UTC and Liquidia conduct business, including North Carolina where Liquidia and UTC both have facilities. Liquidia's previous and continuing use of UTC's confidential, proprietary, competitively sensitive, and trade secret information to gain a competitive advantage to market a directly competing drug product is to UTC's detriment and in violation of UTC's intellectual property rights; but for Liquidia's willful misappropriation of UTC's confidential, proprietary, competitively sensitive, and trade secret information, Liquidia would have needed to dedicate substantial resources in order to even possibly achieve the same results—and quite possibly would not have been able to. Such factual allegations sufficiently state a claim for unfair and deceptive business practices under Rule 12(b)(6).

### E.   Subject Matter Jurisdiction

This court has subject matter jurisdiction over the amended claims included in the second amended complaint pursuant to the provisions of 18 U.S.C. § 1836(c) for the Defend Trade Secrets Act claim, and supplemental jurisdiction through 28 U.S.C. § 1367(a) for the North Carolina misappropriation of trade secrets and unfair trade practice claims.

10

For subject matter jurisdiction for the North Carolina trade secret and unfair trade practice claims, 28 U.S.C. § 1367(a) states in relevant part that:

> … [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

The Third Circuit has interpreted this provision to contain three distinct requirements. First, "[t]he federal claims must have substance sufficient to confer subject matter jurisdiction," second, "[t]he state and federal claims must derive from a common nucleus of operative fact," and third, "the plaintiff's claims [must be] such that [s/]he would ordinarily be expected to try them all in one judicial proceeding." *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 275 (3d Cir. 2001).

Here, the Court has subject matter jurisdiction over the federal patent infringement claims and federal trade secrets claim under 28 U.S.C. §§ 1331, 1338(a)-(b) 2201, and 2202, satisfying the first prong. Second, the N.C. claims for trade secret misappropriation and unfair trade practice are derived from a common nucleus of operative fact. Aside from the fact that these claims were only revealed within the course of discovery in the pending federal question litigation for patent infringement, they clearly would fall under the same nucleus of facts as the federal trade secret claims and involve substantial discovery into and analyses of much of the same underlying factual information. Lastly, the state claims would ordinarily be expected to be tried along with the federal claims in one proceeding due to the close ties in subject matter and core issues. All of the claims stem from the same or closely-related acts involving misappropriation of UTC's trade secrets to gain a competitive advantage in developing and seeking approval for Liquidia's proposed drug product—for which Liquidia's New Drug Application (NDA) submission to the FDA constitutes the litigated artificial act of patent infringement of UTC's three asserted patents. Because of this,

11

it would be expected that all the claims would be tried in one judicial proceeding, and indeed this outcome serves the interest of judicial economy by streamlining proceedings to avoid unnecessary duplication.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests leave to file their Second Amended Complaint.

OF COUNSEL:

William C. Jackson
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue NW
Washington, DC 20005
(202) 237-2727

Bill Ward
BOIES SCHILLER FLEXNER LLP
725 South Figueroa Street, 31st Floor
Los Angeles, CA 90017
(213) 995-5745

Douglas Carsten
Art Dykhuis
Jiaxiao Zhang
Katherine Pappas
MCDERMOTT WILL & EMERY LLP
18565 Jamboree Road, Suite 250
Irvine, CA 92615
(949) 851-0633

Adam W. Burrowbridge
Joshua Revilla
Timothy M. Dunker
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street
Washington, DC 20001-1531
(202) 756-8797

June 4, 2021

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiff United Therapeutics Corporation*

13