IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION, </br></br> Plaintiff, </br></br> v. </br></br> LIQUIDIA TECHNOLOGIES, INC., </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) C.A. No. 20-755 (RGA) (JLH) </br> ) </br> ) REDACTED - PUBLIC VERSION </br> ) </br> ) </br> ) |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM MICHAEL J. FLYNN**
**REGARDING PROTECTIVE ORDER DISPUTE**

OF COUNSEL:

William C. Jackson
GOODWIN PROCTER LLP
1900 N Street NW
Washington, DC 20036
(202) 346-4216

Huiya Wu
Joel Broussard
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

Harrison Gunn
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

Bill Ward
BOIES SCHILLER FLEXNER LLP
725 South Figueroa Street, 31st Floor
Los Angeles, CA 90017
(213) 995-5745

Original filing date: October 12, 2021
Redacted filing date: October 22, 2021

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiff United Therapeutics Corporation*

Douglas Carsten
Art Dykhuis
Jiaxiao Zhang
Katherine Pappas
MCDERMOTT WILL & EMERY LLP
18565 Jamboree Road, Suite 250
Irvine, CA 92615
(949) 851-0633

Adam W. Burrowbridge
Joshua Revilla
Timothy M. Dunker
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street
Washington, DC 20001-1531
(202) 756-8797

Dear Judge Hall:

UTC moves to preclude Dr. Hill from reviewing UTC's Confidential, Highly Confidential, and competitively sensitive information as a Qualified Person under the Protective Order ("PO"). Ex. 1. Dr. Hill has a longstanding and *active* non-litigation role advising Liquidia on the research, development, and regulatory approval of the accused product in this case (LIQ861). This exact circumstance is why the PO exists, *i.e.*, "such confidential information must be protected in order to preserve the legitimate business interests of the Parties[.]" D.I. 33 at 1. Dr. Hill's contribution to Liquidia's R&D efforts in developing a product that competes directly with UTC means that he is not "Independent" under the PO. Instead, he is effectively an employee, inherently biased, and should be precluded from receiving and reviewing UTC's most sensitive competitive information. This is not a close call.

Improperly, Liquidia shifted the burden to discover Dr. Hill's role with Liquidia rather than affirmatively disclosing it as required by the PO. After having to repeatedly demand a current CV, Liquidia still failed to disclose Dr. Hill's significant association with Liquidia such as Chair of Liquidia's Steering Committee. *See Beam Sys. v. Checkpoint Sys*, 1997 WL 364081, at *5 (C.D. Cal. Feb. 6, 1997) ("The failure of [the expert's] resume to disclose such information suggests an affirmative effort to conceal and mislead on the part of [the parties] and their counsel."). Liquidia asserts waiver of this dispute under this Court's dispute procedure. Not so. Ex. 2.

Dr. Hill's *active* role advising Liquidia on LIQ861 justifies disqualification. Courts examine **five factors** when "analyzing whether to approve an expert as 'independent' under the terms of a protective order." Ex. 3 (*AgroFresh Inc. v. Essentiv LLC*, 2019 WL 9514500, at *1 (D. Del. Jan. 10, 2019). These factors uniformly support Dr. Hill's exclusion.

**First**, the PO explicitly excludes "current" employees as Qualified Persons under the PO. PO at 7. Dr. Hill is a *current* independent contractor for Liquidia. Ex. 4. "The fact that [Dr. Hill] is technically referred to as a [contractor] for [Liquidia] does not end the inquiry; rather, the Court must determine whether [Dr. Hill] should be considered a [Liquidia] employee for 'all practical purposes,' based upon his actual relationship with [Liquidia]." *Biovail Lab'ys Int'l SRL v. Abrika, LLLP*, 2007 WL 788849, at *3 (S.D. Fla. Mar. 14, 2007) (quoting *Beam Sys.*, 1997 WL 364081, at *5 (holding that proposed expert consultant's continuing consulting arrangement with receiving party sufficed to deny expert designation)); *Masakazu Ushijima v. Samsung Electronics Co.*, 2014 WL 12160777, at *1 (W.D. Tex. Oct. 30, 2014) (when "employee" is undefined, examining if a proposed expert is "truly independent," *i.e.*, "those who have **no** employment or other association with the parties.'") (emphasis added). Dr. Hill's active work for Liquidia on research, development, and regulatory approval of the accused product compels exclusion under the PO. Liquidia maintains, that Dr. Hill's technical engagement as an "independent consultant" establishes his independence under the PO. Ex. 5 (8/18/21 Email). That is not the law. *See, e.g, Beam Sys.*, 1997 WL 364081, at *4 ("If mere technical non-employee status were sufficient, the requirement of independence could be easily circumvented.").

