IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | C.A. No. 20-755 (RGA) (JLH) ) ) |
| LIQUIDIA TECHNOLOGIES, INC., | ) **REDACTED -** ) **PUBLIC VERSION** ) |
| Defendant. | ) |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM MICHAEL J. FLYNN
REGARDING 35 U.S.C § 315 AND OBJECTIONS TO LIQUIDIA'S EXPERT REPORTS**

OF COUNSEL:

William C. Jackson
GOODWIN PROCTER LLP
1900 N Street NW
Washington, DC 20036
(202) 346-4216

Huiya Wu
Joel Broussard
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

Harrison Gunn
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

Amy L. Mahan
MCDERMOTT WILL & EMERY LLP
200 Clarendon Street
Floor 58
Boston, MA 02116-5021
(617) 535-4000

Original Filing Date: November 1, 2021
Redacted Filing Date: November 9, 2021

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiff United Therapeutics Corporation*

Douglas Carsten
Art Dykhuis
Jiaxiao Zhang
Katherine Pappas
MCDERMOTT WILL & EMERY LLP
18565 Jamboree Road, Suite 250
Irvine, CA 92615
(949) 851-0633

Adam W. Burrowbridge
Joshua Revilla
Timothy M. Dunker
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street
Washington, DC 20001-1531
(202) 756-8797

Dear Judge Hall:

UTC moves under Paragraph 10(a) of the Scheduling Order (D.I. 20) to exclude opinions Liquidia's expert is statutorily estopped from raising as a result of 35 U.S.C. § 315(e)(2). That section provides that

> The petitioner in an inter partes review of a claim in a patent … that results in a final written decision … may not assert … in a civil action … that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review.

35 U.S.C. § 315 (e)(2). On October 8, 2021 the Patent Trial and Appeal Board (PTAB) issued a Final Written Decision ("FWD") (D.I. 205-1) regarding Liquidia's invalidity challenges to the '901 patent. Precedent and the plain language of the statute is clear: as the petitioner in an IPR proceeding that resulted in a final written decision, Liquidia is precluded from asserting "any ground" that it "raised or reasonably could have raised" in that IPR challenge.

Estoppel under § 315 is "broad and … the prior art references or combinations a petitioner 'could have raised' includes any references that were known to the petitioner or that could reasonably have been discovered by 'a skilled researcher conducting a diligent search.'" *Parallel Networks Licensing, LLC v. Int'l Bus. Machs. Corp.*, 2017 WL 1045912, at *11 (D. Del. Feb. 22, 2017), *aff'd*, 721 F. App'x 994 (Fed. Cir. 2018). "Allowing an IPR petitioner to have two bites at the apple by holding back certain … combinations runs counter to both the clear language and purpose behind § 315." *Novartis Pharms. Corp. v. Par Pharm. Inc.*, No. CV 14-1289-RGA, 2019 WL 9343055, at *2 (D. Del. Apr. 11, 2019); *f'real Foods, LLC v. Hamilton Beach Brands, Inc.*, No. 16-41-CFC, 2019 WL 1558486 (D. Del. Apr. 10, 2019) (precluding defendant from basing invalidity arguments on any prior art combinations that were raised or could have been raised in related IPR proceedings); *WiLAN Inc. v. LG Elecs. Inc.*, 421 F. Supp. 3d 911, 922-925 (S.D. Cal. 2019) ("for the phrase 'reasonably could have been raised during that inter partes review' in 35 U.S.C. § 315(e)(2) to have any meaning, it must refer to grounds that were not actually in the IPR petition, i.e., non-petitioned grounds, but 'reasonably could have been' included in the petition," and collecting cases); *Trs. of Columbia Univ. v. Symantec Corp.*, 390 F. Supp. 3d 665, 674, 680-681 (E.D. Va. 2019) ("the purpose of *inter partes review* and fundamental principles of fairness nearly compel [estoppel]"); *Cal. Inst. of Tech. v. Broadcom Ltd.*, No. CV 16-3714-GW (AGRX), 2018 WL 7456042, at *4-8 (C.D. Cal. Dec. 28, 2018); *modified* 2019 WL 8807924, at *11 (C.D. Cal. Nov. 21, 2019) (finding defendants "estopped from presenting each of their 35 U.S.C. § 103 obviousness invalidity grounds[.]").

