IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION, : | |
| Plaintiff, : | |
| v. : | Civil Action No. 20-755-RGA |
| LIQUIDIA TECHNOLOGIES, INC., : | |
| Defendant. : | |

**ORDER ON MOTIONS IN LIMINE**

Plaintiff's MIL #1 (D.I. 323). The parties agree that the '393 patent is not prior art. Thus, for purposes of deciding obviousness, it is irrelevant. Whether the same product—trepostinol—is the product of the claims of the '393, '901, and '066 patents is also irrelevant to obviousness. Thus, any obviousness arguments directed to the '901 and '066 patents based the two patents "claiming the same product" as the '393 patent are not probative. Plaintiff's motion is **GRANTED** to the extent it seeks to exclude that argument. Based on what counsel said at the pretrial conference, it appears that the only theory Defendant wanted to offer this evidence for was disputed factual issues relating to collateral estoppel. I ruled that factual issues relating to collateral estoppel would not be tried at the March 28th trial.

As to the '901 patent, non-infringement is stipulated. Defendant, I believe, has a counterclaim for invalidity. Defendant can pursue its counterclaim. What it cannot do, however, is to pursue that counterclaim based on "any ground that [it] raised or reasonably could have raised during [its instituted IPR that has resulted in a final written decision]." There is no exception for "successful" grounds. Perhaps if there were a jury and if there were infringement claims, I would have to consider any claimed issues of unfairness to Defendant in excluding its

"successful" grounds. But those issues are not present in the posture of this case. Statutory estoppel applies, and Plaintiff's motion is **GRANTED** on this issue too.

Plaintiff's MIL #2 (D.I. 325). Plaintiff's motion is **DENIED**. Ghofrani and Voswinckel on their face each have a different inventive entity than the '793 patent. In the absence of any other evidence, that is enough to make them art "by others." But it seems like there will be other evidence. Thus, whether Ghofrani and Voswinckel are in fact prior art is therefore an issue for trial to be decided after consideration of the relevant admissible evidence.

Defendant's MIL (D.I. 320). Dr. Fawzi may not opine that the PTAB got the invalidity decision as to the '393 patent wrong or that there are "clear errors in" "the '393 IPR panel's conclusions." It is not clear from the briefing how much more Defendant is trying to limit Dr. Fawzi. There was further elucidation during the pretrial conference, and the issues overlap with the issues in the pending motion for summary judgment (D.I. 281), which is referred to a magistrate judge. I may need to consider that motion's resolution before reaching any further conclusions.

The balance of the dispute, including whether Dr. Fawzi's opinions involving column chromatography are "non-sensical," appear to relate to invalidity challenges to the '066 and '901 patents and are best handled by cross-examination and/or opposing testimony from Defendant's experts.

Thus, Defendant's motion is **GRANTED** in part, **DENIED** in part, and **LEFT OPEN** in part.

IT IS SO ORDERED this 4th day of March 2022.

_____
United States District Judge