IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) ) ) ) |
| Plaintiff, | ) Redacted - Public Document ) |
| v. | ) C.A. No. 20-755-RGA-JLH ) ) |
| LIQUIDIA TECHNOLOGIES, INC., | ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PORTIONS OF
DR. MAHDI FAWZI'S REBUTTAL EXPERT REPORT**

OF COUNSEL:
Sanya Sukduang
Jonathan Davies
Douglas W. Cheek
Adam Pivovar
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
(202) 842-7800

Erik Milch
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190
(703) 546-8000

Ivor Elrifi
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
(212) 479-6000

Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Defendant Liquidia Technologies, Inc.*

Deepa Kannappan
Lauren Krickl
Brittany Cazakoff
Kyung Taeck Minn
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5000

Dated:  February 11, 2022

-i-

## Table of Exhibits

| | |
|---|---|
| **Ex. 1** | Final Written Decision (Paper No. 82), entered March 31, 2017 in *SteadyMed Ltd. v. United Therapeutics Corp.*, No. IPR2016-00006 |
| **Ex. 2** | Rebuttal Expert Report of Mahdi Fawzi, Ph.D submitted November 12, 2021 |
| **Ex. 3** | Transcript from the January 14, 2022 Deposition of Mahdi Fawzi, Ph.D., in *United Therapeutics Corporation v. Liquidia Technologies, Inc.,* Case No. 20-755 (excerpted) |
| **Ex. 4** | Rebuttal Expert Report of Karl Scheidt, Ph.D submitted November 12, 2021. |
| **Ex. 5** | Transcript from the January 13, 2022 Deposition of Karl Scheidt, Ph.D., in *United Therapeutics Corporation v. Liquidia Technologies, Inc.,* Case No. 20-755 (excerpted) |
| **Ex. 6** | Transcript from the April 15, 2021 Deposition of Robert R. Ruffolo, Ph.D., in *United Therapeutics Corporation v. Liquidia Technologies, Inc.,* Case No. 20-755 (excerpted) |
| **Ex. 7** | Transcript from the September 14, 2021 Deposition of David Walsh, Ph.D., in *United Therapeutics Corporation v. Liquidia Technologies, Inc.,* Case No. 20-755 (excerpted) |
| **Ex. 8** | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇<br>(UTC_OREN_00572118-132) |

Liquidia respectfully moves the Court for an order precluding United Therapeutics Corporation ("UTC") from introducing the opinions of Dr. Fawzi reflected in ¶¶ 92-114 of his Rebuttal Expert Report ("Fawzi Report"). To support the validity of U.S. Patent Nos. 9,593,066 ("'066 patent") and 9,604,901 ("'901 patent"), Dr. Fawzi re-analyzes data obtained from batches of treprostinil UTC made following its prior art process and the process disclosed in the '066 and '901 patents and presents opinions regarding attributes of the disclosed process. Dr. Fawzi's re-analysis should be collaterally estopped because the PTAB, considering the identical data in conjunction with an IPR proceeding involving U.S. Patent No. 8,497,393 ("'393 patent"), which shares the same specification as the '066 and '901 patents, already determined that the data did not establish patentability of the products claimed by the process disclosed in the '393 patent. *See* Ex. 1 at 34. Further, the PTAB already considered the alleged attributes and determined they did not lead to patentable subject matter. *Id.* at 66-67. These issues were fully litigated and decided before the PTAB and later affirmed by the Federal Circuit. *See SteadyMed Ltd. v. United Therapeutics Corp.*, No. IPR2016-00006, 2017 WL 1215714, Paper No. 82 (P.T.A.B. Mar. 31, 2017); *aff'd*, 702 F. App'x 990 (Fed. Cir. 2017).

