**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>LIQUIDIA TECHNOLOGIES, INC.,<br><br>        Defendant. | )<br>)<br>)  C.A. No.:  1:20-cv-00755-RGA<br>)<br>)<br>)  REDACTED - PUBLIC VERSION<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF JOHN KIM CONCERNING UTC'S HAGUE REQUEST FILED
WITH THE KOREAN NATIONAL COURT ADMINISTRATION**

OF COUNSEL:

William C. Jackson
**GOODWIN PROCTER LLP**
1900 N Street NW
Washington, DC 20036
(202) 346-4216

Douglas H. Carsten
Arthur Dykhuis
Jiaxiao Zhang
Katherine Pappas
**MCDERMOTT WILL & EMERY LLP**
18565 Jamboree Road, Suite 250
Irvine, CA 92612
(949) 851-0633

Adam W. Burrowbridge
Joshua Revilla
Timothy M. Dunker
**MCDERMOTT WILL & EMERY LLP**
500 North Capitol Street, NW
Washington, DC 20001
(202) 756-8000

**MORRIS, NICHOLS, ARSHT & TUNNELL
LLP**

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

*Attorneys for Plaintiff*
*United Therapeutics Corporation*

Originally Filed:  February 22, 2022
Redacted Version Filed:  March 8, 2022

## DECLARATION OF JOHN KIM

The undersigned does hereby swear, affirm, and state as follows:

1. My name is John Kim. I am an adult citizen and resident of Seoul, Korea. The following facts are true and correct based on my personal knowledge and, if called to testify as a witness, I would testify competently to the following.

2. I am a partner at Lee & Ko, one of the leading full-service law firms in Korea. Prior to joining Lee & Ko, I was a Partner resident in the Silicon Valley office of Quinn Emanuel and Assistant General Counsel of IP for Samsung Electronics. I am licensed to practice in Maryland, the District of Columbia, and California and registered to practice before the United States Patent and Trademark Office. I have practiced Cross-Border Litigation and International Dispute Resolution for almost 25 years in the United States and Korea.

3. In early 2021, I was contacted by United Therapeutics Corporation ("UTC") to assist in submitting a Hague Letter Request to obtain documents, samples, and testimony ("the Request") from Yonsung Fine Chemicals Co., LTD ("Yonsung") in connection with the ongoing litigation between UTC and Liquidia Technologies, Inc. captioned *United Therapeutics Corporation v. Liquidia Technologies, Inc.*, Civil Action No. 1:20-cv-00755-RGA (D. Del.). I was subsequently retained by UTC in March 2021 to counsel UTC on matters related to the submission of the Request.

4. I have been asked by UTC to provide a summary outlining the steps UTC has taken to try to submit the Request to the Korean judicial authorities to secure those documents, samples, and testimony.

5. After Lee & Ko was retained to assist with the Request, Lee & Ko contacted the National Court Administration ("NCA"), the judicial agency under the Supreme Court of Korea

responsible for handling incoming Hague Letter requests from all over the world, and the Suwon District Court of Korea, the Korean district court that would have had jurisdiction over Yonsung had the Request been processed further, to duly inquire about the timeline of the Request.

6. UTC filed the Request in the District Court of Delaware and the Request was granted by the Honorable Jennifer Hall on June 21, 2021.

7. After the Request was granted by the District Court of Delaware, Lee & Ko prepared the Korean translation of the Request, and the submission of a courtesy translation to expedite the processing of the Request.

8. The Korean translation of the Request was duly prepared and submitted to the District Court of Delaware in early July of 2021, which was subsequently approved by the District Court and accordingly sent to the Korean judicial authorities on July 14, 2021.

9. Based on Lee & Ko's conversation with the NCA on July 28, 2021, the judicial officers at NCA had not officially received the Request by that date.

10. In light of Lee & Ko's conversation with NCA on August 13, 2021, we learned that the agency commenced its review of the Request on or around the second week of August.

