IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED THERAPEUTICS      )
CORPORATION,             )
                         )
            Plaintiff,   )
                         )    C.A. No. 20-755 (RGA)
        v.               )
                         )    **REDACTED - FILED UNDER SEAL**
LIQUIDIA TECHNOLOGIES, INC.,  )
                         )
            Defendant.   )

## <u>**PROPOSED JOINT PRETRIAL ORDER AFTER PRETRIAL CONFERENCE**</u>

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
Sarah E. Simonetti (#6698)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com
ssimonetti@morrisnichols.com

*Attorneys for Plaintiff United Therapeutics
Corporation*

SHAW KELLER LLP
Karen E. Keller (No. 4489)
Jeff Castellano (No. 4837)
Nathan R. Hoeschen (No. 6232)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 298-0700
kkeller@shawkeller.com
jcastellano@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Defendant Liquidia
Technologies, Inc.*

**Original Filing Date: March 11, 2022**
**Redacted Filing Date: March 18, 2022**

## TABLE OF CONTENTS

I.      NATURE OF THE CASE AND PLEADINGS ................................................................... 1

        A.      United Therapeutics ........................................................................................... 1

        B.      Liquidia ............................................................................................................. 1

        C.      Pleadings and Orders ......................................................................................... 2

II.     JURISDICTION AND STANDING ................................................................................ 3

III.    UNCONTESTED FACTS ................................................................................................ 3

IV.     CONTESTED FACTS ...................................................................................................... 3

V.      ISSUES OF LAW ............................................................................................................ 4

VI.     EXHIBITS ........................................................................................................................ 4

        A.      Demonstrative Exhibits ..................................................................................... 6

        B.      Trial Exhibits .................................................................................................... 8

VII.    WITNESSES .................................................................................................................... 9

VIII.   BRIEF STATEMENT OF INTENDED PROOFS .......................................................... 13

IX.     DESIRED AMENDMENTS TO THE PLEADINGS ...................................................... 13

X.      CERTIFICATION OF SETTLEMENT DISCUSSIONS ................................................ 13

XI.     MOTIONS IN LIMINE AND DAUBERT MOTIONS .................................................. 13

XII.    MISCELLANEOUS ISSUES ......................................................................................... 14

        A.      Damages ............................................................................................................ 14

        B.      Trial Parameters ................................................................................................ 15

        C.      Trial Materials for the Court ............................................................................ 17

        D.      Post-Trial Briefing ........................................................................................... 17

        E.      Corrections to Trial Transcript ......................................................................... 17

        F.      Order to Control Course of Action ................................................................... 18

        G.      Additional Matters ............................................................................................ 18

1.      Partial Judgment of Non-Infringement of the '901 Patent........................ 18

2.      Statutory Estoppel Regarding the '901 Patent ........................................ 18

3.      Statutory Presumption Pursuant to 35 U.S.C. § 295 ............................... 18

4.      Plaintiff's Trial Witnesses Mr. Bunce or Dr. Byrd ................................. 18

5.      Defendant's Motion for Summary Judgment ........................................... 19

6.      *Inter Partes* Review Proceeding for the '901 Patent .............................. 19

7.      *Inter Partes* Review Proceedings for the '793 Patent............................. 19

**List of Exhibits to the Proposed Joint Pretrial Order** ........................................... 20

## I.    NATURE OF THE CASE AND PLEADINGS

1.    This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, Sections 1100 *et seq.*, involving United States Patent Nos. 9,593,066 (the "'066 patent"), 9,604,901 (the "'901 patent"), and 10,716,793 (the "'793 patent") (collectively, the "Patents-in-Suit").  This action arises out of Defendant Liquidia Technologies, Inc.'s ("Liquidia" or "Defendant") submission of New Drug Application No. 213005 under § 505(b)(2) of the Federal Food, Drug and Cosmetic Act (the "505(b)(2) Application") to the United States Food and Drug Administration ("FDA") seeking approval to manufacture, market, and sell a dry powder formulation of treprostinil administered via inhalation using a dry powder inhaler ("Proposed Product").

### A.    United Therapeutics

2.    Plaintiff United Therapeutics Corporation ("Plaintiff" or "UTC"), is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 1040 Spring Street, Silver Spring, Maryland 20910.  UTC is an innovative biotech company focused on the development and commercialization of products designed to address the needs of patients with chronic and life-threatening conditions.  UTC researches and develops treatments for cardiovascular and pulmonary diseases, pediatric cancers, and other orphan diseases.

