IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LIQUIDIA TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No. 20-755-RGA |

MEMORANDUM ORDER

In a Report & Recommendation (D.I. 360), the Magistrate Judge recommended that I deny Liquidia's Motion for Summary Judgment of Invalidity of the '066 and '901 Patents due to Collateral Estoppel (D.I. 281). I consider Liquidia's objections (D.I. 377) *de novo*.

The Magistrate Judge's recommendation rests on two independent grounds. First, the Magistrate Judge found that Liquidia did not timely raise its issue preclusion (collateral estoppel) argument. (D.I. 360 at 5). Collateral estoppel is an affirmative defense that must be pled. *Blonder-Tongue Lab'ys, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971) (citing FED. R. CIV. P. 8(c)). Although, the district court has discretion to "permit a defendant to raise an unpled defense by way of a post-answer motion so long as it is raised at a pragmatically sufficient time, and the plaintiff was not prejudiced in its ability to respond." *Courteau v. United States*, 287 F. App'x 159, 161–62 (3d Cir. 2008) (cleaned up) (quoting *Charpentier v. Godsil*, 937 F.2d 859, 864 (3d Cir. 1991)). The Magistrate Judge recommended that I decline to

1

exercise this discretion because she could not conclude that UTC was not prejudiced by Liquidia raising this issue so late. (D.I. 360 at 6).

Liquidia objects to this finding, arguing that the full record before the Magistrate Judge shows that Liquidia timely disclosed its collateral estoppel defense and that "UTC had ample opportunity to develop evidence in response." (D.I. 377 at 2). I will overrule Liquidia's objection. The Magistrate Judge properly found that Liquidia failed to disclose its collateral estoppel argument in its answer, preliminary invalidity contentions, and supplemental invalidity contentions. (*See* D.I. 360 at 4–5). I further agree that UTC was not given a fair chance to respond to this defense. (*See, e.g.*, D.I. 397 at 5 n.4 ("UTC could have engaged experts to analyze how a POSA would have understood the differences in claim language and prosecution histories between the patents and how that raises different questions with respect to the prior art previously considered. UTC could also have run experiments comparing the products of the claimed processes.")).

Second, the Magistrate Judge found that the "disparate burdens of proof" applied by the PTAB and the district court "foreclose application of issue preclusion." (D.I. 360 at 10). Liquidia objects to this finding. (D.I. 377 at 7–9). As I am affirming the Magistrate Judge on the first ground, I need not address Liquidia's second objection.[1]

---

[1] I do note that the district courts (including the undersigned) that have considered this issue are split on the proper application of *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282 (Fed. Cir. 2018). *Compare Trs. of the Univ. of Pa. v. Eli Lilly & Co.*, No. 15-6133, D.I. 343, at 9–11 (E.D. Pa. Jan. 14, 2022) (applying collateral estoppel based on PTAB decision invalidating different claims in the same patent, despite disparate burdens of proof), *M2M Sols. LLC v. Sierra Wireless Am., Inc.*, 2021 U.S. Dist. LEXIS 62238, at *7–*9 (D. Del. Mar. 31, 2021) (same), *Intell. Ventures I, LLC v. Lenovo Grp. Ltd.*, 370 F. Supp. 3d 251, 255–57 (D. Mass. 2019) (same), *Cisco Sys., Inc v. Capella Photonics, Inc.*, 2020 WL 4923697, at *4–*7 (N.D. Cal. Aug. 21, 2020) (applying collateral estoppel to reissued patent based on PTAB decision invalidating the

The Report & Recommendation (D.I. 360) is **ADOPTED** to the extent necessary to the above discussion. Liquidia's Motion for Summary Judgment (D.I. 281) is **DENIED**.

Entered this 12th day of May, 2022.

/s/ Richard G. Andrews
United States District Judge

---

original patent), *and Fellowes, Inc. v. Acco Brands Corp.*, 2019 WL 1762910, at *6 (N.D. Ill. Apr. 22, 2019) (applying collateral estoppel based on PTAB decision invalidating different patent), *with Papst Licensing GmbH v. Samsung Elecs. Co.*, 403 F. Supp. 3d 571, 601–02 (E.D. Tex. 2019) (declining to apply collateral estoppel to unadjudicated claims due to the disparate burdens of proof applied by PTAB and district court).