IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) C.A. No. 20-755 (RGA) (JLH) |
| v. | ) ) |
| LIQUIDIA TECHNOLOGIES, INC., | ) ) |
| Defendant. | ) |

**LETTER TO THE HONORABLE RICHARD G. ANDREWS**

OF COUNSEL:

William C. Jackson
GOODWIN PROCTER LLP
1900 N Street NW
Washington, DC 20036
(202) 346-4216

Huiya Wu
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

Harrison Gunn
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

July 7, 2022

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiff United Therapeutics Corporation*

Douglas Carsten
Art Dykhuis
Jiaxiao Zhang
Katherine Pappas
MCDERMOTT WILL & EMERY LLP
18565 Jamboree Road, Suite 250
Irvine, CA 92615
(949) 851-0633

Adam W. Burrowbridge
Joshua Revilla
Timothy M. Dunker
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street
Washington, DC 20001-1531
(202) 756-8797

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200

MICHAEL J. FLYNN
(302) 351-9661
mflynn@morrisnichols.com

July 7, 2022

**VIA CM/ECF**
The Honorable Richard G. Andrews
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

   Re: *United Therapeutics Corp. v. Liquidia Techs., Inc.*, C.A. No. 20-755-RGA

Dear Judge Andrews:

  UTC writes in response to Liquidia's June 30, 2022, letter (D.I. 419, "Ltr."). Liquidia seeks to limit exhibits admitted at trial to excerpted versions that contain "only the portions shown in open Court[.]" Ltr. at 1. Liquidia provides no legal authority or other support for its post-trial request, which would narrow the infringement evidence that the Court admitted at trial in this case. Liquidia ignores the fact that the exhibits it attempts to excerpt were admitted in full, separate and apart from the limited trial transcript excerpt Liquidia provides, and that the parties cited other portions of that admitted evidence in their post-trial briefing. Liquidia's letter request should be denied.

  First, PTX112 and PTX201 were admitted by the Court in full—by agreement and without objection.[1] Tr. 166:20-167:14 (attached as Ex. 1). Now that the trial is complete, Liquidia attempts to limit the admitted evidence to excerpts of those documents. Liquidia thus attempts to retroactively purge the record of this infringement evidence.

  Liquidia's letter relies on statements concerning DTX106, not PTX112 and PTX201. Ltr. at 1 (citing Tr. 394:20-395:18 (Ex. A)). PTX112 and PTX201 were admitted in full and without objection through UTC's first expert witness, Dr. Nuckolls. (Tr. 166:20-167:14). After UTC's experts Drs. Nuckolls and Toste had completed their testimony, Liquidia sought to re-admit its corresponding versions of the DMF (DTX-106 (open DMF) or 167 (closed DMF)) through its own expert. The Court requested that Liquidia provide excerpts of the DMF it sought to admit, but UTC's exhibits were already admitted and UTC's infringement case had proceeded under the understanding that the full contents of both PTX112 and PTX201 were in evidence because both were already admitted without objection through Dr. Nuckolls. Moreover, the Pretrial Order (D.I. 334 (Order adopting D.I. 322), 350-51 (proposed joint pretrial order and exhibits)) precluded UTC from re-calling Drs. Nuckolls or Toste to provide further testimony clarifying, for example, every single page of the DMFs that they had reviewed and that supported their testimony. The discussion at trial about potential excerpts to DTX106 does not alter the fact that PTX112 and PTX201 had already been admitted in full. The record at trial, therefore, does not support Liquidia's aggressive

---

[1] PTX112 is the "open" portion of the DMF whereas PTX201 is the "closed" portion.

The Honorable Richard G. Andrews                                                                                          Page 2
July 6, 2022

proposal.

Second, Liquidia improperly seeks to limit any excerpts to only those portions that were actually "shown in open Court[.]" In so doing, Liquidia proposes to exclude from evidence portions of the DMF that UTC relies on for its infringement case. Liquidia takes the view that only pages where a specific Bates number was stated on the record should be evidence and attempts to exclude much of the DMF that directly supports infringement. For example, at trial Dr. Toste discussed infringement of Liquidia's PRINT process *via* "DMF Step 10," "DMF Step 11," and "DMF Step 12" (Tr. 172:10-173:20), yet Liquidia excludes nearly the entire DMF section describing these steps (PTX-201 at LIQ00573514-3559). Similarly, in post-trial briefing, UTC's brief and proposed findings of facts cite pages corresponding to DMF Steps 10-12 to establish infringement of the alkylation, hydrolysis and salt formation steps, respectively. *See e.g.*, D.I. 409 at ¶ 15. Liquidia's proposed excerpts would improperly limit admitted evidence showing that Liquidia infringes the patents and would exclude context necessary for this Court and reviewing courts to understand the manufacturing processes conducted by Yonsung and Liquidia. Further, given the shifting nature of Liquidia's defenses throughout this case, UTC also maintains that the ability to cite the full contents of the Exhibits is necessary to ensure that Liquidia's non-infringement arguments on appeal conform with record evidence and do not take advantage of the absence of information contained in pages Liquidia now wants to exclude.

Third, Liquidia offers no confidentiality justification for its restrictive excerpts. Nor could it. On five occasions Liquidia agreed that full—unsealed and unredacted—versions of DTX106, DTX167, PTX112 and/or PTX201 could be included in the record: (1) pre-trial, Liquidia agreed that the full Exhibits were appropriate trial exhibits (D.I. 350, Ex. 11 at 6 (DTX-106), 8 (DTX-167)) without seeking any protection in the pre-trial order or under Local Rule 5.1.3; (2) on the first day of trial, PTX112 and PTX201, were admitted in full by agreement and without objection (Tr. 166:20-167:14); (3) Liquidia *itself* moved to enter DTX106 in full (Tr. 394:20-22); (4) post-trial, after conferring with UTC, Liquidia stipulated to including full versions of PTX112/DTX106 and PTX201/DTX167 on the parties' admitted exhibit list (*See* D.I. 395 at 2-3, 9 ("Admitted Exhibit List")); and (5) Liquidia included full versions of the exhibits with their hyperlinked briefs on June 22, 2022 (D.I. 418). Liquidia's own actions have mooted any confidentiality concerns.[2]

Liquidia's request is moot in light of the Court's admission of PTX112 and PTX201, Liquidia and Yonsung's failures to preserve confidentiality, and Liquidia's repeated agreement to admit full versions of the Exhibits. To the extent the Court disagrees, UTC proposes that the parties further meet and confer.

Respectfully,

Michael J. Flynn (#5333)
*Counsel for United Therapeutics Corp.*

cc:   Clerk of the Court
      All counsel of record

---

[2] Notably, Yonsung did nothing to prevent trial disclosure and discussion of its DMF. *See* D.I. 322 (PTO) ¶ 75 (requiring a specific request and Court approval to seal the courtroom).