IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 20-755-RGA-JLH ) |
| LIQUIDIA TECHNOLOGIES, INC., | ) ) |
| Defendant. | ) |

**LETTER TO THE HONORABLE JUDGE RICHARD G. ANDREWS
FROM KAREN E. KELLER**

OF COUNSEL:
Sanya Sukduang
Jonathan Davies
Douglas W. Cheek
Adam Pivovar
Brittany Cazakoff
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
(202) 842-7800

Erik Milch
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5640
(703) 546-8000

Ivor Elrifi
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
(212) 479-6000

Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant Liquidia Technologies, Inc.*

Lauren Krickl
Deepa Kannappan
Kyung Taeck Minn
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5000

Dated: August 15, 2022

Dear Judge Andrews:

Defendant Liquidia Technologies, Inc. ("Liquidia") submits this letter pursuant to the Order of August 12, 2022, requesting the parties address whether the PTAB's Final Written Decision "compels that [the Court] treat the [']793 patent as being invalid." (D.I. 426.) Under controlling Supreme Court precedent, the answer to that question is "Yes."

I. **THIS COURT IS COMPELLED TO TREAT THE '793 PATENT AS INVALID FOR PURPOSES OF NON-INFRINGEMENT**

Liquidia recognizes that the Final Written Decision ("FWD") of the Patent Trial and Appeal Board ("PTAB"), finding the '793 patent invalid, does not compel this Court to enter a decision finding the '793 patent invalid. Based on Supreme Court precedent, however, the Court is compelled to treat the '793 patent as invalid for purposes of determining that Liquidia is not liable for induced infringement under 35 U.S.C. § 271(b), UTC's sole infringement allegation as to the '793 patent. (D.I. 408, 4, 21-22 (§ V.C.).) The Supreme Court's decision in *Commil USA, LLC v. Cisco Sys., Inc.*, speaks directly to this issue.

The Supreme Court in *Commil* held that a defendant's "***belief*** regarding patent validity" is not a defense to a claim of induced infringement. 575 U.S. 632, 642 (2015).[1] *Commil* goes on to explain, however, that "if . . . an act that would have been an infringement or an inducement to infringe pertains to a ***patent that is shown to be invalid***, there is no patent to be infringed." *Id*. at 644. The Court went on to state that "[a]n accused infringer can, of course, attempt to prove that the patent in suit is invalid; ***if the patent is indeed invalid, and shown to be so under proper procedures***, there is no liability." *Id*. The Supreme Court pointed to the FWD of an *inter partes* review ("IPR") proceeding as a proper way to remove liability for induced infringement:

> "***[A]ccused inducers*** who believe a patent is invalid have various proper ways to obtain a ruling to that effect . . . They can seek ***inter partes review*** at the Patent Trial and Appeal Board and ***receive a decision as to validity within 12 to 18 months*** . . . . If the defendant is successful, he will be immune from liability."

*Id.* at 645 (internal citations omitted).

Here, Liquidia, "an accused inducer" of infringement of the '793 patent, followed "proper procedure" by filing an IPR against the '793 patent; UTC vigorously defended the validity of the '793 patent; and the PTAB found all claims of the '793 patent invalid as obvious. (D.I. 425, Ex. 1, 2, 46.) Liquidia followed "a proper way" expressly identified by the Supreme Court in *Commil*, successfully invalidated the '793 patent, and therefore is, as a matter of law, "immune from liability" of induced infringement. *Commil* does not require this Court to enter a judgment of invalidity based on the PTAB's FWD, but it does compel this Court to treat the '793 patent as invalid for purposes of assessing Liquidia's alleged induced infringement. And in view of the PTAB's FWD, Liquidia cannot be liable for the accused induced infringement.

---

[1] All emphasis added unless otherwise noted.

Any argument by UTC that the Court cannot treat the '793 patent as invalid for non-infringement purposes because the FWD has not yet been appealed is incorrect. The Supreme Court expressly endorsed a successful FWD as "proper procedure" for removing induced infringement liability by noting that a "decision as to validity" can be obtained "within 12 to 18 months." *Commil*, 575 U.S. at 644-45; *cf.* 35 U.S.C § 316(a)(11) (requiring an FWD no later than one year after institution of review of an IPR petition with a six month extension for good cause). The Supreme Court recognized a petitioner/defendant could obtain a PTAB decision of invalidity in 12 to 18 months in the first instance, which would then render the petitioner/defendant "immune" from patent infringement liability. No decision on appeal is required because the Supreme Court has plainly stated that "someone cannot be induced to infringe an invalid patent." *Commil*, 575 U.S. at 644. Such an outcome makes sense because district courts will not hold a defendant liable for infringement if the court determines, in the first instance (*i.e.*, a yet to be appealed decision) that the patent is invalid. *See Merck Sharp & Dohme Corp. v. Hospira Inc.*, 221 F. Supp. 3d 497, 521 n.21 (D. Del. 2016) ("Since I ultimately conclude that the '150 patent is invalid as obvious, there is ultimately no infringement.")

