**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

———
(302) 658-9200

MICHAEL J. FLYNN
(302) 351-9661
mflynn@morrisnichols.com

August 15, 2022

The Honorable Richard G. Andrews            *Via E-Filing*
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

    Re: *United Therapeutics Corp. v. Liquidia Techs., Inc.*, C.A. No. 20-755-RGA-JLH

Dear Judge Andrews:

    UTC submits this letter in response to the Court's August 12, 2022, Order (D.I. 426), requesting briefing on "whether [the PTAB's] decision compels [the Court to] treat the '793 patent as being invalid." The law is clear: it does not. Even Liquidia has stated unequivocally that the PTAB's decision has no impact on this litigation.

### 1. The PTAB's decision has no effect on validity until all appeals are exhausted

    Despite the PTAB's decision, U.S. Patent No. 10,716,793 remains presumptively valid until appeals are exhausted. 35 U.S.C. § 318(b) (effect of Board decision); 35 U.S.C. § 282 (presumption of validity). Specifically, the Board decision does not cancel claims. The claims are only cancelled if and when the Director issues a certificate confirming unpatentability, which does not occur until after "the time for appeal has expired or any appeal has terminated." 35 U.S.C. § 318(b). Here, the PTAB issued its decision less than a month ago. UTC intends to seek reconsideration and review at the USPTO and intends to appeal any remaining adverse ruling to the Federal Circuit. While that review and appeal are pending, the '793 patent remains valid. *See Bettcher Indus., Inc. v. Bunzl USA, Inc.*, 661 F.3d 629, 644–45 (Fed. Cir. 2011) (noting that the statutory language provides that a final determination of unpatentability occurs "only after all appeals have terminated"); *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1344–47 (Fed. Cir. 2013) (stating "it could hardly be clearer that Congress meant for *cancellation* to terminate pending suits") (emphasis added). Thus, the '793 patent remains valid, and the PTAB's decision does not compel this Court to reach any decision as to the validity of the '793 patent.

### 2. The caselaw is clear that the PTAB decision has no collateral estoppel effect

    The PTAB's ruling has no collateral estoppel effect on this litigation. Federal Circuit caselaw is clear that decisions by the PTAB do not have any collateral estoppel effect on district court actions until the appellate process is over. *See, e.g.*, *XY v. Trans Ova Genetics*, 890 F.3d 1282, 1294 (Fed. Cir. 2018) (holding that a Federal Circuit "affirmance renders final a judgment on the invalidity of the [patent at issue], and has an immediate issue-preclusive effect on any pending or co-pending actions involving the patent"); *Pabst Lic. GMBH v. Samsung Elecs. Am., Inc.*, 924 F.3d 1243, 1249 (Fed. Cir. 2019) (finding PTAB decisions "final" only after Pabst voluntarily dismissed its appeals); *Fresenius*, 721 F.3d at 1344 (stating that "the power to issue a final judgment and thereby conclusively resolve a case resides in the judicial branch" and "there

is no basis for distinguishing between the effects of a final, affirmed court decision determining invalidity and a final, *affirmed* PTO decision determining invalidity") (emphasis added); *Personal Audio, LLC v. CBS Corp.*, 946 F.3d 1348, 1354 (Fed. Cir. 2020) (recognizing cases holding that district court actions terminate "when a Board unpatentability ruling … was affirmed on appeal") (citing *XY*, 890 F.3d at 1294; *Dow Chem. Co. v. Nova Chems. Corp. (Canada)*, 803 F.3d 620, 628 (Fed. Cir. 2015); *ePlus, Inc. v. Lawson Software, Inc.*, 789 F.3d 1349, 1358 (Fed. Cir. 2015)); *VirnetX Inc. v. Apple Inc.*, 931 F.3d 1363, 1375 (Fed. Cir. 2019) (finding "the statutory purpose confirms that 'a final decision' triggers estoppel when the invalidity challenge is decided on appeal and the time for petitioning for certiorari has passed"); *Bettcher*, 661 F.3d at 644–45 (finding "estoppel requires exhaustion of all appeal rights, including appeals to this court").

Consistent with the Federal Circuit's guidance, district courts do not apply collateral estoppel effect to the PTAB's ruling until the ruling is affirmed or the patentee waives its appellate rights. *See*, *e.g.*, *TrustID, Inc. v. Next Caller Inc.*, 2021 WL 3015280, at *3 (D. Del. Jul. 6, 2021) ("Federal Circuit case law suggests that an IPR decision does not have preclusive effect until that decision is either affirmed or the parties waive their appeal rights."); *Liqwd, Inc. v. L'Oreal USA, Inc.*, 2019 WL 1873281, at *4 (D. Del. Apr. 26, 2019) (agreeing that "when 'a PTAB finding is on appeal [it] does not have preclusive effect as to this action unless and until the appeal is resolved.'"); *Hologic, Inc. v. Minerva Surgical, Inc.*, 325 F. Supp. 3d 507, 518–19 (D. Del. 2018) ("The Patent Office cannot cancel claims of patents until after appeal."), *aff'd*, 957 F.3d 1256 (Fed. Cir. 2020), *vacated and remanded on other grounds*, 141 S. Ct. 2298 (2021), and *reinstated in part and aff'd by* No. 2019-2054, 2022 WL 3269623 (Fed. Cir. Aug. 11, 2022); *Cisco Sys., Inc. v. Capella Photonics, Inc.*, 2020 WL 7227153, at *4 (N.D. Cal. Dec. 8, 2020) ("*XY* is very clear that only '*an affirmance of an invalidity finding*, whether from the district court or the [PTAB], has a collateral estoppel effect.'"); *Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 2021 WL 1378756, at *11, 12 (S.D. Cal. Apr. 12, 2021) ("until both the time for appeal has expired or the appeal has been finalized *and* the IPR certificate issues, the patent owner [] has the original patent rights") (emphasis in original); *Packet Intel. LLC v. NetScout Sys., Inc.*, 2022 WL 1406915, at *13 (E.D. Tex. May 4, 2022) ("A Final Written Decision is not 'final' for the purposes of patent cancelation when it issues.") (citing *Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 138 S. Ct. 1365, 1372 (2018)).

