IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 20-755 (RGA) (JLH) |
| LIQUIDIA TECHNOLOGIES, INC., | ) ) ) | |
| Defendant. | ) | |

## **LETTER TO THE HONORABLE RICHARD G. ANDREWS**

OF COUNSEL:

William C. Jackson
Eric Levi
GOODWIN PROCTER LLP
1900 N Street NW
Washington, DC 20036
(202) 346-4216

Huiya Wu
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

Douglas Carsten
Art Dykhuis
Jiaxiao Zhang
Katherine Pappas
Mandy H. Kim
MCDERMOTT WILL & EMERY LLP
18565 Jamboree Road, Suite 250
Irvine, CA 92615
(949) 851-0633

August 26, 2022

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiff United Therapeutics Corporation*

Adam W. Burrowbridge
Joshua Revilla
Timothy M. Dunker
Ian B. Brooks
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street
Washington, DC 20001-1531
(202) 756-8797

Dear Judge Andrews:

The Court should deny Liquidia's request that the Court stay its decision on the '793 patent.

Liquidia's stay request is a last-ditch effort to avoid the consequences of its own strategic decisions. Liquidia chose to pursue an IPR knowing full well that a final written decision would not bind this Court unless and until affirmed on appeal. It chose not to move to stay these proceedings when that IPR decision was instituted. And it chose to abandon many of its invalidity arguments in this Court, even though it knew that if this Court found the '793 patent infringed and not invalid, UTC would be entitled to an order barring final FDA approval. 35 U.S.C. § 271(e)(4)(A). Now, after two years of litigation, Liquidia seeks to avoid the consequences of those decisions and launch its product without an adjudication from this Court on the '793 patent. A stay would prejudice UTC by depriving it of its statutory remedy. Staying adjudication makes sense only if Liquidia agrees not to launch during the stay, but that is not its intent.

## I. A Stay Would Deprive UTC of Any Chance of Obtaining Its Statutory Remedy

Section 271(e)(4)(A) entitles UTC to an order barring FDA approval for Liquidia's product until expiration of any infringed patent. *Vanda Pharms. Inc. v. West-Ward Pharms. Int'l Ltd.*, 887 F.3d 1117, 1138 (Fed. Cir. 2018) ("Section 271(e)(4) contains no carve-out for patents that issue after … the original ANDA."). Such an order "is mandatory" if the Court finds the patent valid and infringed. *Janssen Prods., L.P. v. Lupin Ltd*, 109 F. Supp. 3d 650, 708 (D.N.J. 2014). If Liquidia is permitted to launch without an adjudication on the '793 patent, UTC loses the opportunity to obtain this remedy.

## II. There is No Reason To Grant A Stay

Liquidia should not be permitted to achieve indirectly via a belated stay request what it is foreclosed from doing directly—using a separate non-final agency decision on some invalidity issues to block the pre-launch judicial resolution that the Hatch-Waxman Act contemplates. Liquidia's suggestion that this Court stay its decision on the '793 patent does not even *mention* the relevant stay factors, much less attempt to satisfy them: "(1) whether granting a stay will simplify the issues for trial; (2) whether discovery is complete and a trial date is set; and (3) whether granting a stay would cause the non-moving party to suffer undue prejudice from any delay, or a clear tactical disadvantage." *Bio-Rad Lab'ys Inc. v. 10X Genomics, Inc.*, 2020 WL 2849989, at *1 (D. Del. June 2, 2020) (Andrews, J.). All three factors heavily favor denying a stay.

**Factors 1 and 2 Weigh Heavily Towards Denial.** The first and second factors both favor denying a stay given the unjustifiable post-trial timing of Liquidia's request. A stay cannot help simplify issues "for trial" when trial has already occurred. *See, e.g.*, *Apple, Inc. v. Samsung Elecs. Co.*, 2013 WL 6225202, at *4 (N.D. Cal. Nov. 25, 2013) ("[G]iven that the damages retrial is already over, a stay is obviously unnecessary to simplify any issues at *trial*.") (emphasis in original). Further, as this Court has observed, "[s]tays are favored when the 'most burdensome stages of the case … all lie in the future." *Bio-Rad*, 2020 WL 2849989, at *1. Here, the parties and the Court have fully litigated every issue and now merely await the Court's decision. Liquidia's belated stay request following all of that work heavily favors denial of a stay. *Apple*, 2013 WL 6225202 at *3 (late stage of the case "heavily" weighed in favor of denying stay requested after two trials); *Orion IP, LLC v. Mercedes-Benz USA, LLC*, 2008 WL 5378040, at *8 (E.D. Tex. Dec. 22, 2008) (denying post-trial stay after "the Court has expended substantial resources in adjudicating the parties' issues [and] [b]oth parties have also already invested a great deal of

