IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 20-755 (RGA) (JLH) ) |
| LIQUIDIA TECHNOLOGIES, INC., | ) ) ) |
| Defendant. | ) |

## NOTICE OF SUBSEQUENT AUTHORITY

Plaintiff United Therapeutics Corporation ("UTC") submits this notice of subsequent authority related to Defendant Liquidia Technologies, Inc.'s pending Motion to Stay Enforcement of Paragraph 4 of the Court's Final Judgment Pending Appeal (D.I. 438). As discussed in the parties' briefs, UTC requested rehearing on the PTAB's Final Written Decision regarding the alleged obviousness of the '793 patent. *See* D.I. 439 (Liquidia Op. Br.) at 6-7; D.I. 442 (UTC Ans. Br.) at 8-13. UTC also requested review by the PTAB's Precedential Opinion Panel ("POP"). UTC argued that the PTAB's conclusion that two references qualify as prior art was legal error, and absent that legal error the claims of the '793 patent would not have been found invalid. *See* D.I. 439, Ex. E at 7-13 (UTC Request for Rehearing); *see also* D.I. 442 at 12. The PTAB has not issued a decision on rehearing, but the POP issued its decision on October 26 (Exhibit A).

The POP "determine[d] that the Board's Final Written Decision did not address adequately whether the Voswinckel JESC and Voswinckel JAHA references qualify as prior art." Ex. A at 2. Although the POP declined to perform this analysis itself, it determined that the original PTAB panel "is best suited to make the appropriate factual findings for this analysis in its decision on rehearing." *Id.* at 3. The POP "direct[ed] the Board, in its consideration on rehearing, to clearly identify whether the Voswinckel JESC and Voswinckel JAHA references qualify as prior art . . .

[and] clarify whether the relied upon research aids were available prior to the critical date and whether the Voswinckel JESC and Voswinckel JAHA references were publicly accessible by way of their presentation and/or inclusion in distributed materials, such as at a conference or library." *Id.* The POP's decision finding flaws in the PTAB's Final Written Decision is relevant to Liquidia's assertions: (i) that UTC sought rehearing only in an effort to delay and not based on meritorious arguments (D.I. 439 at 10); (ii) that the '793 patent is allegedly already "invalid" despite remaining subject to further consideration by the PTAB on rehearing and, if needed, on appeal; and (iii) that Liquidia has a likelihood of success in either this appeal or any separate appeal of any forthcoming revised PTAB Final Written Decision following rehearing.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiff United Therapeutics Corporation*

OF COUNSEL:

William C. Jackson
Eric Levi
GOODWIN PROCTER LLP
1900 N Street NW
Washington, DC 20036
(202) 346-4216

Douglas H. Carsten
Mandy H. Kim
Arthur Dykhuis
Jiaxiao Zhang
Katherine Pappas
MCDERMOTT WILL & EMERY LLP
18565 Jamboree Road, Suite 250
Irvine, CA 92612
(949) 851-0633

2

Huiya Wu
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

Ian B. Brooks
Adam W. Burrowbridge
Joshua Revilla
Timothy M. Dunker
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC 20001
(202) 756-8000

Harrison Gunn
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

October 28, 2022

# CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 28, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Karen E. Keller, Esquire<br>Nathan R. Hoeschen, Esquire<br>Emily S. DiBenedetto, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant Liquidia Technologies, Inc.* | *VIA ELECTRONIC MAIL* |
| Sanya Sukduang, Esquire<br>Jonathan Davies, Esquire<br>Adam Pivovar, Esquire<br>Brittany Cazakoff, Esquire<br>COOLEY LLP<br>1299 Pennsylvania Avenue, NW, Suite 700<br>Washington, DC  20004-2400<br>*Attorneys for Defendant Liquidia Technologies, Inc.* | *VIA ELECTRONIC MAIL* |
| Erik Milch, Esquire<br>COOLEY LLP<br>11951 Freedom Drive, 14th Floor<br>Reston, VA  20190-5640<br>*Attorneys for Defendant Liquidia Technologies, Inc.* | *VIA ELECTRONIC MAIL* |
| Ivor Elrifi, Esquire<br>COOLEY LLP<br>55 Hudson Yards<br>New York, NY  10001-2157<br>*Attorneys for Defendant Liquidia Technologies, Inc.* | *VIA ELECTRONIC MAIL* |

2

Lauren Krickl, Esquire  *VIA ELECTRONIC MAIL*
Deepa Kannappan, Esquire
Brittany Cazakoff, Esquire
Kyung Taeck Minn, Esquire
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
*Attorneys for Defendant Liquidia Technologies, Inc.*

*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)