IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 20-755 (RGA) (JLH) |
| LIQUIDIA TECHNOLOGIES, INC., | ) ) ) | |
| Defendant. | ) | |

**UTC'S ANSWERING BRIEF IN OPPOSITION TO
LIQUIDIA'S MOTION FOR POST JUDGMENT RELIEF PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 60(B)**

OF COUNSEL:

William C. Jackson
Eric Levi
GOODWIN PROCTER LLP
1900 N Street NW
Washington, DC 20036
(202) 346-4216

Douglas H. Carsten
Mandy H. Kim
Arthur Dykhuis
Katherine Pappas
MCDERMOTT WILL & EMERY LLP
18565 Jamboree Road, Suite 250
Irvine, CA 92612
(949) 851-0633

Huiya Wu
Gabriel Ferrante
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiff*
*United Therapeutics Corporation*

Ian B. Brooks
Adam W. Burrowbridge
Joshua Revilla
Timothy M. Dunker
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC 20001
(202) 756-8000

Eric Romeo
Harrison Gunn
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

January 16, 2024

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ........................................................................................................... 1

II.     NATURE AND STAGE OF PROCEEDINGS AND STATEMENT OF FACTS ............ 1

III.    SUMMARY OF ARGUMENT ..................................................................................... 3

IV.     ARGUMENT ................................................................................................................. 4

        A.      Legal Standards ................................................................................................. 4

        B.      Under Third Circuit Law, the Consequences of Liquidia's Strategic Decision
                to Pursue an IPR Cannot Support Modifying this Court's Final Judgment ........... 5

        C.      Liquidia's Motion Is Premature Because the PTO Has Not Canceled the
                Claims of the '793 Patent ................................................................................... 6

        D.      Liquidia Is Not Entitled to Relief from this Court's Final Judgment Under
                Rules 60(b)(5) or 60(b)(6) ................................................................................. 10

V.      CONCLUSION ............................................................................................................ 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bajaj v. Fisher Asset Mgmt., LLC*,
   C.A. No. 11-286-RGA, 2013 WL 12443155 (D. Del. Feb. 11, 2013) ...................................11

*Bldg. & Const. Trades Council of Philadelphia & Vicinity, AFL-CIO v. N.L.R.B.*,
   64 F.3d 880 (3d Cir. 1995)...........................................................................................5, 10, 11

*Boughner v. Sec'y of Health, Educ. & Welfare*,
   572 F.2d 976 (3d Cir. 1978).........................................................................................................4

*Coltec Indus., Inc. v. Hobgood*,
   280 F.3d 262 (3d Cir. 2002).......................................................................................4, 5, 6, 12

*Democratic Nat'l Comm. v. Republican Nat'l Comm.*,
   673 F.3d 192 (3d Cir. 2012)........................................................................................................5

*Dragon Intell. Prop., LLC v. Apple, Inc.*,
   C.A. No. 13-2058-RGA, 2018 WL 4658208 (D. Del. Sept. 27, 2018) ...................................12

*Ehrheart v. Verizon Wireless*,
   609 F.3d 590 (3d Cir. 2010).........................................................................................................6

*ePlus, Inc. v. Lawson Software, Inc.*,
   789 F.3d 1349 (Fed. Cir. 2015)...........................................................................................9, 13

*Fresenius USA, Inc. v. Baxter Intern., Inc.*,
   721 F.3d 1330 (Fed. Cir. 2013)...................................................................................................9

*In re Bingo Card Minder Corp.*,
   152 F.3d 941 (Fed. Cir. 1998).....................................................................................................7

*In re Fine Paper Antitrust Litig.*,
   840 F.2d 188 (3d Cir. 1988).........................................................................................................5

*Mendenhall v. Barber-Greene Co.*,
   26 F.3d 1573 (Fed. Cr. 1994)..............................................................................................12, 13

*Oat v. Sewer Enterprises, Ltd.*,
   584 F. App'x 36 (3d Cir. 2014) .............................................................................................5, 10

*Prism Techs. LLC v. Sprint Spectrum, L.P.*,
   757 F. App'x 980 (Fed. Cir. 2019) ...........................................................................................13

*United Therapeutics Corp. v. Liquidia Techs., Inc.*,
   74 F.4th 1360 (Fed. Cir. 2023) ...............................................................................................3, 7

