# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION, </br></br> Plaintiff, </br></br> v. </br></br> LIQUIDIA TECHNOLOGIES, INC., </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) C.A. No. 20-755 (RGA) (JLH) </br> ) </br> ) </br> ) </br> ) </br> ) |

### UTC'S SUR-REPLY IN OPPOSITION TO LIQUIDIA'S MOTION FOR POST JUDGMENT RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)

OF COUNSEL:

William C. Jackson
Eric Levi
GOODWIN PROCTER LLP
1900 N Street NW
Washington, DC 20036
(202) 346-4216

Douglas H. Carsten
Mandy H. Kim
Arthur Dykhuis
Katherine Pappas
MCDERMOTT WILL & EMERY LLP
18565 Jamboree Road, Suite 250
Irvine, CA 92612
(949) 851-0633

Ian B. Brooks
Adam W. Burrowbridge
Joshua Revilla
Timothy M. Dunker
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC 20001
(202) 756-8000

January 31, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiff*
*United Therapeutics Corporation*

Huiya Wu
Gabriel Ferrante
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

Eric Romeo
Harrison Gunn
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ePlus, Inc. v. Lawson Software, Inc.*,
   789 F.3d 1349 (Fed. Cir. 2015)..................................................................................................2

*XY, LLC v. Trans Ova Genetics, L.C.*,
   890 F.3d 1282 (Fed. Cir. 2018)..................................................................................................2

Plaintiff United Therapeutics ("UTC") submits this Sur-Reply to respond to arguments Defendant Liquidia raised for the first time its Reply.  D.I. 466 ("Reply").  Liquidia's Reply relies on a joint stipulation of dismissal recently filed in a different case pending before this Court.  *See* D.I. 16, C.A. No. 23-975-RGA (D. Del. Jan 22, 2024) ("Stipulation" filed in "the 23-975 action").  The Stipulation has no bearing on this case and should not influence the Court's decision regarding Liquidia's Rule 60 Motion (D.I. 461 ("Motion")).

Liquidia relies on the Stipulation to argue that the '793 patent is unenforceable, that the 23-975 action is "legally improvident," and that claim cancelation under § 318(b) is not required for preclusion here.  D.I. 466 at 2–3, 7–8.  But the Stipulation says none of these things.  To the contrary, it states that the claims of U.S. Patent No. 10,716,793 ("the '793 patent") have not been canceled, that UTC is seeking further review of the IPR appeal, and that UTC may amend its Complaint to re-assert the '793 patent upon reversal in that appeal.  Case No. 23-975 D.I. 16.

UTC's agreement to enter into the Stipulation in the separate 23-975 action with a different procedural posture and different facts does not have any significance here.  Whereas this case involved pulmonary arterial hypertension, UTC filed the 23-975 action on Sept. 5, 2023, asserting infringement of the '793 patent and U.S. Patent No. 11,826,327 ("the '327 Patent"), after Liquidia amended its NDA for Yutrepia to seek approval for a different indication: treatment of pulmonary hypertension associated with interstitial lung disease.  *See* C.A. No. 23-975, D.I. 8 at 2, 5-9.  When Liquidia moved to dismiss UTC's infringement claims related to the '793 patent (C.A. No. 23-975, D.I. 14 ("Motion to Dismiss")), UTC approached Liquidia to negotiate a resolution that would avoid litigating this issue pending UTC's IPR appeal.  The resulting Stipulation dismissed UTC's '793 patent infringement claims ***without prejudice*** and permits UTC to reassert its claims should the IPR decision be reversed.  C.A. No. 23-975, D.I. 16 at ¶¶ 1, 3.

