**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200

MICHAEL J. FLYNN
(302) 351-9661
mflynn@morrisnichols.com

February 20, 2024

The Honorable Richard G. Andrews        *VIA ELECTRONIC FILING*
United States District Court for
   the District of Delaware
844 North King Street
Wilmington, DE 19801

    Re: *United Therapeutics Corp. v. Liquidia Techs., Inc.*, C.A. No. 20-755-RGA

Dear Judge Andrews:

    Plaintiff United Therapeutics Corporation ("UTC") submits this letter to notify the Court of developments in this litigation and related proceedings.

    Today, the United States Supreme Court denied the petition for *certiorari* (No. 23-804) previously filed by Defendant Liquidia Technologies, Inc. ("Liquidia") in this matter. *See* Ex. 1 (United States Supreme Court Orders List, February 20, 2024, p. 15). Liquidia contended that the Federal Circuit denies preclusive effect to PTAB decisions while they are "pending on appeal," and asked the Supreme Court to grant review and hold that PTAB decisions are entitled to preclusive effect notwithstanding the pendency of an appeal. 23-804 Pet. for Cert. at i, 3, 17, 22. No Justice of the Supreme Court requested a response from UTC regarding Liquidia's petition. As relevant to Liquidia's pending Motion for Relief from Judgment in this action (D.I. 461, "Motion"), the judgment of the Court in this action—finding that Liquidia would induce infringement of the '793 patent and rejecting Liquidia's trial arguments that the '793 patent is invalid—is now final beyond the possibility of all appellate review.

    In contrast, UTC's appeal of the *Inter Partes* Review ("IPR") decision on which Liquidia premised its Motion remains pending and the claims of the '793 patent have not been canceled. On Friday, February 16, 2024, the U.S. Court of Appeals for the Federal Circuit requested that Liquidia respond to UTC's pending petition for rehearing *en banc* by Friday, March 1, 2024. *See* Ex. 2.

    Liquidia is not entitled to relief from judgment in this action before the USPTO cancels the claims of the '793 patent. D.I. 465 at 6–10. Cancelation has not occurred, and indeed cannot occur before UTC's appeals are exhausted. *Id.* at 7 (quoting *United Therapeutics Corp. v. Liquidia Techs., Inc.*, 74 F.4th 1360, 1372 (Fed. Cir. 2023)). And the Supreme Court has rejected Liquidia's petition to change the law and hold that the PTAB's decision is preclusive even while an appeal is still pending.

    To the extent that Liquidia analogizes to cases involving parallel cases from district court (rather than the PTAB), such as *Prism Techs. LLC v. Sprint Spectrum, L.P.*, 757 F. App'x 980

The Honorable Richard G. Andrews  
February 20, 2024                                                                                                          Page 2

(Fed. Cir. 2019), these cases are now even less helpful to Liquidia: "proceedings on direct review of the judgment" have now "been completed" with the denial of certiorari, *id.* at 987, but there has been no "sufficient[ly] final[]" decision in the appeal of the PTAB's decision on the '793 patent. *Cf.* D.I. 462 at 6–7.

   Because UTC's appeal of the PTAB's decision is still pending, its petition for rehearing evidently is under active consideration, and the '793 patent has not been canceled, the Court should deny Liquidia's premature Motion.

Respectfully,

Michael J. Flynn (#5333)  
*Counsel for United Therapeutics Corp.*

cc: Clerk of the Court  
   All counsel of record