IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) C.A. No. 20-755 (RGA) |
| v. | ) ) |
| LIQUIDIA TECHNOLOGIES, INC., | ) ) |
| Defendant. | ) |

**LETTER TO THE HONORABLE RICHARD G. ANDREWS**

OF COUNSEL:

William C. Jackson
Eric Levi
GOODWIN PROCTER LLP
1900 N Street NW
Washington, DC 20036
(202) 346-4216

Huiya Wu
Gabriel Ferrante
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

Eric Romeo
Harrison Gunn
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

March 12, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiff United Therapeutics Corporation*

Douglas Carsten
Mandy H. Kim
Art Dykhuis
Katherine Pappas
MCDERMOTT WILL & EMERY LLP
18565 Jamboree Road, Suite 250
Irvine, CA 92615
(949) 851-0633

Ian B. Brooks
Adam W. Burrowbridge
Joshua Revilla
Timothy M. Dunker
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street
Washington, DC 20001-1531
(202) 756-8797

Dear Judge Andrews:

UTC writes in response to Liquidia's March 8, 2024 letter that seeks to use—*e.g.*, share with experts or counsel or file under seal—nearly 300 documents protected by this action's protective order (D.I. 33, "PO") in a separate litigation (the "PH-ILD Litigation"), including:

- "Expert Reports and cited exhibits"—totaling 12 reports[1] and over 100 exhibits;
- "Deposition transcripts and cited exhibits"—totaling nine Liquidia, UTC, or third party fact or expert depositions and over 150 exhibits; and
- Over 300 pages of sealed exhibits from the parties' joint pre-trial order.

Liquidia asserts that these materials are "highly relevant" to the PH-ILD Litigation, but its analysis under *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 790 (3d Cir. 1994) is incomplete, only offering high-level arguments untethered from any particular document that Liquidia seeks to use. This request also sweeps in publicly available materials and Liquidia's confidential information, which do not require PO modification. Accordingly, Liquidia's request should be denied.

Moreover, Liquidia fails to meet the standard it urged in precisely these circumstances. A Liquidia employee, Dr. Roscigno, took UTC documents with him when he left UTC and brought those documents to Liquidia. UTC originally sought to amend the complaint in this action to assert a trade secrets claim. DI 109, 110. When the court denied that motion, UTC commenced an action in North Carolina. (*United Therapeutics Corp. et al. v. Liquidia Techs., Inc. et al.*, No. 21-cv-4094 (N.C. Business Court) ("NC TS Action")). In the NC TS Action, UTC has repeatedly asked Liquidia to consent to using confidential materials from this case. Even though the PO allows the parties to consent to such use, Liquidia repeatedly refused, arguing that the PO prohibits using those materials in any other litigation. For example, in a July 14, 2022 discovery letter to the Court in the NC TS Action, Liquidia argued:

> The Delaware PO states: 'Protected Information . . . *will be used solely for the purpose of **prosecuting or defending this action***, including trial and any appeals therefrom.' UTC improperly seeks production and use the requested documents for purposes ***other than*** 'prosecuting or defending' the Delaware action without seeking relief from the Delaware PO.

Exhibit A.[2] Further, during a June 20, 2023 hearing in the NC TS Action, UTC proposed that the parties agree to a "consent order that says 'All documents that were produced in Delaware can be used in this case[.]'" Exhibit B[3] at 78:14-16. Liquidia again objected. *Id.* at 78:18.

Instead of consenting to UTC's use of confidential information under the PO, Liquidia forced UTC to approach the North Carolina court and request relief on **a document-by-document**

---

[1] Opening Reports issued by Hill, Gonda, Waxman, Clark; rebuttal reports issued by Clark, McConville, Hill, Waxman; reply reports issued by Gonda, Hill, Clark, Waxman.

[2] Liquidia July 14, 2022, dispute letter in NC TS Action (citations omitted; emphases by Liquidia).

[3] Excerpt from NC TS Action, June 20, 2022, Hearing Transcript.

The Honorable Richard G. Andrews  Page 2
March 12, 2024

*basis*. Now Liquidia seeks to do exactly what it repeatedly said was improper, and it does so without identifying on a "document-by-document" basis why it allegedly needs relief.

Liquidia argues that it is "specifically identifying the documents it would like to use," but it is extremely unlikely that Liquidia intends to use, for one reason or another, the entirety of the documents it only vaguely identifies. For example, Liquidia seeks to use a dozen expert reports and depositions and all of the documents cited therein, including information from other prior litigations (e.g., Clark deposition Exhibit 22—a deposition transcript from an unrelated 2017 litigation) as well as information that would more properly be requested directly (e.g., Gonda deposition Exhibit 8—a different witness's expert report).[4] This broad "identification" is insufficient to put UTC on notice of what, particularly, Liquidia seeks to use outside this action.

