IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> LIQUIDIA TECHNOLOGIES, INC., <br><br> Defendant. | Civil Action No. 20-755-RGA |

MEMORANDUM ORDER

I have a request to modify a protective order. (D.I. 472). It is opposed. (D.I. 473). The request comes in the context of litigation between the two parties in a related case in this Court, assigned to me, which features the same product of Defendant. In addition, there is a motion for preliminary injunction pending in the related case.

In my experience with similar situations where the two cases are both assigned to me, the parties usually agree to use the discovery in the earlier case as if it had been taken in the later case. Plaintiff won't agree here because of its complaints about Defendant's position on arguably similar issues in a North Carolina state case. Plaintiff also complains about relative minutia, for example, (1) there are items that Defendant seeks that are already public; (2) one expert's report is unclear about the identification of attached exhibits; (3) Defendant cannot possibly use everything it is requesting in the preliminary injunction litigation; etc. The sense I get is that Plaintiff is simply trying to run out the clock.

I have considered the *Pansy* factors. *See Arnold v. Pa., Dep't of Transp.*, 477 F.3d 105, 108 (3d Cir. 2007) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787–88 (3d Cir.

1

1994)). Plaintiff has legitimate reasons for wanting to protect its confidential information. Defendant has a legitimate purpose in seeking the information. I think factors 3 and 4 are neutral. I believe the most important factor is the fifth—"whether sharing of the information among litigants would promote fairness and efficiency." I think granting the modification will have exactly that effect. There is no public entity or official involved, so that works against the requested modification. I think the seventh factor favors the requested modification, as whether or not there is competition between the litigants impacts the prices of medicine, which is an important issue to the public.

As I stated, this request comes against the backdrop of a preliminary injunction motion. Within seven days of Defendant's filing of its brief, Defendant must file with the Court a specific description of what it has relied upon in the brief (i.e., a list of the relevant citations in the brief including a plain English description of what the citation refers to), and a parallel list of what it has not used in its brief. Absent some agreement between the parties, within one week of the filing of these lists, Defendant shall return to Plaintiff all copies of the items it has not used.

The protections and designations used in this case shall carry over to the preliminary injunction case and the protective order in this case shall continue to apply to the use of documents until such time as there is a protective order entered in the other case.

IT IS SO ORDERED.

Entered this 13th day of March, 2024

/s/ Richard G. Andrews
United States District Judge