IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION,<br><br>  Plaintiff,<br><br>v.<br><br>LIQUIDIA TECHNOLOGIES, INC.,<br><br>  Defendant. | Civil Action No. 20-755-RGA |

MEMORANDUM ORDER

Before me is UTC's motion for a stay of the Order and Amended Final Judgment granting Liquidia's Rule 60(b) motion for post-judgment relief. (D.I. 484).

This case concerns Liquidia's New Drug Application ("NDA") No. 213005. After a bench trial relating to the NDA, I found that the five asserted claims of U.S. Patent No. 10,716,793 ("the '793 patent") had not been proven invalid. (D.I. 433 at 37–53). I also found those five claims to be infringed, and I duly entered a final judgment. Paragraph 4 of the final judgment stated, "the effective date of any final approval by the FDA of [the NDA] shall be a date which is not earlier than the expiration date of the '793 patent." (D.I. 436 at 2). The Federal Circuit affirmed my decision and issued a mandate. (D.I. 453). The Supreme Court denied Liquidia's certiorari petition on February 20, 2024. (*See* D.I. 470-1 at 2–3 of 5).

Prior to the entry of the final judgment, the Patent Trial and Appeal Board invalidated the asserted claims as obvious. (*See* D.I. 425-1). A rehearing decision again invalidated the claims as obvious (D.I. 450-1), and the Federal Circuit in a non-precedential decision affirmed the PTAB's decision (D.I. 462-1). The Federal Circuit denied UTC's subsequent requests for panel

rehearing and rehearing en banc (D.I. 474-1), and the mandate issued on March 19, 2024 (D.I. 477-1).

On March 28, 2024, I entered an Order vacating the portion of the judgment that blocked the final approval of Liquidia's NDA. (D.I. 479). UTC appealed the Order and Amended Final Judgment. (D.I. 481). UTC now moves for a stay pending the appeal.[1] I have considered the parties' letter briefs (D.I. 485, 487). I turn to the *Hilton* factors, which guide the stay analysis:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also In re Revel AC, Inc.*, 802 F.3d 558, 565 (3d Cir. 2015).

UTC argues its "appeal is likely to succeed on the merits or, at least, present a substantial case, because the Court's reliance on *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282 (Fed. Cir. 2018) was misplaced." (D.I. 485 at 1). UTC contends that *XY* only applies to pending or co-pending actions, whereas this case was already "terminated and closed once" the Supreme Court denied Liquidia's certiorari petition on February 20, 2024. (*Id.* at 1–2). UTC further argues that Liquidia's "premature access to the market" would cause irreparable harm to UTC through price erosion, lost market share, and reputational harm. (*Id.* at 2). UTC contends such harm is "impossible to quantify with precision," and even if it were quantifiable, Liquidia would be unable to compensate UTC in the event UTC prevails. (*Id.*). Lastly, UTC argues that the

---

[1] UTC requests, "At a minimum, . . . a temporary stay to allow time for the Federal Circuit to consider whether to enter a stay of the Rule 60(b) Decision pending merits review of this issue." (D.I. 485 at 3).

balance of equities and the public interest favor granting a stay. (*Id.* at 3). UTC contends a stay would leave Liquidia in the same position as it is today, and the public would be served by preserving the status quo "before the market is prematurely flooded with Liquidia's follow-on product." (*Id.*).

Liquidia argues UTC has no basis for showing a likelihood of success on the merits, as its future certiorari petition regarding the PTAB invalidation decision would be part of a different proceeding. (D.I. 487 at 1 n.2). Liquidia also disputes UTC's contention about the *XY* case, arguing that this case was still pending on December 20, 2023, when the Federal Circuit affirmed the PTAB's invalidity decision. (*Id.* at 1–2). Liquidia further argues "an invalid patent cannot give rise to an injunction." (*Id.* at 2).

Liquidia also argues that UTC "grossly exaggerates" the harm it would purportedly suffer. (*Id.*). Liquidia contends that UTC's statements to shareholders show "Liquidia's entry into the market will not disrupt UTC's status quo." (*Id.* at 2–3). According to Liquidia, "The 'status quo' is that UTC's patent is invalid and Liquidia is free to provide its product to consumers." (*Id.* at 3). Lastly, Liquidia contends that a stay would be detrimental to the public interest, as it would allow UTC to enjoy exclusivity based on an invalid patent. (*Id.*).

I agree with Liquidia that an invalid patent cannot give rise to an injunction. The PTAB found that the '793 patent is invalid. The Federal Circuit affirmed the PTAB's decision and later denied UTC's petition for rehearing. The mandate has since issued. Given that the patent is invalid, I do not think that UTC has shown it will suffer irreparable harm absent a stay.

I do not think that UTC has shown a likelihood of success on the merits of this appeal either. UTC's argument that this case was terminated prior to the affirmance of the PTAB's

invalidity decision is refuted by the record. As of December 20, 2023, when the Federal Circuit affirmed the PTAB's invalidity decision, this case was still under judicial consideration.

Because UTC has not shown irreparable harm or a likelihood of success on the merits, I DENY UTC's motion for a stay.[2]

IT IS SO ORDERED.

Entered this 17th day of April, 2024

_____
United States District Judge

---

[2] I also doubt that the public interest is served by keeping a drug off the market because of a competitor's invalid patent.