According to his Agreement Dr. Hill was hired by Liquidia for the ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ at issue in this case. Ex. 4 Appx. A. Dr. Hill's role includes development of the accused technology, *e.g.*, "instrumentation, processes, systems, know-how, intellectual property, manufacturing and technology infrastructure that produces Liquidia's unique isolated particles, particles on film, [etc.]." *Id.* §1. He also maintains competitive roles, e.g., ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to Liquidia. *Id.* Appx. A.

The Honorable Jennifer L. Hall Page 3
October 12, 2021

**Second**, even if not an "employee" under the PO, Dr. Hill's robust and *ongoing* association with Liquidia compels disqualification. Dr. Hill's role with Liquidia will continue throughout the entirety of this litigation. *See* Ex. 4 (agreements spanning 2016–2023). This alone justifies exclusion. *See Beam Sys.* 1997 WL 364081, at *5 (holding proposed expert's continuing consulting arrangement sufficient to exclude).

**Third**, Dr. Hill's "present" "involvement" with "competitive decisions" and "research" is robust. Dr. Hill is the "Lead Advisor" and "Chair of Liquidia's Steering Committee for Liquidia's LIQ861 program." *See* Ex. 6 at LIQ00585862–63. Dr. Hill was instrumental in developing its infringing product as he recruited over half of the members of the steering committee. *See* Ex. 6 at LIQ00585861-63. He also actively advises on ▓▓▓▓▓▓▓▓▓▓▓▓▓ pre-IND questions for FDA approval. *See* Ex. 6 at LIQ00585861-67. Dr. Hill has direct influence on decision makers relating to research and competitive decision making, such as Dr. Hill's VP of R&D "point of contact" (Ex. 4 Appx. A) and Liquidia's Board of Directors; Ex. 7 (5/31/2018 LIQ00663776) (requesting Dr. Hill meet Chairman to discuss potential for LIQ861); Ex. 8 "LIQ861 Program Update *Call with Dr. Nick Hill") (LIQ00770971); Ex. 9 Hill's LIQ861 presentation to BOD (LIQ00623004); Ex. 10 10/25/2019 BOD deck indicating Hill as first of 5 "Pediatric Advisors." *See e.g.,* LIQ00583701, LIQ00583730. Moreover, Dr. Hill has a "considerable" association with Liquidia by being "actively involved in decisions connected with securing regulatory approval" of the accused product since, at least, May 9, 2016. *Ares-Serono, Inc. v. Organon Int'l B.V.*, 153 F.R.D. 4, 6 (D. Mass. 1993); Ex. 11 at LIQ00000699 (Type B Pre-IND meeting). For FDA meetings Dr. Hill advises Liquidia on R&D relating to "Clinical, Nonclinical, and CMC Discussion[s]". Ex. 11 at LIQ00000685; *see also* Ex. 6 at LIQ00585861-67 (attending several FDA meetings).

**Fourth**, the "potential" for Dr. Hill's future "involvement" in "competitive decisions" is established by contract. Dr. Hill will advise Liquidia on the research, development, and regulatory approval of its "Treprostinil Project" (LIQ861) including Liquidia's accused "dry powder inhaler" through 2023. Ex. 4 Appx. A. Liquidia argues that Dr. Hill "does not have competitive decision making authority." Ex. 12 (8/30/21 email). Decision making "authority" is not required. Rather the "*potential*" for "future involvement" and ongoing "advice" is sufficient.

**Fifth**, after *three* tries, Liquidia confirmed: if given a choice between having him as an expert here or him continuing to advise on LIQ861, Dr. Hill would continue his LIQ861 work for Liquidia. Ex. 13 (8/31/21 email). Liquidia's decision to engage a different expert rather than replace its "Lead Advisor" and "Chair" for its LIQ861 program, and FDA advisor is telling.

The threat of economic harm by inadvertent disclosure of competitive information is real. *See Safe Flight Instrument v. Sundstrand*, 682 F. Supp. 20, 22 (D. Del. 1988) (collecting cases protecting "technical information" from "threat of serious economic injury"); *Digital Equip. v. Micro Tech.*, 142 F.R.D. 488, 492 (D. Colo. 1992) ("Once [a company's] confidential and proprietary data is reviewed by [proposed expert], it will become part of his general knowledge, which cannot be 'unlearned' or utilized only on a selective basis."); *Monolithic Power., v. Intersil*, 2018 WL 6113465, at *1 (D. Del. 2018) (same). UTC does not question Dr. Hill's integrity, but *Liquidia's* past conduct cannot be ignored. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 4 (documenting trade secret misappropriation against former UTC employee, Robert Roscigno. Appx. A at LIQ02796902.) The risk of serious harm to UTC is stark. By contrast no prejudice exists by retaining a different expert to review UTC's confidential information. E.g., Ex. 15.

The Honorable Jennifer L. Hall											Page 4
October 12, 2021

                                                       Respectfully,

                                                       Michael J. Flynn (#5333)
                                                       *Counsel for United Therapeutics Corp.*

cc:      Clerk of the Court
           All counsel of record