Notwithstanding this statutory prohibition, Liquidia's expert report(s) disclosed proposed testimony that the '901 patent is invalid as anticipated and/or obvious on a number of grounds. Liquidia's expert's anticipation and obviousness grounds encompass the same arguments Liquidia raised in the IPR. *Compare* Ex. 1 (Opening Expert Report of Dr. Jeffrey Winkler) ("Winkler Report) and Ex. 2 (Liquidia's First Suppl. Invalidity Contentions) ("IC") at 2-3 *with* Ex. 3 (Liquidia Petition for IPR) ("Petition) and FWD at 7 *et seq.* Liquidia's expert asserts that claims 1-4 and 6 of the '901 patent are anticipated by references that were already raised in the IPR, including that "[t]he Products of The … '901 Patent Claims Are the Same as the Invalidated '393 Patent's Product." Ex. 1 (Winkler Report) at 41; Ex. 3 (Petition) at 5, 9-11, 24; *see also* Ex. 1 (Winkler Report) at 2-3, 23-46, Ex. 2 (IC) at, e.g., 2, 37-38 ("the patents claim the same product-

The Honorable Jennifer L. Hall                                                                                          Page 2
November 1, 2021

by-process"), 110-111 (incorporating Section II.A, B.). These grounds previously were "raised or reasonably could have been raised[.]" in Liquidia's IPR challenge. Liquidia is thus estopped from raising that same ground in this proceeding. Liquidia's expert report offering an opinion on that topic goes beyond the scope of permissible expert testimony. UTC respectfully requests an order striking portions of Liquidia's expert report(s) asserting such grounds, e.g., Ex. 1 (Winkler Report) sections VII and IX.A, which re-assert grounds raised in Liquidia's IPR relating to the '901 patent.

During the meet and confer efforts, Liquidia indicated that it believed estoppel does not apply because the IPR proceedings are still subject to appeal. Courts in this district have expressly found that that fact is irrelevant. As Judge Noreika stated, "The Court understands that allowing Plaintiff to proceed at trial on claims that have been found by the PTAB to be invalid while at the same time preventing Defendant from asserting prior art defenses against these claims based on estoppel under § 315(e)(2) seems counterintuitive. That said, it is a permissible result that follows from the statute and relevant case law. And although the Court could perhaps stay the trial on the invalidated claims until after the decision in the appeal of the PTAB's determination, to do so risks more significant inefficiencies for the Court and the parties[.]" *TrustID, Inc. v. Next Caller Inc.*, No. 18-172 (MN), 2021 WL 3015280, at *4 (D. Del. July 6, 2021).

This District recognizes that § 315 estoppel applies to attempts to rely on prior art product arguments even if cloaked in another label. *See Wasica Fin. GmbH v. Schrader Int'l, Inc.*, 432 F. Supp. 3d 448, 453-455 n.6 (D. Del. 2020), *appeal dismissed*, No. 2020-2124, 2020 WL 8374870 (Fed. Cir. Sept. 24, 2020) ("IPR estoppel applies in litigation to 'a patent challenge [that] is simply swapping labels for what is otherwise a patent or printed publication invalidity ground in order to "cloak" a prior art ground and "skirt" estoppel'"). That is because "IPR estoppel extend[s] to invalidity 'grounds' that include a physical product when a patent or prior art publication – to which the physical product is entirely cumulative – was reasonably available during the IPR[.]" *Id.* at 453, 455 n.7. That is precisely the argument Liquidia makes here. *See also TrustID, Inc.*, 2021 WL 3015280, at *1 (finding inclusion of a reference in later invalidity contentions supports finding estoppel, as "the fact that Defendant included [the reference] in its invalidity contentions filed just several months after the IPR petition confirms that a skilled searcher likely would have been able to find the reference."); *Vaporstream, Inc. v. Snap Inc.*, No. 217CV00220MLHKSX, 2020 WL 136591, at *22-23 (C.D. Cal. Jan. 13, 2020) (collecting cases in granting summary judgment based on IPR estoppel, despite defendant's citation of allegedly prior art *system* references); *Oil-Dri Corp. of Am. v. Nestlé Purina Petcare Co.*, No. 15 C 1067, 2019 WL 861394, at *10 (N.D. Ill. Feb. 22, 2019) ("[w]here there is evidence that a petitioner had reasonable access to printed publications corresponding to or describing a product that it could have proffered during the IPR process, it cannot avoid estoppel simply by pointing to [a] finished product (rather than the printed materials) during litigation").