Collateral estoppel prohibits relitigation of (1) the same issue involved in a prior action (2) that was actually litigated and (3) determined by a final and valid judgment where (4) the determination was essential to the prior judgment. *See Karns v. Shanahan*, 879 F.3d 504, 514 n.3 (3d Cir. 2018). As long as the previously and currently litigated issues are the same, collateral estoppel may be applied despite minor differences between unadjudicated and adjudicated patent claims that do not materially alter the underlying issues. *See Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1343 (Fed. Cir. 2013); *Sprint Commc'ns. Co. v. Cequel Commc'ns, LLC*, C.A. Nos. 18-1919-RGA, 18-2033-RGA, 2020 WL 3048175, at *3-6 (D. Del. Jun. 8, 2020)

(Andrews, J.) (applying collateral estoppel despite differences in claim language).  Federal Circuit affirmation of the PTAB's decision renders an issue-preclusive final judgment.  *See XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282, 1294 (Fed. Cir. 2018).

I. **Dr. Fawzi Relies on the Same Data Rejected by the PTAB in the '393 Patent IPR**

In ¶¶ 100-114 of Dr. Fawzi's Report, he "reviewed the certificates of analyses of the ▮ UT-15 batches [of treprostinil free acid] made by the Chicago process and the ▮ UT-15 batches made by the Silver Spring process that Dr. Williams used in his calculations," and opines that his re-analysis "reveals clear errors in Dr. Winkler's **and the '393 IPR panel's conclusions**."  Ex. 2, ¶¶ 100-114 (emphasis added); *see also* Ex. 3, 250:4-254:1.  Dr. Fawzi admits that the same data was analyzed by UTC's expert Dr. Williams in the '393 patent IPR and his analysis was found unpersuasive by the PTAB, which was affirmed by the Federal Circuit.  *See* Ex. 1, 34-36; Ex. 2, ¶¶ 74, 100; Ex. 3, 250:4-254:1; *SteadyMed*, 2017 WL 1215714, *aff'd*, 702 F. App'x 990.

While Dr. Fawzi attempts to distinguish his analysis from that considered by the PTAB, Dr. Fawzi nonetheless is re-litigating the issue of whether this same data establishes that the product of the invention claimed by the '393, '066, and '901 patents is different from the product of the prior art.  Ex. 3, 250:4-254:1, 255:23-256:7, 290:3-292:21.  Indeed, Dr. Fawzi specifically calls out the PTAB's "scientifically unsound reasoning," and states the PTAB made "clear errors" in its conclusions.  Ex. 2, ¶¶ 101, 105.  There can be no clearer example of collateral estoppel.  As such, the Court should preclude Dr. Fawzi from presenting the opinions set forth in ¶¶ 100-114 of his report based on collateral estoppel.

II. **Dr. Fawzi Raises Additional Features Already Presented and Rejected by the PTAB**

In ¶¶ 92-99 of Dr. Fawzi's Report, he opines that the process UTC implemented in its Silver Spring facility, the process disclosed in the specifications of the '393, '066, and '901 patents

(*see* Ex. 2, ¶ 93; Ex. 3, 42:6-43:12), resulted in numerous improvements over the prior art process UTC used in Chicago, including ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which allegedly resulted in advantages, including a more economical, safer, faster, greener, easier to operate process. *See* Ex. 2, ¶¶ 92-93, 96-98. Based on this analysis, Dr. Fawzi opines that the product of the '066 and '901 patents is different from that of the prior art Chicago product. *See id.*, ¶ 99. Dr. Fawzi's opinions should be struck for two reasons.

First, UTC asserted during claim construction and in its expert reports that the claims of the '066 and '901 patents can include column chromatography after alkylation. *See* D.I. 75, 11, 18-19, 51-53; Ex. 4, ¶¶ 111-112; Ex. 5, 107:16-108:9, 124:4-126:9, 134:11-135:20. UTC's experts and inventors have acknowledged, however, that including column chromatography eliminates the alleged advantages. Ex. 6, 80:20-82:22; Ex. 7, 80:15-83:15; 88:12-91:3; 167:1-168:20. Dr. Fawzi should be precluded from asserting alleged advantages achieved through exclusion of column chromatography because UTC's interpretation of the claims includes column chromatography.