11. On or around August 17, 2021, the NCA notified Lee & Ko that its review of the Request was complete, and its ruling was sent back to the originating court (*i.e.*, the District Court of Delaware). The NCA informed Lee & Ko orally that the entirety of the Request was ruled upon and that no portion of the Request remained pending before the NCA.

12. On or around August 26, 2021, Lee & Ko contacted the NCA to inquire about the status of the written decision being sent back to the District Court of Delaware. The NCA judicial officer explained that the decision had already been sent back.

13. On or around October 7, 2021, Lee & Ko again contacted NCA to inquire about the status of the decision. The NCA judicial officer replied that the decision packet was sent back to the originating court in August 2021. When the NCA judicial officer pulled up the electronic tracking status, however, the package status was described as "not yet arrived" at the destination.

14. During the course of Lee & Ko's communications with the NCA judicial officer, she acknowledged that it was atypical for the packet to take more than a month for delivery. The NCA judicial officer informed Lee & Ko that in light of the missing package a factual inquiry could be made to the Korean Supreme Court to obtain the NCA's ruling on the Requests.

15. Throughout the entire time frame of Lee & Ko's representation on behalf of UTC to work with the NCA, all the government agencies in Korea, including the NCA, were impacted by the global COVID-19 pandemic. Like many other judicial officers around the world, the officers at the NCA, including the aforementioned NCA judicial officer handling UTC's Hague Request, were often ordered to work from home and advised not to hold in-person meetings with stakeholders. Under Korea's strict COVID-19 containment policies and social distancing measures that included massive test-and-trace campaigns, 9 p.m. curfews, four-person gathering limits, two-week quarantine requirements, vaccine passes, and multiple partial lockdowns, the overall administrative processing by the NCA was significantly diminished and communication between the NCA and Lee & Ko was severely hampered.

16. On or around October 13, 2021, Lee & Ko learned that Delaware counsel inquired with the District Court of Delaware to determine whether the NCA's decision had been received by

the Court, the Court had not yet received the NCA's decision, and Lee & Ko was directed by UTC to formally request that the Korean Supreme Court issue a signed and certified ruling in the absence of the NCA's decision.

17. To the best of my knowledge, information, and belief, as of October 14, 2021, the decision from the NCA had not been returned to the District Court of Delaware, despite the NCA sending the physical packet back to the originating Court in August.

18. On or around October 14, 2021, Lee & Ko received notice from UTC's counsel that the decision had been sent to and received by UTC's counsel rather than to the District Court of Delaware as the NCA previously indicated.  The NCA's August 19, 2021, ruling denied UTC's Request in full.

19. Based on the foregoing, UTC has diligently attempted to process the Request to Yonsung through the NCA and the relevant judicial authorities in Korea. But the NCA rejected UTC's Request.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated this 22st day of February 2022.

John Kim

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 8, 2022, upon the following in the manner indicated:

Karen E. Keller, Esquire                                   *VIA ELECTRONIC MAIL*
Jeff Castellano, Esquire
Nathan R. Hoeschen, Esquire
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Defendant Liquidia*
*Technologies, Inc.*

Sanya Sukduang, Esquire                                   *VIA ELECTRONIC MAIL*
Jonathan Davies, Esquire
Douglas W. Cheek, Esquire
Adam Pivovar, Esquire
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004-2400
*Attorneys for Defendant Liquidia*
*Technologies, Inc.*

Erik Milch, Esquire                                       *VIA ELECTRONIC MAIL*
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA  20190-5640
*Attorneys for Defendant Liquidia*
*Technologies, Inc.*

Ivor Elrifi, Esquire                                      *VIA ELECTRONIC MAIL*
COOLEY LLP
55 Hudson Yards
New York, NY  10001-2157
*Attorneys for Defendant Liquidia*
*Technologies, Inc.*

Lauren Krickl, Esquire                                    *VIA ELECTRONIC MAIL*
Deepa Kannappan, Esquire
Brittany Cazakoff, Esquire
Kyung Taeck Minn, Esquire
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
*Attorneys for Defendant Liquidia*
*Technologies, Inc.*


                                    */s/ Sarah E. Simonetti*
                                    _____
                                    Sarah E. Simonetti (#6698)