### B.    Liquidia

3.    Liquidia is a corporation organized and existing under the laws of the State of Delaware, with a registered office at 51 Little Falls Drive, Wilmington, Delaware 19808, and a principal place of business at 419 Davis Drive, Suite 100, Morrisville, North Carolina 27560. Liquidia is an innovative pharmaceutical company that has utilized its own proprietary PRINT®

technology to formulate treprostinil into a powder formulation that can be administered utilizing a dry powder inhaler ("DPI") for the treatment of pulmonary arterial hypertension.

### C.     Pleadings and Orders

4.     Plaintiff sued Defendant for infringement of the '066 and '901 patents on June 4, 2020 based on Defendant's submission of the 505(b)(2) Application to the FDA.  *See* D.I. 1.

5.     On July 16, 2020, Defendant filed an answer, affirmative defenses for, among other things, noninfringement and invalidity, and counterclaims seeking declaratory judgments that the '066 and '901 patents are invalid and not infringed.  *See* D.I. 11.

6.     On July 22, 2020, Plaintiff filed an amended complaint alleging infringement of the '793 patent in addition to the '066 and '901 patents based on Defendant's submission of the 505(b)(2) Application to the FDA.  *See* D.I. 16.

7.     On August 5, 2020, Defendant filed an answer and affirmative defenses for, among other things, non-infringement and invalidity to Plaintiff's amended complaint and counterclaims seeking a declaratory judgment that the Patents-in-Suit are invalid and/or not infringed.  *See* D.I. 23.

8.     On November 17, 2020, Plaintiff filed an answer to Defendant's counterclaims. *See* D.I. 48.

9.     On June 4, 2021, Plaintiff filed a motion to file a second amended complaint, *see* D.I. 109, which the Court denied on November 17, 2021, *see* D.I. 238.

10.     The Court issued an Order on claim construction on June 16, 2021, construing three terms involving the '066 and '901 patents.  D.I. 119.  Following additional briefing, the Court issued a second Order on claim construction on November 18, 2021, construing two more terms in the '901 patent.  D.I. 241.

11.     On December 28, 2021, based on the Court's construction of the term "contacting the solution comprising treprostinil from step (b) with a base to form a salt of treprostinil in claims 1 and 8 the '901 patent, Plaintiff filed a stipulation agreeing to the entry of a partial judgment of noninfringement of the '901 patent under the Court's construction of that term, while preserving its appellate rights, *see* D.I. 276 at 1, which the Court granted on January 3, 2022, *see* D.I. 278.

## II.    JURISDICTION AND STANDING

12.     For purposes of this action, no party contests personal jurisdiction in this Court.

13.     For purposes of this action, no party contests venue in this Court.

14.     For purposes of this action, Plaintiff has standing as the lawful owner of the Patents-in-Suit by assignment of all right, title and interest in and to the Patents-in-Suit, including the right to bring infringement suits thereon, and Defendant does not dispute Plaintiff's standing.  Defendant agrees that Plaintiff need not present proof of this at trial.

## III.   UNCONTESTED FACTS

15.     The parties stipulate to and admit the facts listed in Exhibit 1. These uncontested facts require no proof at trial and will become part of the evidentiary record in this case.

## IV.    CONTESTED FACTS

16.     Plaintiff's statement of issues of fact that remain to be litigated is attached as Exhibit 2.

17.     Defendant's statement of issues of fact that remain to be litigated is attached as Exhibit 3.

18.     If any statement in a party's statement of issues of fact that remain to be litigated should properly be considered an issue of law, then such statement shall be so considered as an issue of law.

## V.    ISSUES OF LAW

19.    Plaintiff's statement of issues of law that remain to be litigated is attached as Exhibit 4.

20.    Defendant's statement of issues of law that remain to be litigated is attached as Exhibit 5.

21.    If any statement in a party's statement of issues of law that remain to be litigated should properly be considered an issue of fact, then such statement shall be so considered as an issue of fact.

## VI.    EXHIBITS

22.    The list of pre-marked trial exhibits that may be offered by Plaintiff, including Defendant's objections thereto, is attached as Exhibit 10.  Plaintiff's trial exhibits will be identified with PTX numbers, and Plaintiff's demonstratives will be identified with PDX numbers.

23.    The list of pre-marked trial exhibits that may be offered by Defendant, including Plaintiff's objections thereto, is attached as Exhibit 11.  Defendant's trial exhibits will be identified with DTX numbers, and Defendant's demonstrative exhibits will be identified with DDX numbers.