Treating the '793 patent as valid for purposes of assessing infringement could result in the perverse outcome of enjoining Liquidia from launching its tentatively approved Yutrepia™ product based on a patent that has been properly shown to be invalid. Such an outcome would acutely harm both Liquidia and the patients who will benefit from Liquidia's innovative and life-saving pulmonary arterial hypertension product. Patients will lose timely access to a non-generic product that is safer and easier to administer through a first of its kind dry powder inhaler.

This potential inequity is elevated here because of the possibility for an automatic injunction in Hatch-Waxman cases. Unlike in traditional patent infringement cases, a Hatch-Waxman plaintiff can obtain an injunction as a matter of right. *See* 35 U.S.C. § 271(e)(4)(A). A prevailing patent owner need not establish the traditional elements under *eBay Inc. v. MercExchange, L.L.C.* to obtain a permanent injunction, including "(3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." 547 U.S. 388, 388, 391 (2006). Thus, even though the '793 patent has been found invalid, if the Court does not treat the '793 patent as invalid for purposes of infringement, Liquidia could be automatically enjoined from launching Yutrepia™. The patent laws and the Hatch-Waxman process were not designed to promote such an inequitable outcome that would allow an invalidated patent to delay market competition.

To the extent UTC suffers any harm if the Court were to treat the '793 patent as invalid, and the PTAB's FWD is later overturned, that harm could be remedied by money damages. Liquidia, by comparison, has no such recourse. If it is blocked from launching Yutrepia™ and if the PTAB's decision is upheld, neither patients nor Liquidia can recover for the lost time. In fact, UTC can further prolong this harm by seeking rehearing petitions at the PTAB and lengthy appeals that are unlikely to succeed, for the sole purpose of delaying the final affirmation of the PTAB's decision.

The Supreme Court's decision in *Commil* remedies the potential inequity here. The Court should treat the '793 patent as invalid solely for the purpose of finding that Liquidia does not have the requisite intent to induce infringement of the '793 patent and is thus not liable for

infringement. This does not require the Court to find the '793 patent invalid based on the PTAB's FWD.

## II. THE COURT COULD STAY ITS DECISION ON THE '793 PATENT

Given the prejudice to Liquidia and harm to patients, the Court could, in the alternative, stay its decision on the '793 patent, pending appeal of the PTAB's decision.

The Court should not reward UTC with an injunction with respect to a patent that has already been found to be invalid, particularly when UTC is not prejudiced by a stay. *See AgroFresh Inc. v. Essentiv LLC*, No. 16-662 (MN), 2019 WL 2327654, at *3 (D. Del. May 31, 2019). Liquidia filed its 505(b)(2) application for Yutrepia™ before UTC filed the application for the '793 patent, and the patent did not issue until months later. (*Cf* D.I. 407, ¶ 1 (explaining Liquidia filed its NDA on Jan. 24, 2020); JTX3, Cover (stating the '793 patent was filed on Jan. 31, 2020 and issued on Jul. 21, 2020).) Therefore, the '793 patent does not form the basis of the 30 month stay in this case (D.I. 367, 25:8-11, 25:22-26:1), and the Court need not issue a decision on the '793 patent by October 24, 2022. Further, the parties have already stipulated, with respect to the '901 patent, that if the Court's claim-construction ruling is overturned on appeal, the parties would later try the issues of non-infringement and invalidity to the Court. (*See* D.I. 356, 2.) Accordingly, UTC should suffer no harm with a stay of this Court's '793 patent decision, and any minimal harm could be remedied by monetary damages.

Liquidia, in contrast, faces significant inequity, which cannot be addressed through monetary damages. *See UCB, Inc. v. Hetero USA Inc.*, 277 F. Supp. 3d 687, 690 (D. Del. 2017) (explaining a court, in deciding a motion to stay, can consider that the moving party would face hardship or inequity in going forward with the litigation). If the Court does not treat the '793 patent as invalid (or otherwise finds the '793 patent invalid), finds Liquidia infringes, and enjoins Liquidia, Liquidia would be precluded from launching Yutrepia™ on the basis of the invalid '793 patent, until after the Federal Circuit affirms the PTAB's FWD. The Court can remedy this inequity by staying its decision on the '793 patent until the PTAB's FWD is appealed and the validity of the '793 patent based on the issues presented to the PTAB has been finally determined.

In conclusion, Liquidia respectfully submits that, under *Commil*, the Court is compelled to treat the '793 patent as invalid for the purposes of assessing liability for infringement. Alternatively, the Court could stay its decision on the '793 patent pending appeal of the PTAB's decision in the IPR proceeding.

Respectfully submitted,

*/s/ Karen E. Keller*

Karen E. Keller (No. 4489)

cc: Clerk of the Court (by CM/ECF)
      All Counsel of Record (by CM/ECF & Email)