The reason for this is simple: until all appeals are exhausted, PTAB decisions do not represent "a valid and final judgment" and, in any event, the district court litigation involves the "application of a different legal standard than the PTAB applied." *Sanofi-Aventis U.S. LLC v. Mylan GmbH*, 2019 WL 4861428, at *1 (D.N.J. Oct. 2, 2019).

### 3.  Liquidia agrees that the PTAB decision has no effect on this litigation

Lest there be any doubt, Liquidia has publicly and repeatedly admitted that the PTAB's decision regarding the '793 patent does not impact validity until appeals are exhausted. Liquidia reported the PTAB's decision to the Court in its "Notice of Subsequent Authority" (D.I. 425). Yet Liquidia did not argue that the PTAB decision compels a finding of invalidity here. Rather, Liquidia argued that the PTAB's decision means that Liquidia cannot have the requisite scienter

for induced infringement.[1] Liquidia avoided arguing invalidity for good reason. The PTAB decision provides no basis to treat the '793 patent as invalid in this case, for the reasons discussed above. Liquidia chose to pursue certain invalidity arguments before the PTAB, presumably to take advantage of the lower burden of proof—and knowing full well the timing of the process—and abandoned those same arguments in this case. *See* Trial (Vol. II) Tr. 598:7–24; D.I. 406 at i, 2. It must live with that tactical decision.

Liquidia's out-of-court statements have been clear that the PTAB ruling has no effect on this case. After trial but before the PTAB's decision, Liquidia informed the Securities Exchange Commission, stockholders, and the public that "even in the event the PTAB does find that all of the claims of the '793 patent are invalid, such a decision would not override an order of the Court in the Hatch-Waxman Litigation that YUTREPIA may not be approved due to infringement of the '793 patent ***unless and until the decision of the PTAB is affirmed on appeal***." Ex. A[2] at 37 (emphasis added). Liquidia issued a press release repeating that position after the PTAB issued its decision. Ex. B[3] at 1; *see also* Ex. C[4] at 26 (stating that despite the "conclu[sions] based on the preponderance of the evidence[,]" "[t]he PTAB's decision would not override an order of the Court in the Hatch-Waxman Litigation … unless and until the decision of the PTAB is affirmed on appeal"). Liquidia doubled down on that stance when its General Counsel stated in its earnings call on August 11, 2022, that "[t]he PTAB's ruling ***is not binding on the court*** in the Hatch-Waxman litigation[.]" Ex. D[5] at 3 (emphasis added).

The law is clear and consistent, and Liquidia has acknowledged the PTAB's decision has no effect on this Court. There is no basis to treat the '793 patent as invalid in this litigation based on the parallel IPR proceeding unless and until all appeals are resolved and the PTO issues a certificate of cancellation.

---

[1] Liquidia's argument fails on this point too. The very case Liquidia relies upon contradicts its argument: "a belief as to invalidity cannot negate the scienter required for induced infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 644–45 (2015). Despite Liquidia's suggestion to the contrary, *Commil* does not state, much less hold, that a PTAB decision impacts validity or infringement before it becomes final and nonappealable. *Id*. at 645. It merely states that an IPR is one route to pursue an invalidity challenge. *Id*. Liquidia ignores "the long-accepted truth—perhaps the axiom—that infringement and invalidity are separate matters under patent law." *Id.* at 643; *see also Hologic, Inc. v. Minerva Surgical, Inc.*, 2018 WL 3348998, at *4 (D. Del. July 9, 2018) (prohibiting evidence of an IPR proceeding and decision because they "are not binding and are on appeal").

[2] Liquidia Corporation, *Form 10-Q* (May 12, 2022), *available at* https://www.liquidia.com/sec-filings/sec-filing/10-q/0001558370-22-008524.

[3] *Liquidia Receives Favorable Ruling in Inter Partes Review against United Therapeutics Patent* (July 19, 2022), *available at* https://www.liquidia.com/news-releases/news-release-details/liquidia-receives-favorable-ruling-inter-partes-review-against-0.

[4] Liquidia Corporation, *Form 10-Q* (Aug. 11, 2022), *available at* https://www.liquidia.com/static-files/5513bdcb-c0bd-4bf5-a1c5-1d1238f4936d.

[5] Transcript of Liquidia Q2 2022 Earnings Call (Aug. 11, 2022).

The Honorable Richard G. Andrews  Page 4
August 15, 2022

Respectfully,

Michael J. Flynn (#5333)
*Counsel for United Therapeutics Corp.*

cc:   Clerk of the Court
      All counsel of record