resources in trying this case") *rev'd on other grounds*, 605 F.3d 967 (Fed. Cir. 2010); *Sysmex Corp. v. Beckman Coulter, Inc.*, C.A. No. 19-1642, D.I. 503 (D. Del. May 12, 2022) (stay requested only six weeks before trial "strongly" favored denial of stay).

**Factor 3 Also Weighs Heavily Towards Denial.** The third factor considers "whether granting a stay would cause the *non-moving party* to suffer undue prejudice." *Bio-Rad*, 2020 WL 2849989, at *1 (emphasis added). As a result, the focus should be on prejudice to UTC, not Liquidia (D.I. 427 at 3). Even if considered, however, Liquidia's purported prejudice is merely the result of its strategic choices under the statutory scheme Congress implemented. As an initial matter, Liquidia's claims of prejudice are predicated upon the erroneous assumption that the '793 patent is "invalid." Not so. D.I. 428. Moreover, Liquidia had the option to seek a stay at least a year ago when the IPR was instituted, before discovery was complete, when the Court might find a stay request "fairly routine." *Wilson Wolf Mfg. Corp. v. Brammer Bio, LLC*, 2020 WL 13119694 at *2 n. 7 (D. Del. Dec. 8, 2020) (Andrews, J.). Liquidia chose not to do so. There is no hardship or undue prejudice to Liquidia for this Court to rule on evidence the parties presented months ago. Likewise, there is no "inequity" due to the fact that the PTAB's decision controls only if affirmed on appeal: Liquidia knew of that principle when it made the strategic decision to file the IPR. D.I. 428. Liquidia chose to pursue its anticipation and obviousness arguments *only* in the IPR, based on the PTAB's procedures, burden of proof, and schedule (*see* Trial (Vol. II) Tr. 598:7–24; D.I. 406 at 2), and must live with the consequences of that choice.

The only party that would be prejudiced by a stay is UTC. If the Court finds the '793 patent valid and infringed, UTC is entitled to a non-discretionary order barring final FDA approval pursuant to § 271(e)(4)(A). Staying that decision and withholding that statutory remedy prejudices UTC. In *Sunoco Partners Mktg. & Terminals L.P. v. Powder Spring Logistics, LLC*, the Court faced the same issue: a requested stay of district court litigation following a PTAB decision finding asserted patents invalid. *Sunoco Partners*, 2020 WL 3060458, at *8 (D. Del. June 9, 2020). There Judge Stark denied the stay in part because the trial was "scheduled to begin in approximately six weeks" and the patent holder "would suffer undue prejudice from a stay, which might eliminate [its] opportunity to seek injunctive relief with respect to" the patents that the PTAB had found invalid. *Id.* That reasoning applies with even more force in these circumstances.

And here the prejudice is even more acute. Right now, Liquidia's ability to launch its infringing product has been stayed based on the Hatch-Waxman statutory scheme providing that infringement and invalidity issues should be resolved in litigation *before launch*. Liquidia's post-trial stay request would allow Liquidia to dramatically change the status quo and launch its infringing product without resolving the invalidity and infringement issues that the parties have litigated. And a stay could multiply the proceedings if Liquidia actually launches its product in the interim—requiring, *e.g.*, a trial on damages if the PTAB decision is reversed on rehearing and/or appeal. Even outside the present context of belated stay requests, courts "hesitate to grant stays where the parties are direct competitors," *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, 2014 WL 1369721, at *2 (D. Del. Apr. 7, 2014), because "there is a reasonable chance that delay … will have outsized consequences to the party asserting infringement" such as "the potential for loss of market share and an erosion of goodwill." *AgroFresh Inc. v. Essentiv LLC*, 2019 WL 2327654, at *3 (D. Del. May 31, 2019). That is precisely the case here.

**III.   Conclusion**

Liquidia's stay request should be denied.

                                              Respectfully,

                                              Michael J. Flynn (#5333)
                                              *Counsel for United Therapeutics Corp.*

cc:      Clerk of the Court
           All counsel of record