*United Therapeutics Corp. v. Liquidia Techs. Inc.*,
   No. 2023-1805, 2023 WL 8794633 (Fed. Cir. Dec. 20, 2023) .................................................. 3

*VirnetX Inc. v. Apple Inc.*,
   No. 6:10-CV-417, 2020 WL 10223391 (E.D. Tex. Sept. 1, 2020) .......................................... 13

*W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*,
   977 F.2d 558 (Fed. Cir. 1992) ........................................................................................... 4, 11

*WesternGeco L.L.C. v. ION Geophysical Corp.*,
   913 F.3d 1067 (Fed. Cir. 2019) .................................................................................... 4, 11, 12

*Woods v. Tsuchiya*,
   754 F.2d 1571 (Fed. Cir. 1985) ............................................................................................... 11

*XY, LLC v. Trans Ova Genetics*,
   890 F.3d 1282 (Fed. Cir. 2018) ............................................................................................... 12

**Rules and Statutes**

21 U.S.C. § 355(j)(7)(D) ............................................................................................................ 8, 14

35 U.S.C. §§ 101, 102, 103, and 112 ................................................................................................. 2

35 U.S.C. § 271(e)(4)(A) ......................................................................................................... 8, 9, 13

35 U.S.C. § 315(e) ............................................................................................................................. 6

35 U.S.C. § 318 ....................................................................................................................... 7, 8, 11

35 U.S.C. § 318(b) ........................................................................................................................ 1, 4

Orange Book Transparency Act of 2020,
   Pub. L. No. 116–290, § 2(d), 134 Stat. 4889, 4891 (Jan. 5, 2021) ............................................ 8

Fed. R. Civ. P. 60(b) ........................................................................................................... 4, 11, 13

Fed. R. Civ. P. 60(b)(5) ......................................................................................................... 4, 5, 10

Fed. R. Civ. P. 60(b)(6) ............................................................................................................. 5, 12

## I.   INTRODUCTION

Liquidia's Motion for Post Judgment Relief (D.I. 461, "Motion") is premature and should be denied.   On September 9, 2022, this Court entered final judgment in favor of United Therapeutics ("UTC") after finding U.S. Patent No. 10,716,793 ("the '793 patent") to be infringed and not invalid, a determination that the Federal Circuit affirmed.   Liquidia now seeks to undo that final judgment based on pending *Inter Partes* Review ("IPR") proceedings.   Those IPR proceedings involve invalidity arguments Liquidia abandoned in this action prior to trial.   It was Liquidia—not UTC—that decided to litigate the validity of the '793 patent in two separate forums on two separate timelines with differing legal standards.   Liquidia must abide by the consequences of its decision: the final judgment bars Liquidia from obtaining final approval until the earlier of the '793 patent's expiration or cancelation of the claims under 35 U.S.C. § 318(b).

Critically, while Liquidia has to this point prevailed in its IPR challenge, those proceedings are not yet complete and UTC has not yet exhausted its appellate rights.   The claims of the '793 patent therefore have not been canceled—and will not be canceled—until any appeals of the IPR decision have terminated.   In contrast, the Federal Circuit has issued its mandate to this Court—affirming this Court's final judgment, including the statutory relief granted to UTC.   There is no basis in law or equity to disturb that final judgment while the claims of the '793 patent remain in force.   The Court should reject Liquidia's request to do so.

## II.   NATURE AND STAGE OF PROCEEDINGS AND STATEMENT OF FACTS

In April 2020, Liquidia notified UTC that it had submitted NDA No. 213005 ("Liquidia's 505(b)(2) Application") to the FDA seeking approval to market LIQ861, a proposed product relying on information contained in UTC's NDA No. 022387 for its innovative drug product TYVASO® (treprostinil) Inhalation Solution.   Shortly thereafter, UTC sued Liquidia alleging infringement of certain patents, including the '793 patent, listed in the Orange Book in connection

with TYVASO®.  D.I. 16.  Liquidia asserted counterclaims on August 5, 2020, alleging, *inter alia*, that the asserted claims of the '793 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and 112. D.I. 23 at 17.  Five months later, on January 7, 2021, Liquidia filed an IPR petition against the '793 patent, presenting the same anticipation and obvious grounds as it presented in this action.