1

Under Federal Circuit precedent, an appellate decision affirming the PTAB's conclusion of unpatentability affects pending cases differently from closed cases. D.I. 465 ("Opposition") at 6–10. Liquidia's own briefing reflects this distinction. In this action, Liquidia relied on *ePlus, Inc. v. Lawson Software, Inc.*, 789 F.3d 1349, 1354–55 (Fed. Cir. 2015). *See* D.I. 462 at 5, 7. However, Liquidia's Motion to Dismiss in the 23-975 action relied principally on *XY, LLC v. Trans Ova Genetics*—which by its own terms applies to "pending or co-pending actions." 890 F.3d 1282, 1294 (Fed. Cir. 2018); C.A. No. 23-975, D.I. 14 at 1, 4, 5, 6. This action is not pending—this Court has entered final judgment and the Federal Circuit's mandate has issued. D.I. 465 at 9–10. Thus, this Court should not reopen its final judgment before the cancelation of the asserted patent. D.I. 465 at 9 (citing *ePlus*). By contrast, the 23-975 action is still in the pleading stage and remains pending. The two actions are thus differently situated with respect to the collateral effects of the '793 patent IPR appeal, and Liquidia is wrong to suggest otherwise. *Cf.* D.I. 466 at 8. As UTC has explained, the reasoning of *ePlus* and other precedent require denial of Liquidia's motion because the PTO has not canceled the '793 patent. D.I. 465 at 6–10. The Stipulation, entered in a case that Liquidia asserted was governed by *XY*, 890 F.3d at 1294, is therefore irrelevant here.

The Stipulation also does not change the balance of the equities (assuming they are even relevant here). Contrary to Liquidia's suggestion, D.I. 466 at 7, the Stipulation neither situates Liquidia differently from other drugmakers nor limits UTC's ability to enforce its patent rights against third parties. Equity continues to counsel against Liquidia's Motion. D.I. 465 at 10–14.

\* \* \*

For the reasons set forth above, the Stipulation in the procedurally-distinct 23-975 action is not relevant to Liquidia's Motion. That Motion should be denied.

| | |
|---|---|
| OF COUNSEL: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| William C. Jackson<br>Eric Levi<br>GOODWIN PROCTER LLP<br>1900 N Street NW<br>Washington, DC 20036<br>(202) 346-4216 | */s/ Michael J. Flynn*<br>_____<br>Jack B. Blumenfeld (#1014)<br>Michael J. Flynn (#5333)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>mflynn@morrisnichols.com<br><br>*Attorneys for Plaintiff*<br>*United Therapeutics Corporation* |
| Douglas H. Carsten<br>Mandy H. Kim<br>Arthur Dykhuis<br>Katherine Pappas<br>MCDERMOTT WILL & EMERY LLP<br>18565 Jamboree Road, Suite 250<br>Irvine, CA 92612<br>(949) 851-0633 | |
| Huiya Wu<br>Gabriel Ferrante<br>GOODWIN PROCTER LLP<br>620 Eighth Avenue<br>New York, NY 10018<br>(212) 813-8800 | |
| Ian B. Brooks<br>Adam W. Burrowbridge<br>Joshua Revilla<br>Timothy M. Dunker<br>MCDERMOTT WILL & EMERY LLP<br>500 North Capitol Street, NW<br>Washington, DC 20001<br>(202) 756-8000 | |
| Eric Romeo<br>Harrison Gunn<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, MA 02210<br>(617) 570-1000 | |
| January 31, 2024 | |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 31, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Karen E. Keller, Esquire<br>Nathan R. Hoeschen, Esquire<br>Emily S. DiBenedetto, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant Liquidia Technologies, Inc.* | *VIA ELECTRONIC MAIL* |
| Sanya Sukduang, Esquire<br>Jonathan Davies, Esquire<br>Adam Pivovar, Esquire<br>Brittany Cazakoff, Esquire<br>COOLEY LLP<br>1299 Pennsylvania Avenue, NW, Suite 700<br>Washington, DC  20004-2400<br>*Attorneys for Defendant Liquidia Technologies, Inc.* | *VIA ELECTRONIC MAIL* |
| Ivor Elrifi, Esquire<br>COOLEY LLP<br>55 Hudson Yards<br>New York, NY  10001-2157<br>*Attorneys for Defendant Liquidia Technologies, Inc.* | *VIA ELECTRONIC MAIL* |

Lauren Krickl, Esquire  
Brittany Cazakoff, Esquire  
Kyung Taeck Minn, Esquire  
COOLEY LLP  
3175 Hanover Street  
Palo Alto, CA  94304-1130  
*Attorneys for Defendant Liquidia Technologies, Inc.*

*VIA ELECTRONIC MAIL*

*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)