Liquidia also fails to show good cause to modify the protective order. Liquidia cites a series of factors considered by the *Pansy* court and provides a cursory analysis of a few of these before hand-waving away the rest as inapplicable. But Liquidia's analysis is driven by its unsupported conclusion that everything it seeks to use is "highly relevant" to the PH-ILD Litigation—an argument more appropriately cabined to the second *Pansy* factor. D.I. 472 at 2-3. Liquidia's flawed application of the *Pansy* factors does not support the relief it seeks.

The first *Pansy* factor—privacy interest of the party seeking protection—favors UTC because Liquidia's request would increase the risk that confidential UTC information, including trade secrets, could be improperly handled. Liquidia's access to these confidential materials would otherwise expire soon under the PO in view of the Supreme Court denying certiorari. *See Liquidia Techs., Inc. v. United Therapeutics Corp.*, No. 23-804, 2024 WL 675262, at *1 (U.S. Feb. 20, 2024); D.I. 33 at ¶ 40 ("Within ninety (90) days after the termination of this action (including any appeals), each document . . . shall be . . . destroyed . . . ."). This is particularly concerning where Liquidia declines to specifically identify how any requested document is relevant to the PH-ILD Litigation, much less to Liquidia's contemplated filing in that action.

The second *Pansy* factor—legitimate purpose—does not favor modification. Liquidia claims that the documents would "provid[e] relevant information in opposition to UTC's PI motion[.]" D.I. 472 at 3. Rather than providing a specific rationale for each documents it seeks, Liquidia instead asserts (separately from its partial *Pansy* analysis) several generic "reasons" for its request to modify the PO, namely that: (1) the PH-ILD case relates to Yutrepia®, the "same product" accused in this case; (2) the materials relate to the "scope" of the '793 patent, which is asserted in the PH-ILD Litigation as prior art; and (3) "the use of inhaled treprostinil" and "inhalation devices, including dry powder inhalers." None of these reasons hold water.

First, Liquidia does not need UTC confidential information regarding Yutrepia as Liquidia can use its own documents.

---

[4] It remains unclear what Liquidia considers a "cited exhibit" to any given report. For example, Dr. Hill's Reply Report materials considered list assigns "exhibit" numbers to 58 documents and lists a further 11 as "N/A" for exhibit number; Dr. Hill's Rebuttal Report materials considered list eliminates the "Exhibit #" column altogether. UTC is left guessing if Liquidia considers Dr. Hill's Reply report to have 58 or 69 "cited exhibits" and whether Dr. Hill's Rebuttal Report has any.

The Honorable Richard G. Andrews  Page 3
March 12, 2024

      Second, Liquidia does not need UTC confidential information regarding the '793 patent's scope or meaning because it is publicly available, as are the '793 patent *inter partes review* papers and decisions from this Court and the Federal Circuit. To be clear, Liquidia seeks to use expert reports from this action from experts who opined on issues related to the '793 patent and have not been identified as experts in the PH-ILD Litigation. The '793 patent is a different patent from a different family than that of the '327 patent. The materials at issue contain no opinions about the validity or infringement of the '327 patent.

      Third, Liquidia does not need to cite UTC confidential information regarding "the use of inhaled treprostinil" or "inhalation devices," including dry powder inhalers. There is publicly available information on both of those broad issues. Thus, Liquidia failed to demonstrate a legitimate purpose to modify the PO.

      The fifth *Pansy* factor—fairness and efficiency—weighs in favor of UTC. Liquidia's analysis again leads with the unsubstantiated conclusion of relevance. But its request would not reduce burden because the '327 patent at issue in the PH-ILD Litigation is a different patent, unrelated to the '793 patent in this case. Liquidia's conduct in the NC TS Action also weighs against fairness of granting the modification, particularly since Liquidia objected to a UTC-proposed consent order permitting both parties to use material covered by the PO.[5]

      Finally, Liquidia states that the sixth and seventh *Pansy* factors—relating to public versus private litigants and issues—are inapplicable merely because Liquidia "does not seek to reveal this information publicly." D.I. 472 at 3. However, *Pansy* explained "if a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality." *Pansy*, 23 F.3d at 788. Here, the parties are private litigants and Liquidia has not identified any compelling public interest. Accordingly, the sixth and seventh *Pansy* factors are indeed applicable, weighing against modification.

* * *

      UTC remains willing to reconsider a request for consent to use a reasonable number of documents, if identified specifically and individually with an accompanying rationale for each. Liquidia has failed to do this, and UTC thus opposes the broad, blanket, and unjustified modification Liquidia requests. Liquidia's ham-handed approach to seeking modification of the PO should be denied.

---

[5] Liquidia also fails to apply *Pansy*'s instruction to consider the parties' reliance on the PO. *See Pansy*, 23 F.3d at 790 ("[t]he extent to which a party can rely on a protective order should depend on the extent to which the order induced the party to allow discovery . . . [and] reliance would be greater where a trade secret was involved . . .") (citing *Beckman*, 966 F.2d at 475–76).

The Honorable Richard G. Andrews  Page 4
March 12, 2024

>Respectfully,
>
>*[signature]*
>
>Michael J. Flynn (#5333)
>*Counsel for United Therapeutics Corp.*

cc:   Clerk of the Court
      All counsel of record