For example, Liquidia cites the '393 Patent and "UTC's 'Former' Publicly Known Process" or "internal UTC documents" to challenge novelty of the '901 patent under § 102(b). Ex. 1 (Winkler Report) at 2, 23-46; Ex. 2 (IC) at 2, 37-39, 41-44, 110-111 ("The scope and content of the prior art with respect to the '066 Patent, described in Section II.A *supra*, applies to the '901 Patent," incorporating product-by-process "reasons stated in Section II.B"). Subsection B of Liquidia's Anticipation ground makes clear that the internal documents only serve to support its invalidity position previously litigated in the IPR. Not only could Liquidia have "reasonably…raised" these arguments in the IPR, Liquidia actually did so. *See* Ex. 3 (Petition) at

The Honorable Jennifer L. Hall  Page 3
November 1, 2021

*e.g.*, 10, 13, 24, 29, 31, 44. According to Liquidia's IPR arguments: "the claims of the '901 patent are product-by-process claims and the claimed process does not produce a product that is materially distinct from the product produced by the prior art, thus, the claims of the '901 patent are invalid as obvious." *Id.* at 24. Liquidia's product-by-process ground argument was previously raised and/or could reasonably have been raised in its IPR challenge. Liquidia's experts are estopped from providing testimony regarding those grounds again here.

Liquidia also argues claims 1-4, 6, and 8 of the '901 patent are obvious. Ex. 1 (Winkler Report) at 5-6, 130-158; Ex. 2 (IC) at 108-146 (incorporating Section II.A). Dr. Winkler and Liquidia, for example, again assert that "Claims 1-4, 6, and 8 of the '901 Patent are Obvious over Moriarty and Phares." Ex. 1 (Winkler Report) at 130. Dr. Winkler and Liquidia admit these same grounds were already raised in the IPR. *Id.* at 158 ("The Board Has Already Found Claims of the '901 Patent Unpatentable as Obvious Over Moriarty and Phares"). Again Liquidia is statutorily estopped from raising those grounds here.

Although statutory estoppel precludes Liquidia's arguments, during meet and confer, Liquidia took the position that collateral estoppel prevents UTC's assertion of claims 1-9 of the '901 patent. Liquidia is wrong. Under Federal Circuit law, "an IPR decision does not have preclusive effect until that decision is either affirmed or the parties waive their appeal rights." *TrustID* at *3 (collecting cases); *see also B & B Hardware, Inc. v. Hargis Indus., Inc*, 575 U.S. 138, 154 (2015) ("Issues are not identical if the second action involves application of a different legal standard, even though the factual setting of both suits may be the same."). As Judge Noreika stated, "[i]n IPR proceedings before the PTAB, invalidity must be proven by a preponderance of the evidence, whereas in district court cases it must be proven by clear and convincing evidence. The differing legal standards preclude the application of collateral estoppel." *TrustID* at *3 n.2 (citation omitted). As a result, the standard for prevailing before the PTAB is different from the standard applied by this Court. Therefore, until the Federal Circuit affirms the decision on the appeal, *if it does*, the PTAB's ruling does not have preclusive effect on these proceedings.

At this time, the above captures the current evidentiary disputes between the parties ripe for Your Honor's consideration and ruling. UTC had further timely notified Liquidia of other objections regarding scope or content of Liquidia's expert reports. UTC, however, does not see benefit to burdening the court with those additional disputes at this time, and instead respectfully seeks the Court's intervention only regarding the issue of estoppel under § 315(e)(2), as described above.

For the reasons identified above, Liquidia is estopped from asserting that the '901 patent is anticipated or obvious. Its experts cannot provide testimony on those issues, and any expert reports disclosing potential testimony on those grounds exceed the scope of proper expert testimony in this case. UTC requests the estopped opinions in Liquidia's expert report(s) be stricken.

Respectfully,

Michael J. Flynn (#5333)
*Counsel for United Therapeutics Corp.*

cc: Clerk of the Court
All counsel of record