Second, these advantages were already presented to the PTAB during the '393 patent IPR and were determined that they did not result in a structurally or functionally different product. *See* Ex. 1, 25-26, 29-31, 39-43, 53-54, 80-83. The PTAB's conclusion is correct because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 8, UTC_OREN_00572127. Because these same facts were previously presented to the PTAB, for the same purpose as here (allegedly establishing the disclosed process results in a product different from that of the prior art), and rejected, Dr. Fawzi should be collaterally estopped from relying on the same alleged advantages and presenting opinions from ¶¶ 92-114 of his Report.

OF COUNSEL:
Sanya Sukduang
Jonathan Davies
Douglas W. Cheek
Adam Pivovar
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
(202) 842-7800

Erik Milch
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190
(703) 546-8000

Ivor Elrifi
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
(212) 479-6000

Deepa Kannappan
Lauren Krickl
Brittany Cazakoff
Kyung Taeck Minn
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5000

Dated: February 11, 2022

/s/ Nathan R. Hoeschen
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Defendant Liquidia Technologies, Inc.*

-4-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | Redacted - Public Document |
| v. | ) ) | C.A. No. 20-755 (RGA) |
| LIQUIDIA TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PORTIONS OF DR. MAHDI FAWZI'S REBUTTAL EXPERT REPORT**

Liquidia's motion *in limine* to preclude Dr. Fawzi from testifying on the opinions in ¶¶ 92-114 of his Rebuttal Expert Report (Ex. A) regarding the '066/'901 patents' validity is meritless. Liquidia claims that collateral estoppel precludes this testimony based on opinions from a different expert, in a different litigation involving a different patent (the '393 patent) in a different forum (PTAB). Mot. at 1. Collateral estoppel cannot apply because the issue of validity presented here has not been previously litigated. The asserted claims have different limitations from the '393 patent and, in fact, some are an entirely different statutory class. The testimony that Liquidia seeks to preclude addresses those limitations and, thus, has never been previously litigated. Additionally, Liquidia's newly identified collateral estoppel theory is untimely and prejudices UTC.

1. <u>The premise of Liquidia's motion is fatally flawed</u>. UTC is not relitigating "the same issue involved in a prior action." Mot. at 1. The '393 IPR panel never considered whether the product claimed by the '066 patent is "the same" as the prior art. *See* Ex. B. ("MSJ Response") at 5-6. When the PTAB considered the validity of the '066 patent—with knowledge of the '393 IPR—it concluded that the '066 product was not the same or obvious over the prior art. Ex. C ("'066 IPR Denial") at 2-3. This is dispositive. The "issue of invalidity" of the '066 patent and the prior art is materially different from the "issue of invalidity" of the '393 patent. *Purdue Pharma L.P. v. Mylan Pharms. Inc.*, 2017 WL 2569604, at *1 (D. Del. June 13, 2017) ("the correct standard for whether collateral estoppel applies in a patent case is not whether the claims are substantially identical, but whether the issue of invalidity common to each action is substantially identical.").

The '393 IPR panel never considered whether batch data analyzed by Dr. Fawzi supports non-obviousness of the asserted claims. The asserted claims recite limitations not present in the '393 patent claims and, thus, not addressed in the '393 IPR. For example, the '393 IPR panel never considered whether a product "whereby a level of one or more impurities found in the starting

batch of treprostinil is lower in the pharmaceutical composition" was the same as, or rendered obvious by, the prior art. *See* '066 Patent Cls. 1-7. Similarly, the panel never considered whether the '066 product "stable at ambient temperature" was the same as, or rendered obvious by, prior art. *See* '066 Patent Cls. 6, 8. Moreover, under 35 U.S.C. § 311(b), the inventor-generated data Liquidia seeks to exclude could not form "the basis" of the '393 IPR Final Written Decision ("FWD") and was not essential to the prior judgment. *Qualcomm Inc. v. Apple Inc.*, 2022 WL 288013, at *4 (Fed. Cir. Feb. 1, 2022). UTC therefore is not relitigating "(1) the same issue involved in a prior action, (2) that was actually litigated and (3) determined by a final and valid judgment where (4) the determination was essential to the prior judgment." Mot. at 1.