24.    The joint list of pre-marked trial exhibits that may be offered by any party is attached as Exhibit 12.  The parties' joint trial exhibits will be identified by JTX numbers.

25.    The parties shall meet and confer in good faith to agree to a single set of translated documents for trial.

26.    Plaintiff and Defendant each reserves the right to offer exhibits set forth on the other party's exhibit list, even if not set forth on its own exhibit list, except that the offering party reserves the right to raise objections to the use of the exhibit by the opposing party.  All objections to such exhibits are preserved.  The parties shall not remove a document once it has been added to

the party's exhibit list without agreement from the other party, unless it provides the other party the opportunity to add the document to its exhibit list.

27.    Supplementation of exhibits lists will be permitted until after the pre-trial conference and this order has been accepted and signed by the Court after which further supplementation of exhibits shall only be permitted with good cause shown or by agreement of the parties.

28.    Exhibits to which no objection has been made that are offered into evidence at trial are received in evidence by operation of this Order, without any need for further foundation testimony, provided they are used with a witness whether appearing live or by deposition. Any exhibit, once admitted, may be used equally by each party, except that nothing herein shall be construed as a stipulation or admission that the document is entitled to any weight in deciding the merits of this case. Statements by a party opponent from any interrogatory responses, or other discovery responses, or pleadings may also be read into the record at trial.

29.    Except for exhibits to be used solely for purposes of impeachment, Exhibits 10, 11, and 12 comprise the exhibits that may be introduced at trial. All documents, whether offered on direct or cross-examination, must be included on a trial exhibit list to be admitted into evidence and any document not listed in any of Exhibits 10, 11, and 12 will not be entered into evidence at trial, absent good cause shown.

30.    The parties stipulate to the authenticity of the documents listed in the attached exhibit lists unless such objections are specifically and expressly preserved therein. The parties further agree that they will not dispute the authenticity of any document that was produced during discovery, which on its face appears to have been authored by an employee, officer or agent of the producing party in the ordinary course of business, and that such documents shall be deemed *prima*

*facie* authentic, subject to the right of the party against whom such a document is offered to adduce evidence to the contrary or to require the offering party to provide authenticating evidence if the opposing party has a reasonable basis to believe that the document is not authentic. For the avoidance of doubt, Plaintiff will not object to documents produced by UTC on the basis of authenticity and Defendant will not object to documents produced by Liquidia, Yonsung, and LGM Pharma on the basis of authenticity.

31.     The parties reserve the right to object to the introduction into evidence of the documents and files referenced in the preceding paragraph (in whole or in part) on all other grounds, including the admissibility of these documents for reasons other than challenging their authenticity.

32.     The parties agree that any description or date for a document reflected on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the content or date of the listed document or any other listed documents.

33.     Legible copies of documents may be offered and received into evidence to the same extent as an original.

### A.     Demonstrative Exhibits

34.     The parties may use demonstrative exhibits, which do not need to be identified on their respective lists of trial exhibits.

35.     Each demonstrative exhibit shall identify by exhibit number and/or Bates number all trial exhibits that form the basis of the demonstrative exhibit.

36.     Demonstratives shall be submitted to the Court at the end of trial and included in the record for appeal.

37.     Each party will exchange PDF files or PPTX files of full color copies of demonstrative trial exhibits by e-mail by 6:30 p.m. ET one (1) calendar day before they will be used at trial.  However, demonstrative exhibits to be used with opening statements should be exchanged via e-mail by 5:00 p.m. ET one (1) calendar day before the day opening statements are to be given. For video or animations, the party seeking to use the demonstrative will provide it to the other side in an appropriate electronic format to view the video or animation.  For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF of 8.5 x 11 copies of the exhibits.  For example, demonstrative trial exhibits intended for use at trial on Monday, March 28, 2022, would be exchanged by e-mail before 6:30 p.m. ET on Sunday, March 27, 2022, except the demonstrative exhibits intended for use with opening statements would be exchanged by e-mail before 5:00 p.m. ET on Sunday, March 27, 2022.  The parties do not need to exchange in advance any demonstrative exhibits that are used solely on cross-examination of a witness.