This Court conducted a four-day bench trial from March 28-31, 2022.  Liquidia decided not to present any of its anticipation or obviousness arguments for the '793 patent at trial, despite litigating them all the way through the final pretrial order.  On July 19, 2022, the PTAB issued a Final Written Decision in the parallel IPR proceeding finding all challenged claims of the '793 patent unpatentable.  D.I. 452-1 at 2.  In subsequent briefing, Liquidia requested that this Court stay its decision on the '793 patent pending appeal of the IPR decision.  D.I. 427 at 3.  This Court denied Liquidia's request on August 30, 2022.  D.I. 432.

On August 31, 2022, this Court issued its opinion finding that the asserted claims of the '793 patent are not invalid and would be infringed by LIQ861.  D.I. 433 at 53.  This Court found that the LIQ861 label would induce infringement of the asserted claims of the '793 patent.  *Id.* at 35.  This Court also found that the '793 patent is enabled and discloses every element of the asserted claims, and thus that the '793 patent is not invalid on any of the grounds Liquidia argued before this Court.  *Id.* at 44.  Final judgment for the purposes of appeal was entered on September 9, 2022.  D.I. 436.  Liquidia subsequently moved to stay enforcement of paragraph 4 of the final judgment, the non-discretionary statutory remedy ordering FDA not to approve Liquidia's 505(b)(2) Application until the expiration of the '793 patent.  D.I. 438.  Briefing on Liquidia's motion to stay was filed in September 2022, and this Court reserved decision.  D.I. 439; D.I. 442; D.I. 444.

Nine months later, on July 24, 2023, the Federal Circuit affirmed this Court's decision that the asserted claims of the '793 patent are not invalid and would be infringed by Liquidia's product. *See United Therapeutics Corp. v. Liquidia Techs., Inc.*, 74 F.4th 1360, 1363 (Fed. Cir. 2023). The mandate of the Federal Circuit issued to this Court on October 3, 2023. D.I. 453.

On November 9, 2023, this Court ordered further briefing on Liquidia's motion to stay (D.I. 438) in light of the Federal Circuit's affirmance and mandate. D.I. 457. This Court ultimately denied Liquidia's motion because Liquidia failed to show a likelihood of success on the merits in the IPR proceeding, which was—and is—still on appeal. D.I. 460 at 3. This Court reasoned that it was "unfamiliar with the record and the issues" in the IPR proceeding and that it "had no basis on which to evaluate the likelihood of success of Liquidia's appeal." *Id.*

On December 15, 2023, a panel of the Federal Circuit affirmed the PTAB's judgment in the IPR proceeding. *United Therapeutics Corp. v. Liquidia Techs. Inc.*, No. 2023-1805, 2023 WL 8794633 (Fed. Cir. Dec. 20, 2023). Liquidia filed the instant motion on December 26, 2023. D.I. 461. The appellate proceedings are not yet final because, as Liquidia correctly stated in its briefing, UTC "intends to seek rehearing by the Federal Circuit" (D.I. 462 at 5), and if UTC does not prevail, it has the option to seek Supreme Court review. To date, the Federal Circuit has yet to issue a mandate in the appeal of the IPR and the Patent and Trademark Office ("PTO") has not canceled the infringed claims of the '793 patent. UTC's deadline to request panel and *en banc* rehearing of the Federal Circuit's decision is currently January 19, 2024.

III.   **SUMMARY OF ARGUMENT**

A pending IPR proceeding cannot override this Court's final judgment, which grants a mandatory statutory remedy. While this case has a final judgment, an affirmance on appeal, and a mandate from the Federal Circuit, the IPR appeal remains pending with upcoming motions for rehearing and no issued mandate. Liquidia's Motion is therefore premature and should be denied.

The claims of the '793 patent remain in force because of Liquidia's own strategic decision to pursue parallel IPR proceedings that have not yet concluded.  Liquidia's Motion fails to mention that a certificate of cancellation has not issued as to the '793 patent, and it is only then (if ever) that claims of the '793 patent would be canceled.  Binding and persuasive precedent supports maintaining a final judgment unless and until the claims of the '793 patent are canceled by the certificate prescribed by statute, 35 U.S.C. § 318(b).  To the extent that this Court believes it appropriate to weigh the equities in determining whether to grant Liquidia's Motion, final judgments should not be disturbed lightly, and Liquidia has failed to show that it is entitled to relief under Rules 60(b)(5) or 60(b)(6).  Liquidia's contrary arguments are meritless and internally contradictory.  Liquidia's Motion should be denied.