Dr. Fawzi opined the product of the '066 patent is distinct from the prior art product, in part, because there is a measurable improvement in impurities. The patented process 

Ex. A ¶ 109. Moreover, it

*Id.* Dr. Fawzi concludes that the product of the '066 patent

(*id.* ¶ 110).

Liquidia is wrong that this is the "same data rejected by the PTAB in the '393 Patent IPR." Mot. at 2. The panel considered 178 batches whereas Dr. Fawzi analyzed ▮▮▮▮ accounting for Liquidia's criticisms concerning ▮▮▮▮ Ex. A. ¶ 103. Accordingly, Liquidia's representation that the same data was analyzed is incomplete. *Id.*; Ex. D (291:15-292:5). This difference in data is not academic. The '393 IPR panel found that the "data [presented in the IPR] d[id] not account for [] significant inter-batch variation" (Ex. H at 37). On the other hand, the data analyzed by Dr. Fawzi is "statistically significant" (Ex. A ¶¶ 105-106) and

resulted in ███████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████ (*id*. ¶ 107). Liquidia's expert did not contest Dr. Fawzi's statistical findings. Liquidia's motion to exclude Dr. Fawzi's opinions, when neither the data nor the product was considered or "actually litigated" in the '393 IPR, should be denied.

2. <u>The request to strike "improvements over the prior art process" should also be denied</u>. The '066 patent claims a process resulting in an improved product with less impurities and increased stability. When the claim elements are performed, without certain unclaimed steps such as column chromatography, the steps result in a more economical and safer process. The use of "comprising" claims protects UTC from an infringer's inclusion of unnecessary steps simply to avoid infringement. Liquidia's argument is a red herring. Evidence concerning the benefits of the patented process should not be precluded because the claims do not exclude unnecessary steps.

3. <u>Liquidia never disclosed its collateral estoppel defense</u>. Liquidia argues that its bare reference to "*SteadyMed*" is sufficient to disclose a "collateral estoppel" defense. Ex. E ("MSJ Reply") at 10. A mere reference to "*SteadyMed*" is not sufficient under Fed. R. Civ. P. 8(c) to plead a collateral estoppel defense. Liquidia has forfeited that defense. Allowing Liquidia to conjure that defense from thin air at this late date would prejudice UTC. Liquidia relies on *Willow Wood,* but in that case, it was undisputed that the asserted claims were not materially distinct from the invalidated claims. *Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013). Here, there are significant contested differences in claim scope. Liquidia nevertheless attempts to preclude *all* evidence of differences between the unadjudicated/adjudicated claims and the resulting products. Liquidia's focus on a batch-to-batch analysis while concealing its collateral estoppel argument based on that very theory amounts to a highly prejudicial bait and switch.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> LIQUIDIA TECHNOLOGIES, INC., <br><br> Defendant. | Redacted - Public Document <br><br> C.A. No. 20-755-RGA-JLH |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE PORTIONS OF DR. MAHDI FAWZI'S REBUTTAL EXPERT REPORT**

OF COUNSEL:
Sanya Sukduang
Jonathan Davies
Douglas W. Cheek
Adam Pivovar
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
(202) 842-7800

Erik Milch
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190
(703) 546-8000

Ivor Elrifi
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
(212) 479-6000

Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Defendant Liquidia Technologies, Inc.*

Deepa Kannappan
Lauren Krickl
Brittany Cazakoff
Kyung Taeck Minn
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5000