38.     The party receiving identification of demonstrative trial exhibits shall inform the party identifying the exhibits of any objections by 8:30 p.m. ET on the day of receipt, and the parties shall meet and confer as soon as possible thereafter but by no later than 9:30 p.m. ET to resolve such objections.  However, with respect to identification of demonstrative trial exhibits to be used with opening statements, the party receiving identification of such demonstrative trial exhibits shall inform the party identifying the exhibits of any objections by 7:30 p.m. ET on the day of receipt, and the parties shall meet and confer as soon as possible thereafter but by no later than 9:30 p.m. ET to resolve such objections.  Any unresolved objections shall be brought to the Court's attention for resolution no later than the start of the trial day on which the demonstrative exhibit is intended to be used.  The provisions in this and the two preceding paragraphs do not

apply to demonstratives created during testimony or argument at trial or to demonstratives to be used for cross examination, neither of which need to be provided to the other side in advance of their use.  In addition, highlighting, ballooning, arrowing, call-outs, excerpting, etc., of exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use.

**B.    Trial Exhibits**

39.    Each party will also provide by e-mail to opposing counsel a list of all exhibits (by exhibit number) a party intends to use in direct examination of non-adverse witnesses by 6:30 p.m. ET one (1) calendar day before they will be used at trial.  For example, a listing of all exhibits intended for use during direct examination of non-adverse witnesses on Monday, March 28, 2022, would be exchanged by e-mail before 6:30 p.m. ET on Sunday, March 26, 2022.

40.    The party receiving identification of exhibits intended for use in direct examination of non-adverse witnesses shall inform the party identifying the exhibits of any objections by 8:30 p.m. ET on the day after receipt, and the parties shall meet and confer as soon as possible thereafter, but by no later than 9:30 p.m. ET on the day after receipt to resolve such objections.  Any unresolved objections shall be brought to the Court's attention for resolution no later than the start of the trial day on which the exhibit is intended to be used.

41.    Prior to the start of direct examination of a particular witness, the party conducting the direct examination will provide the other party with one (1) copy of binders containing all exhibits and demonstrative exhibits that they intend to use with that witness on direct examination and will provide all required copies to the Court.  The parties agree that this provision does not require advance disclosure of exhibits to be used to impeach or on cross-examination of any witness. However, prior to the start of the cross-examination of any witness, the parties agree to

-8-

provide the other with one (1) copy of witness binders that contain all of the exhibits expected to be used on cross-examination of that witness and will provide all required copies to the Court.

## VII.    WITNESSES

42.    Plaintiff's list of witnesses it may call live at trial and by deposition, together with Defendant's objections, is attached as Exhibit 6, and Exhibit 15 provides additional information on Plaintiff's experts' scientific specialties and qualifications.

43.    For witnesses that will appear by deposition, Plaintiff's list of deposition designations, Defendant's objections to such designations, Defendant's counter-designations, and Plaintiff's objections to such counter-designations is attached as Exhibit 8.

44.    Defendant's list of witnesses it may call live at trial and by deposition, together with Plaintiff's objections, is attached as Exhibit 7, and Exhibit 16 provides additional information on Defendant's experts' scientific specialties and qualifications.

45.    For witnesses that will appear by deposition, Defendant's list of deposition designations, Plaintiff's objections to such designations, Plaintiff's counter-designations, and Defendant's objections to such counter-designations is attached as Exhibit 9.

46.    The listing of a witness on a party's pre-trial witness list does not require that party to call that witness to testify, and does not necessarily mean that the listing party has the power to compel the live testimony of that witness.

47.    The parties are not permitted to recall fact witnesses to testify multiple times; an expert witness may testify separately if solely on each of infringement and invalidity.

48.    Any non-rebuttal witness not listed on Exhibits 6 and 7 will be precluded from testifying at trial absent good cause shown.  The parties reserve the right, however, to call one or more additional witnesses whose testimony is necessary to establish authenticity or admissibility

of any trial exhibit, if the authenticity or admissibility of the exhibit is challenged by an opposing party.

49.    The parties agree that each party may introduce any of its own affirmatively designated deposition testimony for a witness in response to the other party's deposition designations for that same witness.  The parties may not introduce deposition designations, or counter-designations or provide new objections to listed designations or counter-designations that are not included in this Order except for good cause shown or by agreement of the parties.  The parties reserve the right, however, to add deposition designations solely to the extent necessary to establish authenticity or admissibility of any trial exhibit, if the authenticity or admissibility of the exhibit is challenged by an opposing party.

50.    The parties' witness lists represent the parties' good faith understanding and expectation about which witnesses are expected to be called live in person, or by deposition, at trial.  To the extent that a witness's circumstances change, or a witness otherwise becomes unavailable for trial, each party reserves the right to call that witness by deposition to the extent permitted under the Federal Rules of Civil Procedure and the Federal Rules of Evidence and subject to resolution of objections by the other party.