## IV.   __ARGUMENT__

### A.   **Legal Standards**

Third Circuit law governs Liquidia's Motion.  *W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*, 977 F.2d 558, 561 n.3 (Fed. Cir. 1992).  In patent cases, the Federal Circuit has also been guided by its own precedent in assessing whether to disrupt judgments obtained in asserting a later-invalidated patent.  *WesternGeco L.L.C. v. ION Geophysical Corp.*, 913 F.3d 1067, 1072 (Fed. Cir. 2019).

Liquidia bases its Motion on two provisions of the same rule: Federal Rule of Civil Procedure 60(b)(5) and 60(b)(6).  D.I. 462 at 2.  "The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."  *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 271 (3d Cir. 2002) (quoting *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978) (alteration in *Coltec*)).  To the extent that equitable concerns are relevant in this procedural posture,

Liquidia bears a "heavy burden" of establishing an equitable right to relief.  *E.g.*, *Oat v. Sewer Enterprises, Ltd.*, 584 F. App'x 36, 41 (3d Cir. 2014) (non-precedential).

This case involves a statutory form of relief, not a discretionary equitable injunction.  When determining whether to vacate an equitable injunction under Rule 60(b)(5) on the ground that applying it prospectively is "no longer equitable," the Third Circuit rejects "a rigid, pervasively applicable rule."  *Bldg. & Const. Trades Council of Philadelphia & Vicinity, AFL-CIO v. N.L.R.B.*, 64 F.3d 880, 888 (3d Cir. 1995) ("*BCTC*").  Instead, the Court must consider:

> [T]he circumstances leading to entry of the injunction and the nature of the conduct sought to be prevented; the length of time since entry of the injunction; whether the party subject to its terms has complied or attempted to comply in good faith with the injunction; and the likelihood that the conduct or conditions sought to be prevented will recur absent the injunction.  . . .  Courts which have faced similar issues also have identified as a relevant factor whether the conduct previously enjoined has become legal due to a change in the law.

*Id.*; *see also Democratic Nat'l Comm. v. Republican Nat'l Comm.*, 673 F.3d 192, 202 (3d Cir. 2012).

In contrast, "the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances."  *Coltec*, 280 F.3d at 273 (quoting *In re Fine Paper Antitrust Litig.*, 840 F.2d 188, 194 (3d Cir. 1988)).  In particular, the Third Circuit rejects Rule 60(b)(6) relief where a party seeks to undo its own voluntary litigation decision that "was improvident in hindsight."  *Coltec*, 280 F.3d at 275.

### B.    Under Third Circuit Law, the Consequences of Liquidia's Strategic Decision to Pursue an IPR Cannot Support Modifying this Court's Final Judgment

Liquidia argues that it would be "manifest injustice" if this Court refused to treat the Federal Circuit panel's decision in the IPR appeal as the last word and modify the final judgment in this action on that basis.  D.I. 462 at 8.  But in this case, unlike in the cases on which Liquidia relies (*see infra* § IV.D), the purported "injustice" Liquidia seeks to prevent is a problem of its

own making.  And the Third Circuit has found strategic litigation "decisions, when voluntarily made, to be calculated and deliberate choices by a litigant, choices which provide no relief when the legal landscape subsequently changes." *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 595 (3d Cir. 2010) (citing *Coltec*, 280 F.3d at 274–75).

The '793 patent IPR was Liquidia's voluntary, calculated, and deliberate choice.  Liquidia alone chose to split its validity defenses between this Court and the PTAB rather than litigating all its invalidity arguments together before this Court.  When it decided to pursue its prior-art challenges outside of this Court in IPR proceedings, Liquidia selected a proceeding governed by a separate statutory scheme and run on an independent schedule.  Liquidia opted for a lighter burden of proof, *compare* 35 U.S.C. § 315(e) (preponderance standard for IPRs) *with* D.I. 433 at 37 (clear-and-convincing standard in district court), but in exchange it had to adhere to the IPR process's statutory timeline.  As discussed in detail below, under these statutes and regulations, only if Liquidia prevails at the end of the IPR proceedings and the PTO cancels the claims of the '793 patent would there be any basis to disturb this Court's final and affirmed judgment.  *See infra* § IV.C.–D.  This Court should not grant Liquidia an improper procedural shortcut that would allow it to reap the benefit of its strategic choice while dodging the strategic cost.  Rather, Liquidia must accept the procedural consequences of its choice and abide by the statutes and regulations governing the IPR process it selected: unless and until the patent claims are canceled, the '793 patent is still in force, and Liquidia's Motion is premature.