Dated:  February 11, 2022

UTC's response to Liquidia's motion *in limine* ("Liquidia MIL") addresses the wrong issue. Liquidia's MIL argues that Dr. Fawzi is collaterally estopped from re-litigating the analysis of data previously considered in the '393 IPR to assert the PTAB erroneously invalidated the '393 patent. This argument is distinct from Liquidia's summary judgment motion applying collateral estoppel to the '066 and '901 patents. (D.I. 282; D.I. 303.) UTC's response improperly conflates the two issues and its opposition is not relevant to the *limine* issue before the Court. Indeed, UTC never addresses the fact that Dr. Fawzi expressly states that the PTAB was wrong to invalidate the '393 patent, allegedly because the PTAB erroneously concluded there was batch-to-batch variation. *See* Liquidia MIL, Ex. 2, ¶¶ 100-107 (stating that the recalculation "reveals clear errors in . . . the '393 IPR panel's conclusions."); *see also* Liquidia MIL, Ex. 3, 250:4-254:1. This is the precise circumstance collateral estoppel was meant to prevent.

UTC also does not directly address Liquidia's points that Dr. Fawzi's opinions regarding the inclusion of column chromatography in the asserted claims eliminates the alleged advantages of the '066 and '901 patents, and that the '393 patents' advantages were already considered in the '393 IPR. Rather, UTC asserts, without any supporting authority, that "[e]vidence concerning the benefits of the patented process should not be precluded because the claims do not exclude unnecessary steps." UTC Opp'n to Liquidia MIL, 3. This position is non-sensical. The fact remains that the inclusion of column chromatography, as permitted by the '066 and '901 patent claims, eliminates the advantages Dr. Fawzi rests his opinions on and under controlling precedent, cannot support the validity of the asserted claims of the '066 and '901 patents. *See Therasense, Inc. v. Becton, Dickinson & Co.*, 593 F.3d 1325, 1336 (Fed. Cir. 2010) (finding that appellant's evidence of the invention's advantages "fails because it is not commensurate in scope with the claims[.]") (internal quotation marks and citation omitted).

-2-

OF COUNSEL:
Sanya Sukduang
Jonathan Davies
Douglas W. Cheek
Adam Pivovar
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
(202) 842-7800

Erik Milch
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190
(703) 546-8000

Ivor Elrifi
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
(212) 479-6000

Deepa Kannappan
Lauren Krickl
Brittany Cazakoff
Kyung Taeck Minn
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5000

Dated: February 28, 2022

*/s/ Nathan R. Hoeschen*
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Defendant Liquidia Technologies, Inc.*

## CERTIFICATE OF SERVICE

I, Nathan R. Hoeschen, hereby certify that on February 28, 2022, these documents were served on the persons listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Michael J. Flynn
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

William C. Jackson
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
(202) 346-4216
wjackson@goodwinlaw.com

Bill Ward
BOIES SCHILLER FLEXNER LLP
725 S. Figueroa Street, 31st Floor
Los Angeles, CA 90017
(213) 995-5745
bward@bsfllp.com

Huiya Wu
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
(212) 459-7270
hwu@goodwinlaw.com

Adam W. Burrowbridge
Joshua Revilla
Timothy M. Dunker
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street
Washington, DC 20001-1531
(202) 756-8000
aburrowbridge@mwe.com
jrevilla@mwe.com
tdunker@mwe.com

Douglas H. Carsten
Art Dykhuis
Jiaxiao Zhang
Katherine Pappas
Mandy H. Kim
MCDEMOTT WILL & EMERY LLP
18565 Jamboree Road, Suite 250
Irvine, CA 92615
(949) 851-0633
dcarsten@mwe.com
adykhuis@mwe.com
jiazhang@mwe.com
kpappas@mwe.com
mhkim@mwe.com

Harrison Gunn
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1064
hgunn@goodwinlaw.com

/s/ *Nathan R. Hoeschen*
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*
*Liquidia Technologies, Inc.*