51.    Each party will, with its best good faith understanding, identify by e-mail to the opposing party the witnesses it intends to call, including rebuttal witnesses, the order in which witnesses will be called, and whether those witnesses will be called live or by deposition, by 6:30 p.m. ET two (2) calendar days before such witnesses will be called to testify.  The parties reserve the right to revise, in good faith, their witness identifications, including order, following the close of the other party's case-in-chief or rebuttal case.

52.    The other party will identify any objections to such witnesses via e-mail by 6:30 p.m. ET the following day, and the parties will meet and confer to resolve any objections by 9:30 p.m. ET that same evening.  If good faith efforts to resolve any objections fail, the objecting party may bring its objections to the Court's attention prior to the witness being called to the witness stand.  If later events cause the need to remove a witness from a party's witness list, the parties agree to notify the other side as soon as possible.

53.    During adjournments in the trial including breaks during the trial and overnight, the offering party may discuss with a witness his or her testimony on direct examination until the witness is passed for cross-examination and cross-examination has commenced, but is prohibited from discussing with the witness his or her testimony during cross-examination. Once cross-examination of the witness is concluded and the witness is passed for re-direct examination, the offering party may discuss with the witness his or her testimony on re-direct examination.

54.    Unless otherwise agreed to between the parties, the party offering deposition testimony (other than for the purpose of impeachment) shall identify the deposition testimony to be offered, i.e., transcript page and line numbers exchanged designations, by 6:30 p.m. ET at least two (2) calendar days prior to the testimony being offered into the record.  The party receiving the designations shall inform the opposing party of any objections and counter-designations by 6:30 p.m. ET one (1) calendar day prior to the testimony being offered into the record, and by 8:30 p.m. ET that same day, the introducing party will identify any objections to the other party's counter-designated testimony.  The parties shall meet and confer to resolve any objections to designated testimony by 9:30 p.m. ET that same day to permit sufficient time to prepare any necessary video/DVD of the testimony.  Any objections that cannot be resolved may be raised with the Court at the Court's convenience before trial resumes on the day of the anticipated use.

55.     If applicable, a party's designation of a page and line from a particular transcript shall be automatically deemed to include any errata indicated for that page and line in the attached errata sheets.

56.     To the extent that deposition designations or counter-designations are admitted into evidence, they must either be played by video or read in open court.  If a party opts to introduce deposition testimony, any counter-designation of that same witness's testimony must be admitted in the same medium, and the testimony designated by both sides will be played or read consecutively in the sequence in which the testimony was originally given at deposition.  If an exhibit is referenced in a deposition designation, the exhibit is admitted into evidence if it is included on any party's trial exhibit list and is not otherwise objected to, subject to Section VI.  A party may not affirmatively use deposition designations for a party's own officers and employees unless such party first satisfies a Fed. R. Evid. 804 hearsay exception.  A party may counter designate or counter-counter designate on such testimony as necessary for purposes of completeness based on what the opposing party has designated.

57.     To the extent deposition designations are read or played in open court, each side will be charged the time taken to read or play its designations (or counter-designations). Specifically, any affirmative designations offered by a party will count against that party's trial presentation time whereas any counter-designations by the other party will count against the party who made the counter-designations.  The time charged for designations played by video will be measured by the proportion of the number of lines of testimony for its designations to the total number of lines of testimony read.  All irrelevant and redundant material, including colloquy between counsel and objections, will be eliminated when the deposition is played or read at trial.

58.     The above procedures regarding deposition designations do not apply to portions of deposition transcripts and/or video of a witness used for impeachment or cross-examination of that witness.  Any deposition testimony of a witness may be used at trial for the purpose of impeachment of that witness, regardless of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

## VIII.   BRIEF STATEMENT OF INTENDED PROOFS

59.     In support of its claims and defenses relating to the infringement and validity of the Patents-in-Suit, and in addition to the facts not in dispute, Plaintiff expects to offer the proofs attached as Exhibit 13.

60.     In support of its claims and defenses relating to the noninfringement and invalidity of the Patents-in-Suit, and in addition to the facts not in dispute, Defendant expects to offer the proofs attached as Exhibit 14.