## C.  Liquidia's Motion Is Premature Because the PTO Has Not Canceled the Claims of the '793 Patent

Liquidia repeatedly asserts that the Federal Circuit panel's recent affirmance of the PTAB's IPR decision should be taken as the final word on the validity of the '793 patent.  *See generally* D.I. 462 at 5–8.  This, however, ignores the statutory regime.  The IPR process is not yet complete

and the challenged claims of the '793 patent have not been canceled by the PTO.  That will not happen before, at a minimum, the Federal Circuit considers UTC's petition for rehearing and issues its mandate.

In an IPR, the PTO "shall issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable," only when "any appeal has terminated."  35 U.S.C. § 318.  Termination of a PTAB appeal certainly cannot occur before the Federal Circuit's mandate issues.

Indeed, the Federal Circuit has already explained in this very case that "the Board's final written decision does not cancel claims; the claims are canceled when the Director issues a certificate confirming unpatentability, which occurs only after 'the time for appeal has expired or any appeal has terminated.'"  *United Therapeutics*, 74 F.4th at 1372 (quoting 35 U.S.C. § 318).  This principle has been part of the administrative review of issued patents for decades.  *See, e.g.*, *In re Bingo Card Minder Corp.*, 152 F.3d 941, at *2 (Fed. Cir. 1998) (non-precedential) ("A claim is not canceled until the Board acts and the Commissioner cancels the claim.  Because the Commissioner has not yet issued a certificate canceling the claims, they have not been finally determined to be unpatentable.").  Congress understood that history when it enacted the statute governing IPRs.

Here, the appeal process remains ongoing and the challenged claims of the '793 patent have not been canceled.  As Liquidia itself recognized, UTC intends to file a petition for rehearing by the panel and rehearing *en banc* no later than January 19, 2024.  D.I. 462 at 5.  The Federal Circuit appeal will not terminate until after the court rules on UTC's petition.  If rehearing is granted, the Federal Circuit will further consider the merits of UTC's appeal.  Only if Liquidia prevails at the end of the Federal Circuit proceedings could a mandate issue in Liquidia's favor; only after any appeals have terminated could the '793 patent claims be canceled.

Liquidia offers, at best, speculation on the Federal Circuit's review of UTC's forthcoming petition for rehearing.  D.I. 462 at 5.  This Court has previously rejected Liquidia's predictions of Federal Circuit actions based on generalities and abstractions.  *See* D.I. 460 at 2–3.  Liquidia asserts, *ipse dixit*, that the Federal Circuit is unlikely to grant a petition for rehearing or rehearing *en banc* because the Federal Circuit's PTAB affirmance was non-precedential.  Liquidia cites no authority (not even statistics, which this Court has already rejected) for that position.  D.I. 462 at 5; D.I. 460 at 3.  UTC's petition will be decided on its merits, which are not before this Court because Liquidia decided to make those arguments in the IPR proceedings instead.  Liquidia cannot carry its heavy burden to merit relief from judgment unless and until the claims of the '793 patent are canceled.  Until that time, this Court should again reject Liquidia's invitation to prognostication.

As this Court has recognized, Liquidia's infringement of the Orange Book-listed '793 patent entitles UTC to a "non-discretionary injunction delaying final FDA approval" of LIQ861 under 35 U.S.C. § 271(e)(4)(A).  D.I. 432 at 1.  That statutory remedy should not be set aside before such time, if ever, that the '793 claims are canceled.  The patent will remain listed in the Orange Book until any actual "cancellation" of patent claims or invalidation by a court "from which no appeal has been, or can be, taken"—not the Federal Circuit's affirmance of a PTAB decision.  21 U.S.C. § 355(j)(7)(D).  Congress implemented § 355(j)(7)(D) in 2021, cognizant of the statutory sequence previously imposed in 35 U.S.C. § 318.  *See* Orange Book Transparency Act of 2020, Pub. L. No. 116–290, § 2(d), 134 Stat. 4889, 4891 (Jan. 5, 2021).  That language thus reflects Congress's judgment that a Federal Circuit panel decision in an IPR appeal is not a sufficient basis to delist a patent from the Orange Book.  For the same reason, the statutory, non-

discretionary injunction imposed by this Court's judgment pursuant to 35 U.S.C. § 271(e)(4)(A) should not be lifted unless and until the '793 patent is actually canceled.