## IX.   DESIRED AMENDMENTS TO THE PLEADINGS

61.     Plaintiff and Defendant reserve the right to request amendment to the pleadings.

## X.   CERTIFICATION OF SETTLEMENT DISCUSSIONS

62.     The parties have engaged in good faith efforts to explore resolution of this case by settlement.  To date, no agreement has been reached between the parties.

## XI.   MOTIONS IN LIMINE AND DAUBERT MOTIONS

63.     Pursuant to the Scheduling Order, any motions *in limine* or *Daubert* motion briefing filed by the parties, including motions, oppositions, and replies, shall be filed with the Court concurrently with this Order.  D.I. 20, ¶¶ 10.b, 14.

64.      UTC's first motion *in limine* requests the Court preclude certain invalidity arguments and improper evidence regarding invalidity of the '066 and '901 patents, including

(1) treating U.S. Patent No. 8,497,393 ("the '393 patent") as prior art when it is not prior art as a matter of law, and (2) precluding invalidity grounds against the '901 patent under 35 U.S.C. § 315(e)(2).

65.    UTC's second motion *in limine* requests the Court preclude Liquidia from relying on two alleged prior art references because Liquidia lacks evidence proving these references are prior art "by others."  35 U.S.C. § 102(a).

66.    Liquidia's motion *in limine* requests that the Court preclude, based on collateral estoppel, UTC and its expert Dr. Mahdi Fawzi, from introducing certain opinions.

## XII.    MISCELLANEOUS ISSUES

### A.    Damages

67.    Plaintiff does not seek damages at this time, as there has been no commercial launch of Defendant's Proposed Product, but Plaintiff reserves the right to seek attorneys' fees, costs, and expenses pursuant to 35 U.S.C. § 285.  Plaintiff also reserves the right to seek damages if Defendant engages in the commercial manufacture, use, sale, offer to sell, and/or importation into the United States of the product that is the subject of Liquidia's 505(b)(2) New Drug Application and/or any applicable DMF before the expiration of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity to which Plaintiff is or may become entitled. Plaintiff also may seek damages for any infringing conduct by or attributable to Defendant that falls outside of the 35 U.S.C. §271(e)(1) safe harbor.

68.    Defendant reserves the right to seek attorneys' fees, costs, and expenses pursuant to 35 U.S.C. § 285.

## B.    Trial Parameters

69.    The bench trial in this case is scheduled to begin on March 28, 2022, with trial days from 8:30 a.m. to 5:00 p.m. ET, and is currently scheduled for three days, subject to the Court's availability.  D.I. 20 at 10.

70.    Plaintiff and Defendant have each been allotted 10.5 hours to present their respective cases.  D.I. 20 at 10.

71.    This is a non-jury trial.

72.    Notwithstanding presentation of the orders of proof below, Plaintiff contends that the '901 patent should not be litigated at this trial for the reasons described in Sections XII.E.1.-2., *infra*.

73.    The following order of proof will apply at trial[1, 2]:

---

[1] The parties, to the extent that scheduling conflicts arise, reserve the right to call one or more witnesses out of order from the order of proof described below.

[2] [**Plaintiff's Position:**] Pursuant to the Court's instruction at the pretrial conference (*see, e.g.*, Pretrial Conf. Tr. (Mar. 4, 2022) at 5:16-19, 6:13-14), in the event that the Court grants Plaintiff's pending motion for a presumption under 35 U.S.C. § 295 (D.I. 311), the order of proof shall be as follows:

    a.  Opening statements, in the following order: Plaintiff then Defendant;

    b.  Plaintiff will present: its case-in-chief on infringement of the '793 patent;

    c.  Defendant will present: its response in opposition to Plaintiff's case on infringement of the '793 patent; its response in opposition to the presumption of infringement of the '066 patent under § 295; and its case-in-chief on invalidity of the '066, '901, and '793 patents;

    d.  Plaintiff will present: its response in opposition to Defendant's case on non-infringement of the '066 patent and its response in opposition to Defendant's case on invalidity of the '066, '901, and '793 patents, including secondary considerations, if any;

    e.  Defendant will present its response in opposition to Plaintiff's secondary considerations evidence, if any.

[**Defendant's Position:**] In the event that the Court grants Plaintiff's pending motion for a presumption under 35 U.S.C. § 295 (D.I. 311), the order of proof shall be:

    a.  Opening statements, in the following order: Plaintiff then Defendant;

    a.   Opening statements, in the following order: Plaintiff then Defendant;

    b.   Plaintiff will present its case-in-chief on infringement of the '066 and '793 patents;

    c.   Defendant will present its response in opposition to Plaintiff's case on infringement of the '066 and '793 patents, and then its case-in-chief on invalidity of the '066, '901, and '793 patents;

    d.   Plaintiff will present its response in opposition to Defendant's case on invalidity of the '066, '901, and '793 patents, including secondary considerations, if any;

    e.   Defendant will present its response in opposition to Plaintiff's secondary considerations evidence, if any.