That the '793 patent remains in force is fatal to Liquidia's Motion—and the authority Liquidia cites demonstrates as much. The statutory order precluding FDA approval that Liquidia seeks to set aside, *see* D.I. 436 ¶ 4, is based on the duly-issued '793 patent and this Court's finding that Liquidia's product would infringe it (and that Liquidia failed to prove invalidity in this case). Unless and until the claims of that patent are canceled, the legal basis for the remedy remains. Not once but twice, Liquidia argues the contrary by citing *ePlus, Inc. v. Lawson Software, Inc.*, 789 F.3d 1349, 1354–55 (Fed. Cir. 2015), for the proposition that "an injunction must be set aside when the legal basis for it has ceased to exist." D.I. 462 at 5, 7. But the final judgment does not include an equitable injunction but relief prescribed by statute. Moreover, in *ePlus*, the Federal Circuit repeated over and over that it was "[t]he PTO's cancellation of claim 26" that "require[d] that we now vacate the injunction." 789 F.3d at 1356, 1361; *see id.* at 1351, 1354, 1356, 1358, 1361 (similar). It was not the reexamination decision by the PTAB's predecessor, nor was it the Federal Circuit's panel decision affirming, nor even issuance of the Federal Circuit's mandate. *Id.* Likewise, in *Fresenius USA, Inc. v. Baxter Intern., Inc.*, 721 F.3d 1330 (Fed. Cir. 2013), the court repeatedly emphasized that it was the PTO's cancellation of the relevant claims, after reexamination and appeal, that required a judgment awarding damages on the same claims to be set aside on appeal. *See id.* at 1332, 1335, 1336, 1338, 1339, 1340. Liquidia's Motion is premature, and relief from judgment is not warranted while the IPR process remains ongoing.

Finally, Liquidia asks this Court to treat its judgment in this case as not final, despite the denied rehearing requests and mandate, because of Liquidia's own potential petition for certiorari. This position, however, directly contradicts its other assertion that UTC's IPR appeal is final

notwithstanding UTC's forthcoming petition for rehearing and the lack of any mandate.  Liquidia's self-contradictory positions belie its arguments, and in fact the reality is the opposite:  this Court's judgment is final while the appeal-still-pending IPR is not.  Liquidia's argument is inherently flawed and should be  rejected.  Under the IPR statute, the '793 patent cannot be canceled until after UTC has an opportunity to petition for rehearing, the Federal Circuit issues its mandate, and all appeals terminate.

### D.   Liquidia Is Not Entitled to Relief from this Court's Final Judgment Under Rules 60(b)(5) or 60(b)(6)

As discussed above, Liquidia's Motion is premature and should be denied.  However, to the extent that this Court determines Liquidia's motion should be considered at all, Liquidia bears the burden of showing it is entitled to relief from a final judgment, but has not—and indeed cannot—carry that burden here.  *See Oat*, 584 F. App'x at 41.  The relief this Court awarded is not a discretionary equitable remedy; it is the statutorily required remedy so long as the patent remains in force.  *See supra* § IV.C.  But even if this case involved a discretionary injunction under the Court's equitable power, no modification would be warranted at this time.

As noted above, the Third Circuit has instructed courts to consider a number of factors in addressing 60(b)(5) motions seeking to modify an injunction including "the circumstances leading to entry of the injunction and the nature of the conduct sought to be prevented; the length of time since entry of the injunction; whether the party subject to its terms has complied or attempted to comply in good faith with the injunction; and the likelihood that the conduct or conditions sought to be prevented will recur absent the injunction" as well as "whether the conduct previously enjoined has become legal due to a change in the law."  *BCTC*, 64 F.3d at 888.  None of those factors justify upending the final judgment that the Court entered.

At this point, there has been no relevant change in law that would allow Liquidia to engage in otherwise-infringing conduct.  35 U.S.C. § 318.  As explained above, until the PTO cancels the claims, Liquidia's requested relief would disrupt UTC's independent rights under this Court's final judgment.  Similarly, "the circumstances leading to entry of the injunction," including Liquidia's own decision to delay in bringing its IPR petition, its decision not to present anticipation and obviousness arguments at trial, and its subsequent loss at trial, all support denial of Liquidia's Motion.  *BCTC*, 64 F.3d at 888.