74.    Closing arguments are scheduled for 8:30 a.m. on March 31, 2022.  Any time used by a party for closing argument will not count against that party's 10.5 hours of trial time.

75.    The Court has entered a Stipulated Protective Order to safeguard the confidentiality of certain of the parties' business and technical information, as well as that of third parties.  All outside counsel shall handle such protected information in accordance with the terms of the Protective Order and shall not disclose such Confidential Information to persons not authorized to view such information under the terms of the Protective Order.  Nonetheless, the presentation of evidence at trial shall take place in open court, unless a party specifically requests, and the Court agrees, that the Court be closed to the public during presentation of certain portions of the evidence.

---

    b.   Plaintiff will present its case-in-chief on infringement of the '793 patent;
    c.   Defendant will present: its response in opposition to Plaintiff's case on infringement of the '793 patent; its response in opposition to the presumption of infringement of the '066 patent under § 295; and its case-in-chief on invalidity of the '066, '901, and '793 patents;
    d.   Plaintiff will present: its response in opposition to Defendant's case on invalidity of the '066, '901, and '793 patents, including secondary considerations, if any;
    e.   Defendant will present its response in opposition to Plaintiff's secondary considerations evidence, if any.

### C.    Trial Materials for the Court

76.    By March 24, 2022, each party will provide the Court with a binder containing a picture of each of its expert witnesses and no more than two pages of each expert witness's resume. *See* Pretrial Conf. Tr. (Mar. 4, 2022) at 29:13-19.

77.    On the morning of March 28, 2022, each party will provide the court reporters with a glossary of terms and names relevant to the issues for trial.  *See* Pretrial Conf. Tr. (Mar. 4, 2022) at 29:20-22.

78.    Prior to the playing of deposition designation(s) at trial, the party presenting the designation(s) will provide the court reporters with copies of the relevant deposition transcript(s) with designations highlighted.  *See* Pretrial Conf. Tr. (Mar. 4, 2022) at 29:22-24.

79.    At the same time a trial exhibit binder is provided to a witness, the party presenting the witness will provide the Court with four copies of said trial exhibit binder.  *See* Pretrial Conf. Tr. (Mar. 4, 2022) at 29:25-30:3.

### D.    Post-Trial Briefing

80.    The parties will coordinate with the Court at the conclusion of trial to provide a post-trial briefing schedule.  Prior to closing arguments, the parties will confer in attempt to reach a joint proposal for a post-trial briefing schedule.  *See* Pretrial Conf. Tr. (Mar. 4, 2022) at 30:19-31:1.

### E.    Corrections to Trial Transcript

81.    By April 13, 2022, the parties will submit any corrections to the trial transcript to the court reporter.  *See* Pretrial Conf. Tr. (Mar. 4, 2022) at 30:4-8.

## F.    Order to Control Course of Action

82.    This Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice or for good cause shown.

## G.    Additional Matters

### 1.    Partial Judgment of Non-Infringement of the '901 Patent

83.    On January 3, 2022, the Court entered UTC's Stipulation of Partial Judgment of Non-Infringement as to all asserted claims of the '901 patent.  D.I. 278.  The Court's order confirms UTC will not present an affirmative case on infringement of the '901 patent at trial.

84.    Considering that UTC has stipulated to a Partial Judgment of Non-Infringement of the '901 patent, UTC believes that it would be a waste of the Court's and the parties' time and resources to litigate the validity of that patent.  As a result, UTC submits that the trial should not involve invalidity claims or argument relating to the '901 patent.

### 2.    Statutory Estoppel Regarding the '901 Patent

85.    Pursuant to the Court's Order on Plaintiff's Motion *in Limine* No. 1 (D.I. 335), Defendant is estopped from presenting any invalidity theory at trial that is based on any ground that was raised or reasonably could have raised during *inter partes* review ("IPR") of the '901 patent in IPR2020-00770.

### 3.    Statutory Presumption Pursuant to 35 U.S.C. § 295

86.    Plaintiff's Motion for Presumption Under 35 U.S.C. § 295 with respect to the U.S. Patent No. 9,593,066 (D.I. 311) is pending before the Court.