The Federal Circuit has recognized that "sanctity" is to be afforded to a "final judgment" in patent cases.  *Woods v. Tsuchiya*, 754 F.2d 1571, 1582 (Fed. Cir. 1985).  That accords with the general rule that "[a] valid and final personal judgment is conclusive between the parties, except on appeal or other direct review . . . ."  *Restatement (Second) of Judgments* § 17 (1982).  And Rule 60(b) is not "a substitute for an appeal."  *E.g.*, *Bajaj v. Fisher Asset Mgmt., LLC*, C.A. No. 11-286-RGA, 2013 WL 12443155, at *1 (D. Del. Feb. 11, 2013).  This Court's final judgment, resolving the infringement and invalidity questions before it, has been affirmed by the Federal Circuit and should not be revisited in this Court unless and until the PTO takes action to cancel any claims.  *See W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*, 977 F.2d 558, 560 (Fed. Cir. 1992) ("[p]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties.") (cleaned up).  Equity requires no other outcome: Liquidia's own strategic decisions created this situation and UTC would be prejudiced by granting Liquidia's motion before the '793 patent is canceled.

The Federal Circuit's recent decision in *WesternGeco*, 913 F.3d at 1071, is instructive.  There, the Federal Circuit considered a motion for relief from a money judgment where a patent

had later been invalidated.  The panel held that finality "requires that 'the litigation must be entirely concluded so that [the] cause of action [against the infringer] was merged into a final judgment . . . one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"  *WesternGeco*, 913 F.3d at 1071.  This Court should not reopen a non-pending matter unless and until a certificate of cancellation from the PTO issues.

Moreover, the affirmance of the PTAB's decision, without the issuance of a mandate or the cancellation of the '793 patent's claims, does not yet constitute "exceptional circumstances" meriting relief from judgment under Rule 60(b)(6).  *Cf. Coltec*, 280 F.3d at 273.  Again, this case has an entered final judgment, and thus is similar to *WesternGeco,* where the Federal Circuit rejected a party's attempt to undo aspects of a previously entered final judgment.  913 F.3d at 1072.  Liquidia's motion should be denied.

Finally, Liquidia's Motion relies on precedent in which two cases were actually pending before the Federal Circuit at the same time, so that an affirmance in one had an issue-preclusive effect on the other.  D.I. 462 at 5 (citing *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1295 (Fed. Cir. 2018)); *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1577 (Fed. Cr. 1994); *Dragon Intell. Prop., LLC v. Apple, Inc.*, C.A. No. 13-2058-RGA, 2018 WL 4658208, at *2 (D. Del. Sept. 27, 2018)).  Applying preclusion under those circumstances without waiting for rehearing or mandate may sometimes be understandable: if the Federal Circuit ultimately were to grant rehearing in the IPR appeal, disturbing any opinion of invalidity, it could also grant rehearing in the district court matter to undo any application of collateral estoppel.  In contrast to those cases, however, the appeal from this case is no longer pending in the Federal Circuit; Liquidia lost its appeal from this Court's judgments on the '793 patent.  Liquidia did not even move for (much less obtain) a stay of mandate; and the mandate affirming this Court's final judgment has issued.

12

Liquidia cites no case in which the Federal Circuit has treated a panel decision affirming the PTAB as having an issue-preclusive effect on cases *no longer* pending in the Federal Circuit.  *See VirnetX Inc. v. Apple Inc.*, No. 6:10-CV-417, 2020 WL 10223391, at *4 (E.D. Tex. Sept. 1, 2020) ("[T]he PTAB issued its decisions after direct review concluded in this case, making [movant's Rule 60(b) authority] inapplicable.").  And even in Liquidia's cited cases, the Federal Circuit has often been hesitant to apply preclusion before direct review is complete.  For example, in *Mendenhall*, after hearing argument in three related cases on the same day and deciding the first one, the Federal Circuit did not decide the other two on the basis of issue preclusion until after rehearing *and* certiorari had been denied in the first case.  *See* 26 F.3d at 1577.