### 4.    Plaintiff's Trial Witnesses Mr. Bunce or Dr. Byrd

87.    Pursuant to the Court's ruling at the Pretrial Conference, (1) Mr. Bunce and Dr. Byrd are not precluded from testifying at trial based on their personal knowledge; (2) Plaintiff does not need to provide a proffer of testimony for Mr. Bunce and Dr. Byrd; and (3) Plaintiff does not

need to make Mr. Bunce and Dr. Byrd available for a deposition prior to trial.  *See* Pretrial Conf.

Tr. (Mar. 4, 2022) at 20:10-13.

### 5.  Defendant's Motion for Summary Judgment

88.    On January 7 and February 11, 2022, Liquidia filed its Opening and Reply briefs

in support of a Motion for Summary Judgment on Invalidity of the '066 and '901 Patents due to

Collateral Estoppel.  (D.I. 282; D.I. 303; *see also* D.I. 225; D.I. 257.)  UTC filed an opposition to

the motion on January 28, 2022.  (D.I. 290-293.)  At the time of this filing, the Court has not ruled

on the Motion for Summary Judgment.

### 6.  *Inter Partes* Review Proceeding for the '901 Patent

89.    On October 8, 2021, the Patent Trial and Appeal Board ("PTAB") invalidated, as

relevant to the litigation here, clams 1-4 and 8 of the '901 patent in IPR2020-00770.  (D.I. 205.)

In its decision, the PTAB construed "pharmaceutical batch" as "not requir[ing] storage stability."

(D.I. 205-1 at 18-20.)  The PTAB further determined that the terms "storing" / "storage" require

"storing or storage for a period of at least three months."  (D.I. 205-1 at 20-25.)  The PTAB found

claim 6 of the '901 patent to be patentable.  (D.I. 205-1 at 2.)

### 7.  *Inter Partes* Review Proceeding for the '793 Patent

90.    On August 11, 2021, the PTAB instituted *inter partes* review of all claims of the

'793 patent in IPR2021-00406.  At the time of this filing, the proceeding is still pending.  The '793

patent IPR hearing is scheduled for May 13, 2022 and a Final Written Decision is expected no

later than August 11, 2022.

**List of Exhibits to the Proposed Joint Pretrial Order**

| | |
|---|---|
| Exhibit 1 | Joint Statement of Uncontested Facts |
| Exhibit 2 | Plaintiff's Statement of Contested Facts for Issues on Which Plaintiff Bears the Burden of Proof |
| Exhibit 3 | Defendant's Statement of Contested Facts for Issues on Which Defendant Bears the Burden of Proof |
| Exhibit 4 | Plaintiff's Statement of Issues of Law for Issues on Which Plaintiff Bears the Burden of Proof |
| Exhibit 5 | Defendant's Statement of Issues of Law for Issues on Which Defendant Bears the Burden of Proof |
| Exhibit 6 | Plaintiff's Witness List (including Defendant's objections) |
| Exhibit 7 | Defendant's Witness List (including Plaintiff's objections) |
| Exhibit 8 | Plaintiff's Deposition Designations (including Defendant's objections and counter-designations and Plaintiff's objections to counter-designations) |
| Exhibit 9 | Defendant's Deposition Designations (including Plaintiff's objections and counter-designations and Defendant's objections to counter-designations) |
| Exhibit 10 | Plaintiff's Trial Exhibit List (PTX) (including Defendant's objections) |
| Exhibit 11 | Defendant's Trial Exhibit List (DTX) (including Plaintiff's objections) |
| Exhibit 12 | Joint Trial Exhibit List (JTX) |
| Exhibit 13 | Plaintiff's Brief Statement of Intended Proofs |
| Exhibit 14 | Defendant's Brief Statement of Intended Proofs |
| Exhibit 15 | Plaintiff's Experts' CVs |
| Exhibit 16 | Defendant's Experts' CVs |

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Sarah E. Simonetti*

_____

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
Sarah E. Simonetti (#6698)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com
ssimonetti@morrisnichols.com

*Attorneys for Plaintiff United Therapeutics Corporation*

March 11, 2022


SO ORDERED on this ___ day, March 2022

SHAW KELLER LLP

*/s/ Nathan R. Hoeschen*

_____

Karen E. Keller (No. 4489)
Jeff Castellano (No. 4837)
Nathan R. Hoeschen (No. 6232)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
jcastellano@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Defendant Liquidia Technologies, Inc.*


_____
United States District Judge