The unpublished decision in *Prism Techs. LLC v. Sprint Spectrum, L.P.*, 757 F. App'x 980, 987 (Fed. Cir. 2019), also does not support Liquidia's position.  Significantly, *Prism* (like *Mendenhall*) did not involve a PTAB decision at all—it involved the issue-preclusive effect of litigation brought by the same patentee against another defendant.  The Federal Circuit held that its own decision was "akin for present purposes to a cancellation of those claims."  *Id.*  But in the IPR context, as shown above, the cancellation *itself* is the key event; there is no need to identify some other event "akin" to a cancellation.  Furthermore, in *Prism* the money judgment's "execution had been stayed" pending all appeals, which had not yet been completed.  757 F. App'x at 982.  As this Court is aware, Liquidia asked this Court to stay its judgment and this Court denied that motion.  D.I. 460.[1]  Accordingly, the reasoning of these cases does not apply here.  Liquidia may seek relief from judgment only if the PTO actually cancels the claims of the '793 patent that Liquidia has been found to infringe.

---

[1] Indeed, Liquidia itself once recognized that entry of final judgment was legally significant, but that was before Liquidia failed to obtain a stay of this Court's judgment.  *See* D.I. 458 at 2 (arguing that a stay was necessary to prevent United Therapeutics "asserting, in contrast to *ePlus* and *Mendenhall*, that the § 271(e)(4)(A) injunction cannot be lifted and must remain in effect.").

Indeed, contrary to Liquidia's suggestion, Liquidia would not be at a unique disadvantage if this Court's judgment is not altered.  The claims of the '793 patent have not yet been canceled. The '793 patent will not be removed from the Orange Book until a certificate of cancellation has issued.  *See* 21 U.S.C. § 355(j)(7)(D).  Accordingly, any other applicants filing an ANDA or § 505(b)(2) NDA seeking to market an inhaled treprostinil product would have to use the Hatch-Waxman process, including filing a Paragraph IV certification for the '793 patent and obtaining FDA approval, before they could access the market.  Liquidia therefore stands no differently than any of its potential competitors.  In fact, Liquidia's Motion requests that Liquidia be positioned differently—and better—than those other generic companies despite the fact that Liquidia was finally adjudicated to infringe the '793 patent.  Liquidia's argument should be rejected.

## V.    CONCLUSION

For the reasons above, the Court should deny Liquidia's Motion for post judgment relief.

OF COUNSEL:

William C. Jackson
Eric Levi
GOODWIN PROCTER LLP
1900 N Street NW
Washington, DC 20036
(202) 346-4216

Douglas H. Carsten
Mandy H. Kim
Arthur Dykhuis
Katherine Pappas
MCDERMOTT WILL & EMERY LLP
18565 Jamboree Road, Suite 250
Irvine, CA 92612
(949) 851-0633

Huiya Wu
Gabriel Ferrante
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

Ian B. Brooks
Adam W. Burrowbridge
Joshua Revilla
Timothy M. Dunker
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC 20001
(202) 756-8000

Eric Romeo
Harrison Gunn
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

January 16, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiff*
 *United Therapeutics Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 16, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 16, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Karen E. Keller, Esquire<br>Nathan R. Hoeschen, Esquire<br>Emily S. DiBenedetto, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant Liquidia*<br>*Technologies, Inc.* | *VIA ELECTRONIC MAIL* |
| Sanya Sukduang, Esquire<br>Jonathan Davies, Esquire<br>Adam Pivovar, Esquire<br>Brittany Cazakoff, Esquire<br>COOLEY LLP<br>1299 Pennsylvania Avenue, NW, Suite 700<br>Washington, DC  20004-2400<br>*Attorneys for Defendant Liquidia*<br>*Technologies, Inc.* | *VIA ELECTRONIC MAIL* |
| Ivor Elrifi, Esquire<br>COOLEY LLP<br>55 Hudson Yards<br>New York, NY  10001-2157<br>*Attorneys for Defendant Liquidia*<br>*Technologies, Inc.* | *VIA ELECTRONIC MAIL* |

Lauren Krickl, Esquire                          *VIA ELECTRONIC MAIL*
Brittany Cazakoff, Esquire
Kyung Taeck Minn, Esquire
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
*Attorneys for Defendant Liquidia*
*Technologies, Inc.*

/s/ *Michael J. Flynn*
_____
Michael J. Flynn (#5333)